UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALTER BEINECKE, III, EAGLIS ALTERNATIVE INVESTMENTS I, LLC, GEOFFREY T. FREEMAN, GRAHAM GUND, HENRY A. JORDAN, JENNIFER C. McNEIL, J. STUART MOORE, and CARL NOVOTNY, TRUSTEE of the S&H NOMINEE TRUST,<br><br>            Plaintiffs,<br><br>            -against-<br><br>S&H MARKETING, INC. f/k/a S&H GREENPOINTS, INC., and THE SPERRY AND HUTCHINSON COMPANY, INC.,<br><br>            Defendants. | 08 Civ. 2483 (GBD)<br><br>**ELECTRONICALLY FILED** |

**MEMORANDUM OF LAW IN SUPPORT OF S&H MARKETING, INC.
AND THE SPERRY AND HUTCHINSON COMPANY, INC.'S MOTION
TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA**

Ronald R. Sussman
Gregory Plotko
COOLEY GODWARD KRONISH LLP
The Grace Building
1114 Avenue of the Americas
New York, New York 10036-7798
Telephone:  212-479-6063
Facsimile:  212-479-6275
E-mail:  rsussman@cooley.com

*Attorneys for Defendants S&H Marketing, Inc. f/k/a S&H Greenpoints, Inc., and The Sperry and Hutchinson Company, Inc.*

## TABLE OF CONTENTS

                                                                          **Page**

PRELIMINARY STATEMENT ............................................................................................. 1

FACTS ................................................................................................................................... 2

        A.      The S&H and Sperry Guarantees ....................................................... 2

        B.      Solidus's creditors file an involuntary
                chapter 11 bankruptcy petition .......................................................... 4

        C.      Plaintiffs Sue S&H in New York State Court ...................................... 5

        D.      Plaintiffs, Defendants, and other relevant non-parties
                have no meaningful connection to New York. .................................. 6

ARGUMENT .......................................................................................................................... 6

    Point I    This case is directly "related to" the ongoing Solidus
               bankruptcy in the Central District of California. ............................................ 6

    Point II   This lawsuit's proper venue is the
               Central District of California. ....................................................................... 8

        A.      Transfer to the Central District of California will enhance trial
                efficiencies and further the interests of justice because that
                Court is already familiar with the law and facts of this Action. ......... 10

        B.      The Central District of California is the most convenient
                venue because the operative facts, key witnesses, and parties
                are in California, not New York. ....................................................... 12

        C.      Plaintiffs' strategic choice of forum
                is entitled to little weight here ............................................................ 13

CONCLUSION ..................................................................................................................... 15

## TABLE OF AUTHORITIES

**Page**

### CASES

*Abrams v. Gen. Nutrition Cos.*,
No. 06-1820(MLC), 2006 U.S. Dist. LEXIS 68574 (D.N.J. Sept. 25, 2006).................... 9, 11

*Anadigics, Inc. v. Raytheon Co.*,
903 F. Supp. 615 (S.D.N.Y. 1995)........................................................................... 13

*Beinecke v. S&H Marketing, Inc. et al.*,
No. 600503-08 (Sup. Ct. filed Feb. 19, 2008) ........................................................... 2

*Certain Underwriters at Lloyd's, London v. ABB Lummus Global, Inc.*,
03 Civ. 7248(JGK), 2004 WL 224505 (S.D.N.Y. Feb. 5, 2004)............................................ 7

*Dahl v. HEM Pharmaceuticals Corp.*,
867 F. Supp. 194 (S.D.N.Y. 1994)......................................................................... 9, 10

*Enron Corp. v. Arora (In re Enron Corp.)*,
317 B.R. 629 (Bankr. S.D.N.Y. 2004).................................................................. 9, 10

*Gulf States Exploration Co. v. Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.)*, 896 F.2d 1384 (2d Cir. 1990) ............................................................. 9

*Harve Benard Ltd. v. Rothschild*,
No. 02 Civ. 4033(JGK), 2003 U.S. Dist. LEXIS 2421 (S.D.N.Y. Feb. 19, 2003) ........................................................................................................... 11

*In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*,
No. 03 MDL 1529(LMM), 2005 WL 1026559 (S.D.N.Y. May 2, 2005) ............................... 8

*N.Y. City Employees' Retirement Sys. v. Ebbers (In re WorldCom, Inc. Sec. Litig.)*,
293 B.R. 308 (S.D.N.Y. 2003)............................................................................. 7, 8

*M.D. Sass Re/Enter. Partners v. Cargill Fin. Servs. Corp.*,
No. 93 Civ. 7414(TPG), 1994 WL 97335 (S.D.N.Y. Mar. 18, 1994) ............................... 8, 11

*McCrory Corp. v. 99¢ Only Stores (In re McCrory Corp.)*,
160 B.R. 502 (S.D.N.Y. 1993)........................................................................... 10, 13

*Nemsa Establishment, S.A. v. Viral Testing Sys. Corp.*,
No. 95 Civ. 0277(LAP), 1995 WL 489711 (S.D.N.Y. Aug. 15, 1995)................................ 12

*Northwest Airlines, Inc. v. City of Los Angeles (In re Northwest Airlines Corp.)*,
Nos. 05-17930(ALG), 07 Civ. 2677, 2008 WL 515667 (S.D.N.Y. Feb. 27, 2008) ............................................................................................... 9, 10, 12

*Pacor, Inc. v. Higgins*,
743 F.2d 984 (3d Cir. 1984)...................................................................................... 7

*Publicker Indus. Inc. v. United States (In re Cuyahoga Equip. Corp.)*,
980 F.2d 110 (2d Cir. 1992)...................................................................................... 7

**PRELIMINARY STATEMENT**

By filing the action in New York state court, Plaintiffs attempt to circumvent the United States Bankruptcy Court for the Central District of California's (the "Bankruptcy Court") oversight of a related chapter 11 bankruptcy case. Plaintiffs are holders of subordinated notes issued by S&H Marketing, Inc. ("S&H") and The Sperry and Hutchinson Company, Inc. ("Sperry," and together with S&H, "Defendants"). In December 2006, Solidus Networks, Inc. ("Solidus"), now a debtor-in-possession in a chapter 11 bankruptcy case, acquired all of S&H's outstanding stock, which in turn owns all of Sperry's stock. In connection with that acquisition, Solidus paid Plaintiffs $3 million and assumed the obligations owed to Plaintiffs pursuant to the subordinated notes. Since 2005, Solidus financed its operations through a series of senior notes issued pursuant to a Securities Purchase Agreement (the "SPA") that Solidus entered into with certain senior noteholders (the "Senior Creditors"). The SPA required Solidus to obtain the Senior Creditors' consent before acquiring S&H or paying Plaintiffs $3 million. The SPA also required that Solidus's subsidiaries, including Defendants, guarantee Solidus's obligations to those Senior Creditors and secure those guarantees with liens on all of Defendants' assets as well as liens on Solidus's stock in Defendants. As a condition to their consent to the S&H acquisition, the Senior Creditors also insisted that Plaintiffs subordinate the obligations that Solidus and Defendants owed them to the obligations that Solidus and Defendants owed the Senior Creditors. Plaintiffs agreed to that subordination and, accordingly, Defendants guaranteed the obligations to the Senior Creditors with Plaintiffs' knowledge.

Subsequently, Solidus consented to the filing of a chapter 11 bankruptcy proceeding by several of its creditors in the Central District of California. Plaintiffs' effort through this removed action (the "Action") to strike the guarantees without regard to Solidus's bankruptcy proceeding could, among other things, cause Solidus to default on its post-bankruptcy loans

approved by the Bankruptcy Court and would also be a "Termination Event" pursuant to the Bankruptcy Court-approved financing order. Indeed, gutting the orderly administration of Solidus's bankruptcy proceeding and attempting to undermine the Senior Creditors' priority likely explains why Plaintiffs filed the action in New York state court, rather than as an adversary proceeding in the related bankruptcy.[1] Here, the close relationship between Solidus's bankruptcy proceeding and this removed Action, where both Defendants are Solidus subsidiaries, empowers this Court to stop Plaintiffs' attempt to end-run the Bankruptcy Court's authority and militates in favor of transferring the case to the Central District of California. That District Court's automatic reference to the Bankruptcy Court of all bankruptcy matters means that this case will be heard by the Honorable Thomas Donovan, who has presided over Solidus's bankruptcy since October 2007, and is thus well familiar with the facts. That the operative facts, witnesses, and parties have strong connections to California (and few connections to this state) also highlights that this Action has no business being in a New York court.

## FACTS

### A.   The S&H and Sperry Guarantees.

In mid-2006, Solidus and S&H began discussing a merger.[2] To undertake that transaction, Solidus needed its Senior Creditors' approval pursuant to the SPA.[3] To that end, on November 2, 2006, Solidus entered into a consent agreement with its Senior Creditors, under which they approved the Solidus-S&H merger on two conditions: (i) Plaintiffs—and other S&H noteholders—would have to subordinate their notes with Defendants to the Senior Creditors' notes with Solidus; and (ii) Defendants would have to give guarantees of Solidus's obligations to

---

[1]   Plaintiffs originally filed their complaint in New York Supreme Court as *Beinecke v. S&H Marketing, Inc. et al.*, No. 600503-08 (Sup. Ct. filed Feb. 19, 2008).

[2]   Lumsden Decl. ¶ 7, Mar. 13, 2008.

[3]   Sussman Decl. Ex. A (SPA), at § 9.2, Mar. 13, 2008.

the Senior Creditors and secure those guarantees with liens on most of Defendants' assets (the "Solidus-S&H Consent").[4]

In accordance with the Solidus-S&H Consent's requirements, on December 5, 2006, Plaintiffs—together with Defendants' other noteholders—agreed in writing to subordinate their S&H/Sperry notes to Solidus and Defendants' obligations to the Senior Creditors (the "Subordination Agreement"). The Subordination Agreement expressly provides that Plaintiffs' notes will be subordinated to the "Senior Secured Obligations" of the "Companies." The term "Companies" is plural and is expressly defined to include Solidus, S&H, and Sperry. Thus, Plaintiffs expressly agreed to subordinate their S&H/Sperry notes to S&H/Sperry's obligations to the Senior Creditors. Notably, the Subordination Agreement clearly directs Plaintiffs to Section 3 of the Solidus-S&H Consent, which states that, among other things, Solidus "shall cause" S&H to become a "'Guarantor' under the Guarantee dated as of February 28, 2006" for the benefit of Solidus's Senior Creditors.[5] And throughout, the Subordination Agreement provides that Plaintiffs' rights against both Solidus *and* S&H/Sperry are junior to the Senior Creditors' rights against Solidus *and* S&H/Sperry.[6] Moreover, in Section 7(a) of the Subordination Agreement, Plaintiffs agreed not to challenge the validity of any Senior Secured Obligations of Solidus or S&H/Sperry, including S&H and Sperry's guarantees of this senior debt.[7] In short, Plaintiffs agreed not to commence litigation of this sort.

---

[4] Sussman Decl. Ex. B (Solidus-S&H Consent (aka Consent, Waiver and Amendment)), at §§2(a), 3(a)(ii)(A).

[5] Sussman Decl. Ex. C (Subordination Agreement), at 1; *see also* Sussman Decl. Ex. B (Solidus-S&H Consent), at §3(a)(ii)(A).

[6] In addition, in the Subordination Agreement, Plaintiffs agreed that Solidus could incur "Additional Debt" and any obligations of Solidus *and* S&H on that Additional Debt would be senior to the obligations owed by S&H (or Solidus) to Plaintiffs. Sussman Decl. Ex. C (Subordination Agreement), at §11(c).

[7] Sussman Decl. Ex. C (Subordination Agreement), at §7(a).

In December 2006, a subsidiary of Solidus merged into S&H, as a result of which S&H became a direct subsidiary of Solidus, and Sperry became Solidus's second-tier subsidiary.[8] In connection with the merger, Solidus paid Plaintiffs $3 million in cash.[9] As required by the Solidus-S&H Consent, on June 15, 2007, S&H and Sperry jointly and severally guaranteed Solidus's obligations to the Senior Creditors. S&H and Sperry secured that guarantee with liens on most of their assets.[10]

### B. Solidus's creditors file an involuntary chapter 11 bankruptcy petition.

On or about October 31, 2007, some of Solidus's creditors filed an involuntary chapter 11 bankruptcy petition against Solidus in the United States Bankruptcy Court for the Central District of California. On December 14, 2007, Solidus consented to the entry of an order for relief under chapter 11 of the Bankruptcy Code and many of Solidus's subsidiaries filed voluntary chapter 11 bankruptcy petitions.[11] Solidus is presently a chapter 11 debtor-in-possession ("DIP"), with its Senior Creditors actively participating in the bankruptcy case. Plaintiffs are included on Solidus's list of creditors in the bankruptcy.[12]

In December 2007, Solidus arranged for DIP financing with its Senior Creditors. S&H and Sperry, together with Solidus and its other subsidiaries, signed guarantees in support of these critical loans, which allowed Solidus to continue as a going concern.[13] On January 28, 2008, the Honorable Thomas Donovan entered an Order authorizing Solidus to obtain DIP financing, over

---

[8] Lumsden Decl. ¶ 7; *see also* Sussman Decl. Ex. D (S&H Merger Agreement).

[9] Sussman Decl. Ex. D (S&H Merger Agreement), at §1.11.

[10] Sussman Decl. Ex. E (Supplement No. 2), at §1; Lumsden Decl. ¶ 8.

[11] Sussman Decl. Ex. F (Solidus Consent to Chapter 11 Order); *see also*, *e.g.*, Sussman Decl. Ex. G (Subsidiary Petition).

[12] Sussman Decl. Ex. H (List of Solidus bankruptcy creditors).

[13] Sussman Decl. Ex. I (DIP Credit Agreement), at 1, 13, S-1, S-2; Lumsden Decl. ¶ 9.

Plaintiffs' objections.[14] S&H and Sperry guaranteed that DIP financing (and secured the guarantees) with liens on most of their assets.[15] Through the DIP financing, S&H/Sperry received nearly $1 million to fund their operations.[16]

Solidus is now seeking to sell its stock in S&H through a Bankruptcy Court-approved auction, and the Bankruptcy Court has issued an Order governing the procedures for the sale of that stock and the conduct of the auction.[17] On March 5, 2008, Plaintiffs submitted a bid in connection with that auction. That bid was conditioned on the Senior Creditors releasing their guarantees from S&H and Sperry and the liens securing those guarantees.[18]

### C.     Plaintiffs Sue S&H in New York State Court.

Plaintiffs sued S&H and Sperry in New York State Court less than a month after the Bankruptcy Court approved Solidus's DIP financing and only fifteen days before submitting their bankruptcy bid for S&H.[19] Defendants removed Plaintiffs' state court action to this Court on March 11, 2008. The Complaint seeks to abrogate S&H and Sperry's guarantees to Solidus, including their guarantees to support the DIP financing in favor of Solidus's Senior Creditors. Plaintiffs allege that these guarantees were fraudulent transfers under Massachusetts law and seek a declaration voiding them, as well as an accounting.[20]

If Plaintiffs succeed in litigating the Action outside of the Bankruptcy Court's supervision, it could have serious consequences for Solidus's chapter 11 case:

---

[14]  Sussman Decl. Ex. J (Final DIP Order), at 2, 12, ¶ 1; *see also* Sussman Decl. Ex. K (S&H Noteholders' Limited Objections to Final DIP Order).

[15]  Sussman Decl. Ex. I (DIP Credit Agreement), at 1-2; Lumsden Decl. ¶ 9.

[16]  Sussman Decl. Ex. I (DIP Credit Agreement), at App. A (DIP budget); Lumsden Decl. ¶ 9.

[17]  Lumsden Decl. ¶ 11.

[18]  Sussman Decl. Ex. L (Plaintiffs' bid), at 2; Lumsden Decl. ¶ 11.

[19]  Sussman Decl. Exs. M (Complaint), at 1; J (Final DIP Order), at 2; L (Plaintiffs' bid), at 1.

[20]  Sussman Decl. Ex. M (Complaint), at ¶¶18-42.

- Solidus's Senior Creditors may be able to assert their rights under both the DIP loan and Solidus's pre-petition secured debt to foreclose on most of Solidus's (and its subsidiaries') assets;[21] and

- Invalidating the S&H and Sperry guarantees could amount to a "Termination Event" pursuant to Solidus's loan financing agreements and the Bankruptcy Court's Order approving the DIP financing.[22]

As such, this Action is directly related to and will have an impact on the Solidus bankruptcy proceeding.[23]

### D. Plaintiffs, Defendants, and other relevant non-parties have no meaningful connection to New York.

Plaintiffs reside in Massachusetts and Pennsylvania, and they do not allege any presence in New York.[24] S&H and Sperry are headquartered in Delray Beach, Florida. Neither Defendant is incorporated or has its primary place of business in New York.[25] Defendants' parent, Solidus, is incorporated in Delaware, is headquartered in San Francisco, and is currently in chapter 11 bankruptcy in the Central District of California.[26] And all of Solidus's Senior Creditors are deeply involved in Solidus's bankruptcy proceeding in California.[27]

## ARGUMENT

## POINT I

**THIS CASE IS DIRECTLY "RELATED TO" THE ONGOING SOLIDUS BANKRUPTCY IN THE CENTRAL DISTRICT OF CALIFORNIA.**

The Action's close relationship to Solidus's bankruptcy easily satisfies the test for establishing federal court jurisdiction. Section 1334(b) grants district courts original jurisdiction

---

[21] *See* Sussman Decl. Ex. E (Supplement No. 2), at §1; Sussman Decl. Ex. I (DIP Credit Agreement), at 1-2.

[22] Sussman Decl. Ex. J (Final DIP Order), at ¶¶ 3, 17, 18; Lumsden Decl. ¶ 12.

[23] Lumsden Decl. ¶ 12.

[24] Sussman Decl. Ex. N (Mailing Matrix); *see also* Sussman Decl. Exs. M (Complaint), at ¶ 7.

[25] Sussman Decl. Ex. M (Complaint), at ¶¶ 3-4.

[26] Lumsden Decl. ¶¶ 2, 13.

[27] Lumsden Decl. ¶ 13.

over "all civil proceedings arising under title 11, or arising in or *related to* cases under title 11." 28 U.S.C. §1334(b) (emphasis added). The Second Circuit has held that where a lawsuit "might have *any conceivable effect* on the bankrupt estate" it falls under the court's "related to" jurisdiction. *Publicker Indus. Inc. v. United States (In re Cuyahoga Equip. Corp.)*, 980 F.2d 110, 114 (2d Cir. 1992) (quotations omitted) (emphasis added). And the court's "related to" jurisdiction is expansive, encompassing any action where "the outcome could alter the debtor's rights, liabilities, options, or freedom of action . . . and which in any way impacts upon the handling and the administration of the bankrupt estate." *Certain Underwriters at Lloyd's, London v. ABB Lummus Global, Inc.*, 03 Civ. 7248(JGK), 2004 WL 224505, at *4 (S.D.N.Y. Feb. 5, 2004) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)) (internal quotations omitted).

Courts have found "related to" jurisdiction over actions involving the interpretation of agreements that could alter the amount available to the debtor's estate, even where the debtor is not a party to the action. For example, in *WorldCom*, former directors who were defendants in a state court securities fraud action removed to the district court where WorldCom's bankruptcy was pending. *N.Y. City Employees' Retirement Sys. v. Ebbers (In re WorldCom, Inc. Sec. Litig.)*, 293 B.R. 308, 312-13 (S.D.N.Y. 2003). In denying plaintiffs' remand motion, the court held that the state action "related to" WorldCom's bankruptcy because the defendants' indemnification and contribution claims against the estate had "the potential to alter the distribution of assets among the estate's creditors." *Id*. at 321-23. The court held that "the potential alteration of the liabilities of the estate and change in the amount available for distribution to other creditors is sufficient to find that litigation among non-debtors is 'related to' the bankruptcy proceeding." *Id*. at 323. Similarly, in *Adelphia*, the court denied plaintiffs' remand motion because the

defendant former directors were indemnified under the debtor's bylaws. *In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*, No. 03 MDL 1529(LMM), 2005 WL 1026559, at *5 (S.D.N.Y. May 2, 2005).

As in *WorldCom* and *Adelphia*, the Action's outcome could affect the amount available for distribution to Solidus's Senior Creditors. In addition, abrogating or invalidating the guarantees may (i) allow the Senior Creditors to assert their rights under both the DIP loan and Solidus's pre-petition secured debt to foreclose on most of Solidus's (and its subsidiaries') assets that are in bankruptcy;[28] (ii) amount to a "Termination Event" pursuant to Solidus's loan financing agreements and the California Bankruptcy Court's DIP financing Order;[29] and (iii) create uncertainty around Solidus's efforts to auction off its stock in S&H.

In short, the Action's effect on the bankruptcy estate is well beyond "conceivable;" it is virtually certain. Proceeding with this case independently of Solidus's bankruptcy could well disrupt that bankruptcy case. The Action should be decided where its resolution will have the greatest impact, in the court that is best equipped to resolve it in its proper context—the Central District of California.

## POINT II

### THIS LAWSUIT'S PROPER VENUE IS THE CENTRAL DISTRICT OF CALIFORNIA.

Courts routinely hold that, under 28 U.S.C. §1409(a), the most suitable venue for a matter "related to" a bankruptcy case is the district where the bankruptcy is pending. *See*, *e.g.*, *M.D. Sass Re/Enter. Partners v. Cargill Fin. Servs. Corp.*, No. 93 Civ. 7414(TPG), 1994 WL 97335, at *1-2 (S.D.N.Y. Mar. 18, 1994) (concluding that under Section 1409(a) venue for action started

---

[28] *See* Sussman Decl. Ex. E (Supplement No. 2), at §1; Sussman Decl. Ex. I (DIP Credit Agreement), at 1-2.

[29] Lumsden Decl. ¶ 12; Sussman Decl. Ex. J (Final DIP Order), at ¶¶ 3, 17, 18.

in New York should be Northern District of Illinois because action "related to" bankruptcy case in that district); *see also Abrams v. Gen. Nutrition Cos.*, No. 06-1820(MLC), 2006 U.S. Dist. LEXIS 68574, at *30-33 (D.N.J. Sept. 25, 2006) (granting motion to transfer and concluding that venue for New Jersey litigation between non-debtors was proper in Southern District of New York under section 1409(a) because it "related to" bankruptcy case pending there); *Enron Corp. v. Arora (In re Enron Corp.)*, 317 B.R. 629, 637 (Bankr. S.D.N.Y. 2004) ("[28 U.S.C. §1409] governs venue of adversary proceedings . . . related to title 11 cases. Subject to certain exceptions . . . , venue of adversary proceedings is always proper, in the first instance, in the district court where the title 11 case is pending.") (quotations and brackets omitted).[30]

The Second Circuit teaches that in deciding a motion to transfer venue "the district in which the underlying bankruptcy case is pending is presumed to be the appropriate district." *Gulf States Exploration Co. v. Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.)*, 896 F.2d 1384, 1386-88, 1390-91 (2d Cir. 1990) (affirming denial of motion to transfer venue away from bankruptcy case); *see also Dahl v. HEM Pharmaceuticals Corp.*, 867 F. Supp. 194, 196 (S.D.N.Y. 1994) ("Courts have frequently cited the desire to avoid multiplicity of litigation from a single transaction in considering whether an action should be transferred in the interest of justice."). The standard for transfer under both the bankruptcy and non-bankruptcy transfer statutes—28 U.S.C. §§1412 and 1404, respectively—is "the interest of justice or . . . the convenience of the parties." *See*, *e.g.*, *Northwest Airlines, Inc. v. City of Los Angeles (In re Northwest Airlines Corp.)*, Nos. 05-17930(ALG), 07 Civ. 2677, 2008 WL 515667, at *7 n.1 (S.D.N.Y. Feb. 27, 2008) ("Courts have construed the criteria under Sections 1404(a) and 1412 to be substantially similar.") (quotations omitted); *Enron*, 317 B.R. at 637 ("transferability

---

[30] *See also* 1 COLLIER ON BANKRUPTCY ¶ 4.04 (15th ed. rev. 2007) ("The appropriate venue for [civil proceedings related to title 11 cases under section 1334(b)] is determined by 28 U.S.C. §1409.").

pursuant to section 1412 is an either-or test, not a two-fold one") (quotations and brackets omitted).[31]

Courts in this district consider the following eight factors in deciding a motion to transfer venue:

> (1) the place where the operative facts occurred; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the relative ease of access to sources of proof; (5) the availability of process to compel attendance of unwilling witnesses; (6) the plaintiff's choice of forum; (7) a forum's familiarity with the governing law; and (8) trial efficiency and the interests of justice.

*McCrory Corp. v. 99¢ Only Stores*, 160 B.R. 502, 507-08 (S.D.N.Y. 1993) (granting motion to transfer to Central District of California under 1404(a)); *see also Northwest,* 2008 WL 515667, at *8 (citing same factors in different order). Each of these factors strongly favors venue in the Central District of California.

### A. Transfer to the Central District of California will enhance trial efficiencies and further the interests of justice because that Court is already familiar with the law and facts of this Action.

The interests of justice and trial efficiencies (factor 8)—which overlap here with Judge Donovan's six-month familiarity with this case (factor 7)—weigh heavily in favor of transferring the Action. Where, as here, the interests of justice strongly point to a specific venue, that alone can be "decisive" in a motion to transfer, even if the "convenience of the parties and witnesses point in a different direction"—which is not a concern here. *Dahl*, 867 F. Supp. at 196.

---

[31] Section 1404(a) provides, in relevant part: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Similarly, section 1412 indicates: "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. §1412. *See also* Fed. R. Bankr. P. 7087 (indicating that court "may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. §1412, except as provided in Rule 7019(2)"); 1 COLLIER ON BANKRUPTCY ¶ 4.04 (15th ed. rev. 2007) (indicating that section 1412 applies to "changes of venue both of (a) cases under title 11 and (b) civil proceedings arising under title 11, or arising in or related to cases under title 11").

This case is like the recent *Northwest* decision, where Judge Sweet transferred a contract dispute to the Central District of California after finding that this Court had not "previously considered the issues raised by the adversary proceedings" and had no "reason to become familiar with the facts underlying this dispute," whereas the parties' were already embroiled in a complex dispute in California arising from related facts. *Northwest*, 2008 WL 515667, at *8-9. So transferring the matter to California would "not duplicate efforts or costs already expended." *Id*. Similarly, in *Harve Benard Ltd. v. Rothschild*, Judge Koeltl granted a motion to transfer to the district where a non-party's "related" bankruptcy was pending, reasoning that doing so "would promote the interests of justice because the [non-party's] bankruptcy proceeding would likely be affected by the outcome of this action" and putting "all matters before the relevant bankruptcy court" would "further judicial economy and efficient resolution of the case. No. 02 Civ. 4033(JGK), 2003 U.S. Dist. LEXIS 2421, at *3-7, *17-23 (S.D.N.Y. Feb. 19, 2003). Other cases in this district and elsewhere have reached similar outcomes. *See, e.g., M.D. Sass*, 1994 WL 97335, at *1-2 (granting motion to transfer in interest of justice); *Abrams*, 2006 U.S. Dist. LEXIS, at *30-33 (granting motion to transfer because non-debtor litigation's outcome would affect "the amount available for distribution to [the debtor's] creditors" and thus was "related to" debtor's bankruptcy pending in another state).

The reasoning of these cases clearly applies here. The California Bankruptcy Court is best positioned to address Plaintiffs' claims justly and efficiently, and there are no legitimate countervailing reasons to keep this case in New York:

- Plaintiffs, S&H, Sperry, Solidus, and other key non-parties—*i.e.*, Solidus's Senior Creditors—are involved in a related, complex dispute in California concerning an overlapping set of facts.
- This Action's outcome will directly impact Solidus's bankruptcy case.

- 11 -

- Neither this Court nor the Supreme Court of the State of New York has considered the substantive issues in the Action or become familiar with the underlying facts.

Moreover, transfer to the Central District of California will put all matters before the court most familiar with the issues and underlying facts. Judge Donovan is already informed about (i) the basis for Solidus's DIP financing; (ii) the nearly $1 million S&H/Sperry received to support ongoing operations in exchange for DIP financing guarantees; (iii) the importance of S&H and Sperry's guarantees to the continued viability of Solidus's chapter 11 bankruptcy case; (iv) the grounds for Plaintiffs' objections to the DIP financing; and (v) the Subordination Agreement between Plaintiffs and Defendants, among other things.

**B.     The Central District of California is the most convenient venue because the operative facts, key witnesses, and parties are in California, not New York.**

This lawsuit also belongs in California because key witnesses and the parties all have strong connections to that jurisdiction (factors 1-5). In *Northwest*, this Court granted the transfer motion because, among other things, the plaintiff did not identify any material witnesses in New York, most or all of which were outside the state, with many residing in California. *Northwest*, 2008 WL 515667, at *8-9. Likewise, in *Nemsa*, Judge Preska granted a motion to transfer venue to the Southern District of Texas, where a related chapter 11 bankruptcy was pending because, among other things, (i) the plaintiff was not based in New York, so the plaintiff would need to travel even if the matter remained here; (ii) the majority of the operative facts occurred in Texas, including defendants' alleged fraudulent conveyances; and (iii) the "sources of proof" in the litigation—including the debtor's headquarters, most of its officers, and the key documents— were located in that state. *Nemsa Establishment, S.A. v. Viral Testing Sys. Corp.*, No. 95 Civ. 0277(LAP), 1995 WL 489711, *9-12 (S.D.N.Y. Aug. 15, 1995).

As in *Northwest* and *Nemsa*, the practical considerations articulated in the first five *McCrory* factors strongly support transfer:

- Factor 1 (location of operative facts):  Most, if not all, of the relevant events in this Action, including the alleged fraudulent conveyances between California-based Solidus and Florida-based S&H and Sperry, relate to the relevant Solidus financing agreements.[32]

- Factor 2 (convenience of parties):  None of the Defendants is based in New York, and Plaintiffs have not identified any connection to this state.

- Factor 3 (convenience of witnesses):  There appear to be no (or few) relevant witnesses in New York.  In addition, Solidus's Senior Creditors, whose rights are at stake in this litigation, are deeply engaged in the Solidus bankruptcy in California.

- Factors 4 and 5 (ease of access to sources of proof and availability of process to compel attendance):  All of the documents and key witnesses from Solidus are already subject to the California Bankruptcy Court's jurisdiction.

In contrast, notwithstanding Sperry's single office in New York, none of the parties has any significant connection with this state.

### C. Plaintiffs' strategic choice of forum is entitled to little weight here.

This Court should not countenance Plaintiffs' tactical decision to sue S&H and Sperry here and thus end-run around the Bankruptcy Court's jurisdiction (factor 6).  In any event, where, as here, the only apparent connection between the parties and New York is that one of the parties does business in this state, courts assign little importance to the plaintiff's choice of forum.  *See*, *e.g.*, *Anadigics, Inc. v. Raytheon Co.*, 903 F. Supp. 615, 617 (S.D.N.Y. 1995) (granting motion to transfer venue to Massachusetts under 28 U.S.C. §1404(a)).  None of the Plaintiffs here appear to be New York residents, as each has provided the Bankruptcy Court with a Massachusetts or Pennsylvania address.[33]  Nor does the Complaint suggest anything different.  Moreover, Plaintiffs have already participated in the Solidus bankruptcy.  Solidus listed them as

---

[32] *See supra* text accompanying notes 3-4, 8-10, 13.

[33] Sussman Decl. Exs. H, N (Relevant pages from Solidus Bankruptcy creditor list and Mailing Matrix).

- 13 -

creditors; Plaintiffs have filed objections to the Bankruptcy Court's entry of the final DIP Order; and, perhaps most tellingly, Plaintiffs have opted to participate in the Bankruptcy Court's auction of the stock in S&H, conditioned on a resolution (favorable to Plaintiffs) of the issues they attempt to litigate in this Action.[34]

---

[34] Sussman Decl. Ex. J (Final DIP Order), at 2; *see also* Sussman Decl. Exs. H (List of Solidus bankruptcy creditors); K (S&H Noteholders' Limited Objections to Final DIP Order); L (Plaintiffs' bid), at 2.

## CONCLUSION

For the foregoing reasons, S&H and Sperry respectfully request that the Court transfer the Action to the Central District of California, the Action's proper venue under 28 U.S.C. §§1404, 1409, and 1412.

| | |
|---|---|
| Dated: New York, New York<br>March 14, 2008 | COOLEY GODWARD KRONISH LLP<br><br>By:＿＿＿/s/ Ronald R. Sussman＿＿＿＿＿<br>　　　Ronald R. Sussman<br>　　　Gregory Plotko<br>The Grace Building<br>1114 Avenue of the Americas<br>New York, New York 10036-7798<br>Telephone: 212-479-6063<br>Facsimile: 212-479-6275<br>E-mail: rsussman@cooley.com<br><br>*Attorneys for Defendants S&H Marketing, Inc. f/k/a S&H Greenpoints, Inc., and The Sperry and Hutchinson Company, Inc.* |