COOLEY GODWARD KRONISH LLP
Ronald R. Sussman (RS 0641)
Gregory Plotko (GP 9234)
1114 Avenue of the Americas
New York, New York 10036-7798
Telephone:  212-479-6063
Facsimile:  212-479-6275
E-mail:  rsussman@cooley.com

*Attorneys for Defendants S&H Marketing, Inc.*
*f/k/a S&H Greenpoints, Inc., and*
*The Sperry and Hutchinson Company, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WALTER BEINECKE, III, EAGLIS ALTERNATIVE INVESTMENTS I, LLC, GEOFFREY T. FREEMAN, GRAHAM GUND, HENRY A. JORDAN, JENNIFER C. McNEIL,  J. STUART MOORE, and CARL NOVOTNY, TRUSTEE of the S&H NOMINEE TRUST, | 08 Civ. 2483 (GBD)<br><br>**ELECTRONICALLY FILED** |
| Plaintiffs, | |
| -against- | |
| S&H MARKETING, INC. f/k/a S&H GREENPOINTS, INC., and THE SPERRY AND HUTCHINSON COMPANY, INC., | **ANSWER** |
| Defendants. | |

As and for their answer to the complaint (the "Complaint"), filed by plaintiffs Walter

Beinecke, III, Eaglis Alternative Investments I, LLC, Geoffrey T. Freeman, Graham Gund,

Henry A. Jordan, Jennifer C. McNeil, J. Stuart Moore, and Carl Novotny, Trustee of the S&H

Nominee Trust (collectively, the "Plaintiffs"), defendants S&H Marketing, Inc. ("S&H

Marketing") and The Sperry and Hutchinson Company, Inc. ("S&H") (S&H Marketing and

S&H, collectively, the "Defendants"), by and through their undersigned counsel, answer as

follows:

1.      Defendants acknowledge that Plaintiffs purport to bring this action, but deny that there is any basis in law or fact for such claims and otherwise deny the allegations of paragraph 1.

## PARTIES

2.      Defendants admit that notes held by Plaintiffs were issued by Defendants but Defendants lack knowledge or information sufficient to form a belief as to the truth of all remaining allegations of paragraph 2 and therefore deny same.

3.      Defendants admit the allegations of paragraph 3.

4.      Defendants admit the allegations of paragraph 4.

5.      Defendants admit the allegations of paragraph 5.

## JURISDICTION

6.      To the extent the allegations in paragraph 6 constitute conclusions of law, no answer is required.  To the extent the allegations in paragraph 6 constitute allegations of fact, Defendants admit that Defendants or an affiliate maintain an office in Rye Brook, New York but deny all remaining allegations in paragraph 6.

## BACKGROUND FACTS

7.      Defendants admit that on or about February 20, 2001, and June 29, 2001, Defendants signed agreements each titled "Stock and Note Purchase Agreement," and respectfully refer the Court to those agreements for the matters stated therein.  Defendants lack knowledge or information sufficient to form a belief as to the truth of all remaining allegations of

2

paragraph 7 and therefore deny same.

8.      To the extent the allegations in paragraph 8 constitute conclusions of law, no answer is required.  To the extent the allegations in paragraph 8 constitute allegations of fact, Defendants admit that on or about November 3, 2006, S&H Marketing and Solidus Networks, Inc. (collectively, "Solidus") signed an agreement titled "Agreement and Plan of Merger and Reorganization," and respectfully refer the Court to that agreement for the matters stated therein, and that on or about December 5, 2006, Defendants, Solidus and Plaintiffs signed an agreement titled "Note Amendment and Assumption Agreement," and respectfully refer the Court to that agreement for the matters stated therein. Defendants lack knowledge or information sufficient to form a belief as to the truth of all remaining allegations in paragraph 8 and therefore deny same.

9.      To the extent the allegations in paragraph 9 constitute conclusions of law, no answer is required.  To the extent the allegations in paragraph 9 constitute allegations of fact, Defendants admit that on or about December 5, 2006, Defendants, Solidus and Plaintiffs signed an agreement titled "Note Amendment and Assumption Agreement," and respectfully refer the Court to that agreement for the matters stated therein. Defendants deny all remaining allegations in paragraph 9.

10.      To the extent the allegations in paragraph 10 constitute conclusions of law, no answer is required.  To the extent the allegations in paragraph 10 constitute allegations of fact, Defendants admit that Plaintiffs executed and delivered certain documents required to implement the provisions of the Note Amendment and Assumption Agreement but lack knowledge or information sufficient to form a belief as to the truth of all remaining allegations in paragraph 10 and therefore deny same.

11.      To the extent the allegations in paragraph 11 constitute conclusions of law, no

3

answer is required.  To the extent the allegations in paragraph 11 constitute allegations of fact,

Defendants admit that on or about November 2, 2006, Solidus and certain of its subsidiaries

signed an agreement titled "Guarantee," and respectfully refer the Court to that agreement for the

matters stated therein. Defendants lack knowledge or information sufficient to form a belief as to

the truth of all remaining allegations in paragraph 11 and therefore deny same.

12.    To the extent the allegations in paragraph 12 constitute conclusions of law, no

answer is required.  To the extent the allegations in paragraph 12 constitute allegations of fact,

Defendants admit that on or about February 28, 2006, Solidus signed an agreement titled

"Consent, Waiver and Amendment," and respectfully refer the Court to that agreement for the

matters stated therein. Defendants lack knowledge or information sufficient to form a belief as to

the truth of all remaining allegations in paragraph 12 and therefore deny same.

13.    Defendants deny the allegations of paragraph 13.

14.    To the extent the allegations in paragraph 14 constitute conclusions of law, no

answer is required.  To the extent the allegations in paragraph 14 constitute allegations of fact,

Defendants admit that on or about June 15, 2007, Defendants signed an agreement titled

"Supplement No. 2," and respectfully refer the Court to that agreement for the matters stated

therein.  Defendants lack knowledge or information sufficient to form a belief as to the truth of

all remaining allegations in paragraph 14 and therefore deny same.

15.    To the extent the allegations in paragraph 15 constitute conclusions of law, no

answer is required.  To the extent the allegations in paragraph 15 constitute allegations of fact,

Defendants deny any such allegations in paragraph 15.

16.    To the extent the allegations in paragraph 16 constitute conclusions of law, no

answer is required.  To the extent the allegations in paragraph 16 constitute allegations of fact, Defendants admit that Solidus consented to the entry of a Chapter 11 Order for Relief under Section 303(h) of the Bankruptcy Code in the Central District of California on or about December 14, 2007, and that, on or about December 19, 2007, Solidus secured debtor-in-possession financing pursuant to the "Senior Secured Superpriority Debtor In Possession Credit And Guarantee Agreement," and respectfully refer the Court to that agreement for the matters stated therein.  Defendants deny all remaining allegations in paragraph 16.

## ANSWER TO FIRST CAUSE OF ACTION

17.    Defendants repeat and incorporate by reference each answer to the allegations set forth above.

18.    Defendants deny the allegations of paragraph 18.

19.    Defendants deny the allegations of paragraph 19.

20.    Defendants deny the allegations of paragraph 20.

## ANSWER TO SECOND CAUSE OF ACTION

21.    Defendants repeat and incorporate by reference each answer to the allegations set forth above.

22.    Defendants deny the allegations of paragraph 22.

23.    Defendants deny the allegations of paragraph 23.

24.    Defendants deny the allegations of paragraph 24.

25.    Defendants deny the allegations of paragraph 25.

## ANSWER TO THIRD CAUSE OF ACTION

26.    Defendants repeat and incorporate by reference each answer to the allegations set forth above.

27.    Defendants deny the allegations of paragraph 27.

28.    Defendants deny the allegations of paragraph 28.

29.    Defendants deny the allegations of paragraph 29.

## ANSWER TO FOURTH CAUSE OF ACTION

30.    Defendants repeat and incorporate by reference each answer to the allegations set forth above.

31.    Defendants deny the allegations of paragraph 31.

32.    Defendants deny the allegations of paragraph 32.

33.    Defendants deny the allegations of paragraph 33.

## ANSWER TO FIFTH CAUSE OF ACTION

34.    Defendants repeat and incorporate by reference each answer to the allegations set forth above.

35.    Defendants deny the allegations of paragraph 35.

36.    Defendants deny the allegations of paragraph 36.

37.    Defendants deny the allegations of paragraph 37.

38.    Defendants deny the allegations of paragraph 38.

1079750 v2/SF

## ANSWER TO SIXTH CAUSE OF ACTION

39.     Defendants repeat and incorporate by reference each answer to the allegations set forth above.

40.     Defendants deny the allegations of paragraph 40.

41.     Defendants deny the allegations of paragraph 41.

42.     Defendants deny the allegations of paragraph 42.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

43.     Venue of this action is improper.

## SECOND AFFIRMATIVE DEFENSE

44.     The Complaint, and each and every claim alleged therein, fail to state facts sufficient to constitute a cause of action upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

45.     Each and every cause of action in the Complaint is barred by the doctrine of estoppel, including without limitation, judicial estoppel and equitable estoppel.

## FOURTH AFFIRMATIVE DEFENSE

46.     Each and every cause of action in the Complaint is barred by the doctrine of waiver.

1079750 v2/SF

## FIFTH AFFIRMATIVE DEFENSE

47.     Each and every cause of action in the Complaint is barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

48.     Each and every cause of action in the Complaint is barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

49.     Each and every cause of action in the Complaint is barred, in whole or in part, by accord and satisfaction.

## EIGHTH AFFIRMATIVE DEFENSE

50.     Each and every cause of action in the Complaint must be denied for Plaintiffs' failure to plead such causes of action with requisite specificity.

## NINTH AFFIRMATIVE DEFENSE

51.     Each and every cause of action in the Complaint must be denied because the elements of Mass. General Laws c.109A §5 *et seq.* (or any other applicable law) have not been met with respect to all transfers, obligations, or conveyances alleged by the Plaintiffs in their Complaint.

## TENTH AFFIRMATIVE DEFENSE

52.     Each and every cause of action in the Complaint must be denied because the elements of Mass. General Laws c.109A §6 *et seq.* (or any other applicable law) have not been met with respect to all transfers, obligations, or conveyances alleged by the Plaintiffs in their

Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

53.     The execution and delivery of Guarantee Supplement No. 2 and the DIP

Guarantees was made in the ordinary course of Defendants' business or business activities, with

notice to the Plaintiffs.

## TWELFTH AFFIRMATIVE DEFENSE

54.     Plaintiffs received reasonably equivalent value and/or fair consideration in

exchange for the transfers, obligations, or conveyances alleged in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

55.     Plaintiffs' claims asserted pursuant to Mass. General Laws c. 109A§ 5(a)(1) & (2)

and Mass. General Laws c. 109A§6 (or other applicable law) must be denied to the extent that

Defendants were solvent at the time of or immediately after the alleged transfers, obligations, or

conveyances took place, Defendants were adequately capitalized and Defendants did not intend

or know that they would incur debts beyond their ability to pay.

## FOURTEENTH AFFIRMATIVE DEFENSE

56.     Injunction is not warranted by the balance of the hardships.

## FIFTEENTH AFFIRMATIVE DEFENSE

57.     No legal or equitable basis exists to grant Plaintiffs' request for relief in the form

of costs, expenses and attorneys' fees associated with this action.  Accordingly, said request

should be denied.

1079750 v2/SF

## RESERVATION OF CLAIMS AND DEFENSES

58.    Defendants reserve the right to assert any other claims or defenses as may be available, or may become available to it, during the course of these proceedings.

WHEREFORE, Defendants respectfully requests judgment in its favor:

(i)    denying the relief sought by Plaintiffs in the Complaint;

(ii)    dismissing the Complaint with prejudice;

(iii)    entering judgment in favor of Defendants on all issues; and

(iii)    providing such other relief as the Court deems proper.


Dated:  March 17, 2008
        New York, New York

                      COOLEY GODWARD KRONISH LLP

                      By:  /s/ Ronald R. Sussman
                           Ronald R. Sussman (RS 0641)
                           Gregory Plotko  (GP 9234)

                      The Grace Building
                      1114 Avenue of the Americas
                      New York, New York 10036-7798
                      Telephone:  212-479-6063
                      Facsimile:  212-479-6275
                      E-mail:  rsussman@cooley.com

                      *Attorneys for Defendants S&H Marketing, Inc. f/k/a
                      S&H Greenpoints, Inc., and The Sperry and
                      Hutchinson Company, Inc.*

10