**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| WALTER BEINECKE, III, EAGLIS ALTERNATIVE INVESTMENTS I, LLC, GEOFFREY T. FREEMAN, GRAHAM GUND, HENRY A. JORDAN, JENNIFER C. McNEIL, J. STUART MOORE, and CARL NOVOTNY, TRUSTEE of the S&H NOMINEE TRUST,<br><br>Plaintiffs,<br><br>-against-<br><br>S&H MARKETING, INC. f/k/a S&H GREENPOINTS, INC. and THE SPERRY AND HUTCHINSON COMPANY, INC.,<br><br>Defendants. | 08- Civ. 2483 (GBD)<br><br>**ELECTRONICALLY FILED** |

---

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR ABSTENTION AND REMAND

SULLIVAN & WORCESTER LLP
Andrew T. Solomon (AS 9200)
Pamela Smith Holleman (PH 4465)
1290 Avenue of the Americas
New York, NY 10104
Tel. 212-660-3000
Fax 212-660-3001

*-and-*

Laura Steinberg
Lesley M. Varghese
One Post Office Square
Boston, MA 02109
Tel. 617-338-2800
Fax 617-338-2880
*Counsel to Plaintiffs*

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT                                                          2

RELEVANT BACKGROUND FACTS                                                      3

ARGUMENT                                                                       6

I.   Defendants are Estopped from Arguing That New York State Court Is an
     Improper Forum                                                            6

II.  This Case Does Not Meet the Standard for "Related to" Jurisdiction
     under 28 U.S.C. §1334(b)                                                  9

III. 28 U.S.C. §1334(c)(2) Requires Mandatory Abstention and
     Concomitant Remand of This Case to State Court                          10

IV.  Alternatively, the Court Should Permissively Abstain and Remand
     under 28 U.S.C. §1334(c)(1) or Equitably Remand under 28 U.S.C. §1452(b) 14

CONCLUSION                                                                    17

# TABLE OF AUTHORITIES

## UNITED STATES SUPREME COURT

Celotex Corp. v. Edwards, 514 U.S. 300 (1995) ............................................................. 9

## FEDERAL CASES

In re Adelphia Commc'ns Corp. Sec. & Derivative Litigation,
    2005 WL 1026559 (S.D.N.Y. May 2, 2005) ........................................................ 10

In re Amanat, 338 B.R. 574 (Bankr. S.D.N.Y. 2005) .................................................... 11

In re Bennett Funding Group, Inc., 367 B.R. 269 (Bankr. N.D.N.Y. 2007) .................................. 16

Colonial Refrigerated Transport, Inc. v. Mitchell, 403 F.2d 541 (5th Cir. 1968) .......................... 7

Covanta Onondaga Ltd. v. Onondaga County Resource Recovery Agency,
    281 B.R. 809 (N.D.N.Y. 2002) ........................................................... 11, 13, 14

In re Daley, 224 B.R. 307 (Bankr. S.D.N.Y. 1998) ......................................................... 9

Deep v. Boies, 2007 WL 169940 (N.D.N.Y. Jan. 17, 2007) ............................................... 11, 13

Drexel Burnham Lambert Group, Inc. v. Vigilant Insurance Co.,
    130 B.R. 405 (S.D.N.Y. 1991) ............................................................... 15

Fieger v. Pitney Bowes Credit Corp., 251 F.3d 386 (2d Cir. 2001) ....................................... 12

Gassman v. Gassman, Griper & Golodny,
    1997 WL 603439 (S.D.N.Y. Sept. 30, 1997) .................................................. 11

Home Insurance Corp. v. Leprino Foods Co.,
    2002 WL 1315599 (S.D.N.Y. June 14, 2002) ................................................. 14

Linardos v. Fortuna, 157 F.3d 945 (2d Cir. 1998) ......................................................... 9

Luciano v. Maggio, 139 B.R. 572 (E.D.N.Y. 1992) ........................................................ 16

In re Luis Electric Contraction Co., 165 B.R. 358 (E.D.N.Y. 1992) ...................................... 14

Mt. McKinley Insurance Co. v. Corning Inc., 399 F.3d 436 (2d Cir. 2005) ............................... 11, 13

In re NTL, Inc., 295 B.R. 706 (S.D.N.Y. 2003) ........................................................... 15

N.Y. City Employees' Retirement System v. Ebbers (In re WorldCom Sec. Litigation),
    293 B.R. 308 (S.D.N.Y. 2003)................................................................................10

Renaissance Cosmetics, Inc. v. Development Specialists, Inc.,
    277 B.R. 5 (S.D.N.Y. 2002)..................................................................................15

Renaissance Cosmetics, Inc. v. Oleg Cassini, Inc.,
    2000 WL 890191 (S.D.N.Y. Jul. 5, 2001) ...........................................................15

In re S.G. Phillips Constructors, Inc., 45 F.3d 702 (2d Cir. 1995) ...............................13

Von Richthofen v. Family M. Foundation Ltd., 339 B.R. 315 (S.D.N.Y. 2005) ....................11, 13

## STATE CASES

Festinger v. Edrich, 820 N.Y.S.2d 302 (N.Y. App. Div. 2d Dep't 2006) ..........................7

Kalisch-Jarcho, Inc. v. City of New York, 58 N.Y.2d 377 (1983)....................................9

Norman Company v. County of Nassau,
    27 A.D.2d 936, 278 N.Y.S.2d 719 (N.Y. App. Div. 2d Dep't 1967)........................9

Tully & DiNapoli v. State of New York,
    34 A.D.2d 439, 311 N.Y.S.2d 941 (N.Y. App. Div. 3d Dep't 1970)........................9

## FEDERAL STATUTES

28 U.S.C. §1334.................................................................................................2, 11, 15
28 U.S.C. §1334(b) ........................................................................................2, 9, 10, 11
                                                                                                                    13
28 U.S.C. §1334(c) ....................................................................................10, 11, 14, 15
28 U.S.C. §1447...................................................................................................2, 12
28 U.S.C. §1447(c) ...................................................................................................12
28 U.S.C. §1452.........................................................................................................2
28 U.S.C. §1452(b) ........................................................................................11, 14, 15
28 U.S.C. §157(c)(1)................................................................................................16

SULLIVAN & WORCESTER LLP
Andrew T. Solomon (AS 9200)
Pamela Smith Holleman (PH 4465)
1290 Avenue of the Americas
New York, NY 10104
Tel. 212-660-3000
Fax 212-660-3001

-and-

Laura Steinberg
Lesley M. Varghese
One Post Office Square
Boston, MA 02109
Tel. 617-338-2800
Fax 617-338-2880
*Counsel to Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WALTER BEINECKE, III, EAGLIS ALTERNATIVE INVESTMENTS I, LLC, GEOFFREY T. FREEMAN, GRAHAM GUND, HENRY A. JORDAN, JENNIFER C. McNEIL, J. STUART MOORE, and CARL NOVOTNY, TRUSTEE of the S&H NOMINEE TRUST, <br><br> Plaintiffs, <br><br> -against- <br><br> S&H MARKETING, INC. f/k/a S&H GREENPOINTS, INC. and THE SPERRY AND HUTCHINSON COMPANY, INC., <br><br> Defendants. | 08- Civ. 2483 (GBD) <br><br> **ELECTRONICALLY FILED** |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR ABSTENTION AND REMAND

Plaintiffs Walter Beinecke, III, Eaglis Alternative Investments I, LLC, Geoffrey T.

Freeman, Graham Gund, Henry A. Jordan, Jennifer C. McNeil, J. Stuart Moore, and Carl

Novotny, Trustee of the S&H Nominee Trust ("Plaintiffs"), by their attorneys,

Sullivan & Worcester LLP, respectfully submit this memorandum in support of their motion for

remand, or alternatively abstention and subsequent remand, to the Supreme Court of New York

for New York County pursuant to 28 U.S.C. Sections 1334, 1447 and 1452.

## PRELIMINARY STATEMENT

This matter was removed to this Court by defendants S&H Marketing, Inc. ("S&H") and

The Sperry and Hutchinson Company, Inc. ("Sperry," together with S&H, the "Defendants") in a

transparent attempt to delay and frustrate resolution of claims that Defendants' parent had

previously treated in a similarly cavalier fashion.  At a January 17, 2008 hearing before the

Central District of California Bankruptcy Court (the "California Bankruptcy Court"),

Defendants' bankrupt shareholder, Solidus Networks Inc. ("Solidus"), dissuaded the California

Bankruptcy Court from paying any attention to Plaintiffs' underlying claims on the basis that

such purely state law issues should be heard elsewhere.  Plaintiffs thereafter filed this action in

New York state court, consistent with the controlling forum selection clauses in the pertinent

guaranty and intercreditor agreements between the parties.

Solidus is in complete control of Defendants.  Indeed, Defendants' counsel of record

herein is special counsel to Solidus in its bankruptcy proceedings.  Having conveniently evaded

the scrutiny and jurisdiction of the California Bankruptcy Court when it suited Solidus to do so,

Defendants now seek to play judicial ping-pong to have that court adjudicate Plaintiffs' non-core

state law claims.  To that end, Defendants first removed this action and now seek to transfer

venue to the Central District of California.  These forum-shopping tactics by Defendants and

their privy Solidus are in blatant violation of the applicable forum selection clauses.

If, notwithstanding the facts and equities, the Court finds removal proper under 28 U.S.C.

§1334, Plaintiffs respectfully submit that the mandatory abstention doctrine would nonetheless

require remand. Alternatively, the Court should exercise its discretion to permissively abstain from or equitably remand this case to the state court. Defendants have failed to show why this matter would be more efficiently adjudicated in federal court, or how bankruptcy issues could possibly predominate in an action that exclusively involves state law claims between non-debtors.

## RELEVANT BACKGROUND FACTS[1]

Solidus is, directly or indirectly, the sole shareholder of defendant S&H, which, in turn, directly or indirectly owns all of the equity of defendant Sperry. Plaintiffs are creditors of Defendants in the amount of $24 million. In connection with the December 5, 2006 merger of S&H into Solidus, Plaintiffs entered into a Subordination Agreement dated as of December 5, 2006 with both Defendants and Solidus (the "Subordination Agreement").[2] It is this Subordination Agreement which governs Plaintiffs' debtor-creditor relationship with Defendants. The Subordination Agreement specifies that it is to be construed under and governed by New York law. Notably, all parties thereto have unconditionally accepted the jurisdiction and venue of New York federal and state courts.[3]

---

[1] Relevant documents not previously submitted by Defendants accompany the Declaration of Andrew T. Solomon ("Solomon Decl.") filed herewith.

[2] See Declaration of Ronald R. Sussman in support of Defendants' Motion to Transfer Venue to the Central District of California ("Sussman Decl.") Ex. C (Subordination Agreement).

[3] Section 17 of the Subordination Agreement sets forth in pertinent part:

**SECTION 17. GOVERNING LAW; JURISDICTION AND VENUE.**

(a)    THIS AGREEMENT AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES HEREUNDER SHALL BE CONSTRUED IN ACCORDANCE WITH AND BE GOVERNED BY THE LAW OF THE STATE OF NEW YORK. ANY LEGAL ACTION OR PROCEEDING WITH RESPECT TO THIS AGREEMENT MAY BE BROUGHT IN THE COURTS OF THE STATE OF NEW YORK OR OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK, AND, BY EXECUTION AND DELIVERY OF THIS AGREEMENT, **EACH PARTY HERETO HEREBY IRREVOCABLY ACCEPTS FOR ITSELF AND IN RESPECT OF ITS PROPERTY, GENERALLY AND UNCONDITIONALLY, THE JURISDICTION OF THE AFORESAID COURTS** ... .

- 3 -

The transfers at issue here are so-called upstream guarantees that Defendants provided as additional credit support for Solidus's debt to its largest pre-petition lenders (the "Senior Lenders"). Solidus or its Senior Lenders directed Defendants' fraudulent conveyance of at least two such upstream guarantees. Several months prior to the commencement of the Solidus bankruptcy, Defendants furnished the first of those two guarantees by an instrument dated as of June 15, 2007 ("Guaranty Supp. No. 2").[4] Guarantee Supp. No. 2 contains (in Section 5) a New York choice of law provision. Steve Zellinger, Solidus' General Counsel, signed Guarantee Supp. No. 2 in his purported capacity as "Secretary and General Counsel" of Sperry. Upon information and belief, however, in June 2007 Sperry's Secretary and General Counsel was not Mr. Zellinger, but its current Vice President, Secretary and General Counsel Perry Ashley.[5]

On October 31, 2007, Solidus was placed into involuntary bankruptcy in the California Bankruptcy Court. Thereafter, on December 14, 2007, Solidus consented to the bankruptcy filing and subsequently caused the vast majority of its subsidiaries to file bankruptcy petitions, enabling joint administration of their cases.[6] Significantly, Solidus declined to place Defendants in bankruptcy.

---

(b)    **EACH PARTY HERETO HEREBY IRREVOCABLY WAIVES ANY OBJECTION THAT IT MAY NOW OR HEREAFTER HAVE TO THE LAYING OF VENUE** OF ANY OF THE AFORESAID ACTIONS OR PROCEEDINGS ARISING OUT OF OR IN CONNECTION WITH THIS AGREEMENT BROUGHT IN THE COURTS REFERRED TO IN CLAUSE (a) ABOVE **AND HEREBY FURTHER IRREVOCABLY WAIVES AND AGREES NOT TO PLEAD OR CLAIM IN ANY SUCH COURT THAT ANY SUCH ACTION OR PROCEEDING BROUGHT IN ANY SUCH COURT HAS BEEN BROUGHT IN AN INCONVENIENT FORUM.** [Capitalization in original; emphasis added.]

[4] Sussman Decl. Ex. E (Guaranty Supp. No. 2). This document is styled "Supplement No. 2" because it is the second supplemental guarantee under a Solidus Guarantee dated as of February 28, 2006, well before Solidus acquired ownership of Defendants.

[5] On February 20, 2008, service of the Complaint herein was successfully made upon Mr. Ashley in that capacity at Sperry's Rye Brook, NY offices. Solomon Decl. Ex. A (Affidavit of Service).

[6] Solomon Decl. Ex. B (Order for Joint Administration).

In December 2007 and January 2008, Solidus and the Senior Lenders negotiated a $13 million debtor-in-possession loan (the "DIP Loan") to Solidus. It appears that, as a condition of extending the DIP Loan, the Senior Lenders insisted that Solidus cause all of its subsidiaries, including its non-debtor subsidiaries, to guarantee the DIP Loan pursuant to that certain Senior Secured Superpriority Debtor in Possession Credit and Guaranty Agreement dated as of December 19, 2007 (the "DIP Guaranty Agreement").[7] On December 19, 2007, Thomas Lumsden ("Lumsden"), the then acting Chief Restructuring Officer ("CRO") of Solidus, executed the DIP Guaranty Agreement for Solidus and all thirteen of its signatory subsidiaries, including Defendants. In each instance, Lumsden's signature identifies him as "Custodian – CRO". There is no reason to believe that Lumsden had ever been appointed as Custodian or CRO of either Defendant or held any other official position with either of them.[8] Nor is there any reason to believe that Lumsden had any authority to execute guarantees on their behalf.

The DIP Guaranty Agreement contains (in its Section 10.14) a New York choice of law provision and (in its Section 10.15) a forum selection clause identifying New York state court as an agreed venue for any action against any of the guarantors arising out of or relating to either the DIP Guaranty Agreement or any credit documents or obligations of any of the signatories.[9] Section 10.15 contains a waiver of all forum non conveniens objections to a New York court's hearing matters covered by that sweeping forum selection provision.

Early in the bankruptcy proceedings, Plaintiffs objected to, *inter alia,* Defendants' becoming parties to the DIP Guaranty without receipt of fair consideration or reasonably

---

[7] Sussman Decl. Ex. I (DIP Guaranty Agreement).

[8] The Lumsden Declaration filed by Defendants in connection with their Motion to Transfer Venue identifies him (in ¶3) as CRO of Solidus and its debtor subsidiaries. It is entirely silent as to any position with Defendants.

equivalent value. To that end, Plaintiffs filed a Limited Objection in the bankruptcy proceedings.[10] Plaintiffs thereafter presented their objections orally at the January 17, 2008 California Bankruptcy Court hearing to consider the DIP Loan.[11] At that hearing, Solidus and the Senior Lenders strenuously contended that Plaintiffs' claims in respect of Defendants' guarantees were matters of "state law" between "non-debtors" that were not to be adjudicated by the Bankruptcy Court. Solidus went so far as to provide assurances that all non-bankruptcy rights remained "unimpacted" by the DIP Loan and acknowledged that Plaintiffs' claims concerning the validity of the guarantees might yet be adjudicated under state law (implicitly in another forum). The California Bankruptcy Court then approved the DIP Loan on January 28, 2008 without consideration of the validity of Defendants' guarantees.[12]

Plaintiffs filed this action in the Supreme Court of New York for New York County on February 19, 2008. That triggered Defendants' removal and ensuing motion to transfer this matter to the California Bankruptcy Court. Meanwhile, in response to the removal petition, Plaintiffs duly filed a Federal Rule of Bankruptcy Procedure 9027(e)(3) statement that they do not consent to the entry of orders for relief of judgment by a bankruptcy judge.[13]

## ARGUMENT

## I. Defendants Are Estopped from Arguing That New York State Court Is an Improper Forum.

The principle of judicial estoppel, also aptly referred to as the doctrine of inconsistent positions, "precludes a party from taking a position in one legal proceeding which is contrary to

---

[9] Sussman Decl. Ex. I (DIP Guaranty Agreement).

[10] Sussman Decl. Ex. K (Limited Objection of the S&H Noteholders).

[11] Solomon Decl. Ex. C (1/17/08 Hearing Transcript at 98-99; 104-105).

[12] Sussman Decl. Ex. J (DIP Final Order).

[13] Solomon Decl. Ex. D (9027 Statement).

- 6 -

that which he or she took in a prior proceeding, simply because his or her interests have changed". Festinger v. Edrich, 820 N.Y.S.2d 302, 303 (App. Div. 2d Dep't 2006); see also Colonial Refrigerated Transp., Inc. v. Mitchell, 403 F.2d 541, 550 (5th Cir. 1968) ("[J]udicial estoppel may be invoked only by a party to the prior litigation or someone privy to a party.").

At the January 17, 2008 final hearing on the tenability of the DIP Loan, Solidus and the Senior Lenders expressly admonished the California Bankruptcy Court to pass over Plaintiffs' state law claims concerning Defendants and the DIP Guaranty Agreement. The relevant portions of the transcript of this hearing are produced below:

> **Attorney Logan for Senior Lenders**: Finally, S&H, this ought to be fairly brief. I often agree with Mr. Kreller [counsel for Plaintiffs] and on this particular occasion I agree with his most fundamental premise. These are non-debtors. We are not asking your Honor to grant liens to put your imprimatur on guarantees from the S&H entities. **That's a matter of state law.** And, accordingly we don't purport -- we don't have the ability to prime this lien. We're not asking you to prime these liens. We're also not asking you to establish a review process for the validity of our debt vis-à-vis S&H. **That's a matter of state law.** They're not before the Court...But the most important issue is I just fundamentally agree with Mr. Kreller that none of that is really before the Court. If that's improper as a matter of state law, **that's our problem**.

> **Attorney Johnston for Debtors (Solidus)**: I don't have anything else to say with respect to the S&H noteholders. I think Mr. Logan said it correctly, that non-bankruptcy rights are left unimpacted by this order. So that means -- that cuts both ways. The S&H noteholders can rely on those rights, but they also can't seek some additional benefits from this order in the form of marshaling or limiting of guarantees. That's just not an appropriate thing for this order to do one way or another.

Transcript of January 17, 2008 Hearing before Judge Thomas Donovan, Case No. 2:07-BK-20027-TD, at 98-99; 104-105 (emphasis added).[14] Accordingly, the California Bankruptcy Court did not reach state law questions concerning the validity and enforceability of the underlying guarantees.

---

[14] Solomon Decl. Ex. C (1/17/08 Hearing Transcript Excerpts).

Solidus represented Defendants' interests at the California Bankruptcy Court hearing and dissuaded the Bankruptcy Court from reviewing Defendants' fraudulent acts. Tellingly, Defendants are here represented by the same law firm that represented Solidus pre-petition and now serves as special counsel to Solidus in the bankruptcy.[15] This Court is entitled to infer that Solidus is directing the defense of its wholly owned subsidiaries. The Lumsden Declaration confirms as much. Further, Solidus's interests remain aligned with that of Defendants in the bankruptcy proceedings. Hence Solidus can fairly be regarded a privy to Defendants for estoppel purposes.

Having eluded scrutiny at the critical bankruptcy DIP Loan hearing, Defendants now rush to embrace the jurisdiction of the California Bankruptcy Court. At equity, however, Defendants are precluded from contradicting the recent arguments, advanced jointly by their privy and the Senior Lenders, that the California Bankruptcy Court should not even glance at, let alone adjudicate, Plaintiffs' claims. Had Plaintiffs' claims been as "related to" the bankruptcy as Defendants now urge, Solidus and the Senior Lenders could not in good faith have represented to the California Bankruptcy Court that this was a state law issue to be dealt with by a different court. Having deliberately made their state law claim bed, Defendants cannot now choose to sleep elsewhere.

In every one of the applicable documents, Defendants unambiguously gave up any right to challenge venue in a New York court. Given those agreements, if Defendants had chosen a New York forum to litigate these issues, they would surely have argued that Plaintiffs were foreclosed from seeking to move the matter to a locale that would have been more convenient for

---

[15] Solomon Decl. Ex. E (Declaration of Kenneth L. Guernsey in Support of Debtors' Application for Order Authorizing Retention of Cooley Godward Kronish) at 2; Ex. F (Order Approving Employment of Cooley Godward Kronish).

Plaintiffs. Yet, true to form, Defendants see no reason not to pick and choose which provisions of the parties' agreements they will invoke and which they will ignore.[16]

## II. This Case Does Not Meet the Standard for "Related to" Jurisdiction under 28 U.S.C. §1334(b).

The present case, entirely between non-debtor individuals and entities, is insufficiently "related to" Solidus' bankruptcy litigation for the purposes of 28 U.S.C. §1334(b). The burden of proof with regard to federal jurisdiction lies with the party asserting it. Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998). Defendants have failed to meet their burden of proving that this litigation will have sufficient impact on the Solidus bankruptcy to warrant "related to" federal jurisdiction. See In re Daley, 224 B.R. 307, 314 (Bankr. S.D.N.Y. 1998) (as explained by the United States Supreme Court in Celotex Corp. v. Edwards, 514 U.S. 300, 308 (1995), "'[r]elated to' jurisdiction is broad, but not limitless."). Instead of proof, Defendants offer only their counsel's speculation that "to strike the guarantees…could, among other things, cause Solidus to default on its post-bankruptcy loans" and cause a "'Termination Event' pursuant to the Bankruptcy Court-approved financing order."[17]

To be sure, were Plaintiffs to prevail here, Defendants would no longer be able to serve as guarantors of Solidus's financing obligations. Solidus, however, would not be at all constrained in satisfying its own debts as the principal obligor to its creditors. In other words,

---

[16] Defendants would have the Court believe that, based on contractual provisions that they find useful, they have been excused from all liability on account of their guarantees. But New York law does not permit exculpatory clauses to immunize a party from liability from fraud, misrepresentation, or bad faith. See Kalisch-Jarcho, Inc. v. City of New York, 58 N.Y.2d 377, 384-85 (1983) (exculpatory provision is unenforceable if it would shield intentional wrongdoing); Tully & DiNapoli, Inc. v. State of New York, 34 A.D.2d 439, 443, 311 N.Y.S.2d 941, 945 (App. Div. 3d Dep't 1970); Norman Co. v. Nassau Cty., 27 A.D.2d 936, 936-37, 278 N.Y.S.2d 719, 721 (App. Div. 2d Dep't 1967) (applicability of exculpatory provision depends upon the facts).

[17] See Defendants' Memorandum in Support of their Motion to Transfer Venue to the Central District of California ("Defendants' Venue Memo.") at 1-2.

while this lawsuit may affect the interests of the Senior Lenders and a very small portion of the collateral securing the Senior Lenders' loans to Solidus, it does not affect the assets of the Debtor in Possession itself. As such, Defendants have not carried their burden of establishing "related to" jurisdiction.

Moreover, like Defendants, the Senior Lenders have also consented to suits concerning the guarantees being filed in New York courts, notwithstanding any future impact that such an action might have on the DIP Loan.[18] This Court is entitled to take heed of that fact as well, in considering the equities of the requested transfer.

Defendants' reliance on WorldCom and Adelphia to argue that indemnification claims render an action "related to" does not save the day. See In re Adelphia Commc'ns Corp. Sec. & Derivative Litig., No. 03 MDL 1529(LMM), 04 CIV. 4967, 2005 WL 1026559, at *5 (S.D.N.Y. May 2, 2005); N.Y. City Employees' Retirement Sys. v. Ebbers (In re WorldCom Sec. Litig.), 293 B.R. 308, 312-13 (S.D.N.Y. 2003). In both WorldCom and Adelphia, the non-debtor party being sued was indemnified by the debtor-in-possession. This of course directly implicated the assets of the bankrupt party. In contrast, Solidus, the lead debtor in the present bankruptcy proceeding, is the entity being indemnified by Defendants. Not even Defendants are so bold as to allege that Solidus is indemnifying any party to this litigation.[19] It follows that the assets of the bankruptcy estate are not directly implicated by the issues before this Court.

## III.  28 U.S.C. §1334(c)(2) Requires Mandatory Abstention and Concomitant Remand of This Case to State Court.

If this Court were to conclude that it has "related to" jurisdiction pursuant to 28 U.S.C. §1334(b), the doctrine of mandatory abstention would come into play. Under 28 U.S.C.

---

[18] Sussman Decl. Ex. I (DIP Guaranty Agreement) at §10.15.

§1334(c)(2), a court "shall" abstain from hearing a case over which only "related to" jurisdiction exists, if the case can be "timely adjudicated" in State court.  The mandatory abstention dictates of §1334(c)(2) apply equally to actions that have been removed.  Mt. McKinley Ins. Co. v. Corning Inc., 399 F.3d 436 (2d Cir. 2005).

A court is required to abstain under §1334(c)(2) if the party seeking remand demonstrates that: (i) the motion for abstention was timely; (ii) the action is based on a state-law claim; (iii) the action is "related to" a bankruptcy proceeding, as opposed to "arising under" the Bankruptcy Code or "arising in" a bankruptcy proceeding; (iv) §1334 is the sole jurisdictional basis for the suit; (v) the case was commenced in state court; and (vi) the state-court action can be timely adjudicated.  Deep v. Boies, No. 1:05-CV-1187, 2007 WL 169940, at *2 (N.D.N.Y. Jan. 17, 2007) (pursuant to mandatory abstention doctrine, district court abstained from hearing state law claims where federal jurisdiction was based on §1334(b)).  Deep cites Von Richthofen v. Family M. Found. Ltd., 339 B.R. 315, 319 (S.D.N.Y. 2005) (mandatory abstention applied where claim was non-core proceeding involving debtor's attempt to become majority owner of her largest creditor).  In Covanta Onondaga Ltd. v. Onondaga Cty. Resource Recovery Agency, 281 B.R. 809, 816 (N.D.N.Y. 2002), the district court similarly granted a motion to remand and for mandatory abstention as to a breach of contract claim.  See also In re Amanat, 338 B.R. 574, 581 (Bankr. S.D.N.Y. 2005).  As shown below, this case clearly meets all of the requirements for mandatory abstention.

First, a motion to remand under Section 1452(b) is timely "if it is promptly filed or if it does not prejudice the rights of others".  Deep, supra, at 2, citing Gassman v. Gassman, Griper & Golodny, No. 97 CIV. 0093, 1997 WL 603439, at *1 n.5 (S.D.N.Y. Sept. 30, 1997).  A motion to

_____

[19] Defendants' Venue Memo. at 7-8.

- 11 -

remand is obviously timely if filed within the prescribed period (thirty days after the filing of the petition to remove). 28 U.S.C. §1447(c). Plaintiffs' motion has been filed well before then.

Second, this action is based solely on state-law claims of fraudulent transfer. Plaintiffs' rights against Defendants are derived from the Subordination Agreement, which governs the creditor-debtor relationship between the parties. Each of the Subordination Agreement,[20] Guarantee Supp. No. 2,[21] and the DIP Guaranty Agreement[22] contains a choice of law provision providing for New York law to govern all claims under the contract. See Fieger v. Pitney Bowes Credit Corp., 251 F.3d 386, 393 (2d Cir. 2001) ("New York law is clear in cases involving a contract with an express choice-of-law provision: Absent fraud or a violation of public policy [as relates to the choice of law provision itself], a court is to apply the law selected in the contract as long as the state selected has sufficient contacts with the transaction. [Citations omitted.]").

Given that Sperry has a New York office in which its General Counsel, Secretary, and Vice President is resident and that Plaintiffs have alleged no fraud in the inducement or execution of the choice of law provision of any of these documents, the New York choice of law provisions of these contracts are controlling. This conclusion substantiates Plaintiffs' argument

---

[20] See note 3.

[21] Section 5 of Guaranty Supp. No. 2 sets forth in pertinent part:

Section 5. ALL QUESTIONS CONCERNING THE CONSTRUCTION, INTERPRETATION AND VALIDITY OF THIS SUPPLEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE DOMESTIC LAWS OF THE STATE OF NEW YORK WITHOUT GIVING EFFECT TO ANY CHOICE OR CONFLICT OF LAW PROVISION OR RULE (WHETHER OF THE STATE OF NEW YORK OR ANY OTHER JURISDICTION) THAT WOULD CAUSE THE APPLICATION OF THE LAWS OF ANY JURISDICTION OTHER THAN THE STATE OF NEW YORK.

[22] Section 10.14 of the DIP Guaranty Agreement sets forth in pertinent part:

10.14 APPLICABLE LAW. THIS AGREEMENT AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES HEREUNDER SHALL BE GOVERNED BY, AND SHALL BE CONSTRUED AND ENFORCED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK.

for remand.[23]  As Solidus unequivocally stated in the bankruptcy proceeding, questions

regarding the validity of the guarantees are "a matter of state law.  They're not before the

[Bankruptcy] court."[24]  Therefore, equity and judicial efficiency require remand of this case to

the New York state court.

Third, this action is at most merely "related to" a bankruptcy proceeding but does not

"arise under" the Bankruptcy Code or "arise in" a bankruptcy proceeding.  That is, the action is

not a "core proceeding".[25]  Defendants' stated basis for jurisdiction under §1334(b) is that

Plaintiffs' claims are "related to" the Solidus bankruptcy.[26]  Defendants do not allege that

Plaintiffs' claims in any way "arise under" the Bankruptcy Code or "arise in" the Solidus

bankruptcy proceeding.  Rather, Defendants specifically allege that this case is a "non-core

proceeding."[27]  The Second Circuit has consistently held that, if an action is non-core, the

removal court should abstain unless the case cannot be timely adjudicated in state court.  See

Covanta Onondaga Ltd., supra, at 816; see also Von Richthofen, supra, at 320 (citing Mt.

McKinley Ins. Co., 399 F.3d at 447, and In re S.G. Phillips Constructors, Inc., 45 F.3d 702, 708

(2d Cir. 1995)).  Defendants have neither alleged nor shown that the New York Supreme Court

cannot timely adjudicate this case.  The Court cannot simply assume what has neither been

pleaded nor proven.

---

[23] Even if Massachusetts (rather than New York) law is ultimately determined to apply to Plaintiffs'
claims, the Massachusetts fraudulent transfer statute is substantially similar to the New York statute.  Compare
Mass. General Laws c.109A, §§ 5(a)(1), 5(a)(2), with 6 N.Y. Debtor & Creditor Law §282 et. seq.  Under no
circumstances are Plaintiffs' claims governed by California law or bankruptcy law.

[24] Solomon Decl. Ex. C (1/17/08 Hearing Transcript Extracts) at 98.

[25] Deep, supra, at *2  ("[T]he action must be 'related to' a bankruptcy proceeding, but it cannot be a 'core
proceeding.'  Core proceedings 'arise under' the Bankruptcy Code or 'arise in' a bankruptcy case.");  Von
Richthofen, supra, at 319 ("[A]bstention is only mandated with respect to non-core proceedings.")

[26] Notice of Removal at ¶8.

[27] Notice of Removal at ¶16.

Fourth, Defendants have not alleged any basis for federal jurisdiction other than §1334(b).[28] Fifth, this action was commenced in state court, namely, in the Supreme Court of New York for New York County and, sixth, Defendants have proffered no rationale for believing that the claim could not be timely adjudicated in that state forum.

In sum, because all of the mandatory abstention factors favor Plaintiffs' venue selection, the Court must abstain and remand the action to the New York Supreme Court for New York County, the state court in which it was filed. See Covanta, supra, at 816 (holding that upon mandatory abstention of a removed case, court should then remand to state court for "timely adjudication").

## IV. Alternatively, the Court Should Permissively Abstain and Remand under 28 U.S.C. §1334(c)(1) or Equitably Remand under 28 U.S.C. §1452(b).

"In the Second Circuit, removal statutes are to be "'strictly construed against removal and all doubts should be resolved in favor of remand.'" Home Ins. Corp. v. Leprino Foods Co., No. 02 CIV. 1044, 2002 WL 1315599, at *1 (S.D.N.Y. Jun. 14, 2002). Even if mandatory abstention is determined to be inapplicable, the Court must then engage in an equitable analysis. In re Luis Elec. Contracting Co., 165 B.R. 358, 366 (Bankr. E.D.N.Y. 1992).

Section 1334(c)(1) gives a district court "broad power to abstain," allowing for permissive or discretionary abstention from cases "arising under", "arising in", or "related to" a case under Title 11 "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. §1334(c)(1). Factors commonly considered by courts in deciding discretionary abstention issues under §1334(c)(1) include: (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention; (2) the extent to

---

[28] See Notice of Removal.

which state law issues predominate over bankruptcy issues; (3) the difficult or unsettled nature of applicable state law; (4) the presence of a related proceeding commenced in state court or another non-bankruptcy court; (5) the jurisdictional basis, if any, other than §1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the court's docket; (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties.  In re NTL, Inc., 295 B.R. 706, 717 (Bankr. S.D.N.Y. 2003).

As an alternative to permissive abstention, 28 U.S.C. §1452(b) permits equitable remand of actions that have been removed pursuant to §1334.  The exercise of the Court's equitable remand powers may be based "on any equitable ground."  28 U.S.C. § 1452(b).  This phrase has been interpreted to mean "any ground 'that is fair and reasonable.'"  Renaissance Cosmetics, Inc. v. Oleg Cassini, Inc., No. 99 CIV. 11248, 2000 WL 890191, at *2 (S.D.N.Y. Jul. 5, 2001) (citations omitted).  The factors that courts consider in analyzing permissive abstention under §1334(c)(1) and equitable remand under §1452(b) are "virtually the same".  Renaissance Cosmetics, Inc. v. Dev. Specialists, Inc., 277 B.R. 5, 18 (S.D.N.Y. 2002).[29]  Weighing the factors

---

[29] The substantially similar factors used by courts in ruling on motions to remand under §1452(b) include: (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants.  Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co., 130 B.R. 405, 407 (S.D.N.Y. 1991) (internal citations omitted).

to be considered under both sections and based on general principles of equity, the Court should here exercise its permissive abstention and equitable remand powers.

None of the parties to the present litigation is a debtor; Plaintiffs' claims do not target any of the debtors in the Solidus bankruptcy; this is not a core proceeding; and only non-bankruptcy rights are implicated in this action. In addition, Plaintiffs have filed their Statement Pursuant to Federal Rule of Bankruptcy Procedure 9027(e)(3) stating that they do not consent to the entry of orders for relief of judgment by a bankruptcy judge.[30] That means that, if this action were to be referred to a bankruptcy court, that reference would ultimately have to be withdrawn.[31] To cause this case to be referred (albeit in stages) to a bankruptcy forum would unnecessarily complicate both its adjudication and the efficient administration of the bankruptcy estate.

Defendants are well aware that the California Bankruptcy Court remains burdened with the Solidus bankruptcy, which involves multiple subsidiaries and countless creditors. Moreover, the California Bankruptcy Court has only recently refrained from adjudicating Plaintiffs' claims at the behest of Defendants' privy. Defendants can not make a showing of any efficacy to be gained by their forum shopping strategy. Equally importantly, all parties have consented to New York choice of law and a New York forum to host disputes regarding the relevant agreements.

Most fundamentally, there is no question that Solidus and the Senior Lenders intended, when it was convenient for them to adopt that stance, for these state law claims to be separated from those adjudicated in the bankruptcy forum. They argued forcefully for that outcome in

---

[30] Solomon Decl. Ex. D (9027 Statement).

[31] Where party does not consent to bankruptcy court jurisdiction, bankruptcy courts must submit proposed findings and conclusions regarding non-core claims to a district court for entry of final order. 28 U.S.C. §157(c)(1). See also In re Bennett Funding Group, Inc., 367 B.R. 269 (Bankr. N.D.N.Y. 2007) (court made only proposed findings of facts and conclusions of law with regard to non-core matter); Luciano v. Maggio, 139 B.R. 572, 577 (E.D.N.Y. 1992) (district court found that transferring non-core claim to bankruptcy court would "be far afield from

open court.  Yet, now that Solidus has its DIP Loan safely in hand, suddenly the California

Bankruptcy Court has become the only appropriate forum for adjudication of this dispute.  On

the opposite coast, Defendants now feel free to argue that Plaintiffs' claims are inextricably

"related to" the bankruptcy and the DIP Loan.  Defendants cannot so readily shuck off the

consequences of the fact that, a mere two months ago, Solidus specifically asked the Bankruptcy

Court to refrain from reviewing Plaintiffs' state law claims in connection with the DIP Loan.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court to determine that

mandatory or permissive abstention is here appropriate, to remand this case to the Supreme

Court of New York for New York County, to deny as moot Defendants' related Motion to

Transfer Venue to the Central District of California, and to grant such other and further relief as

is just and equitable.

Dated: New York, New York              SULLIVAN & WORCESTER LLP
      March 28, 2007


                                  By: /s/_____
                                        Andrew T. Solomon (AS 9200)
                                        1290 Avenue of the Americas, 29th Floor
                                        New York, NY 10104
                                        (212) 660-3000

                                        *Attorneys for Plaintiffs*

*Of counsel*:

Laura Steinberg
Pamela S. Holleman
Lesley M. Varghese
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA  02109
(617) 338-2800

_____

the notion of judicial economy--particularly where bankruptcy court would have to submit its findings of fact and conclusions of law to [the district court] for a subsequent *de novo* review.")