SULLIVAN & WORCESTER LLP
Andrew T. Solomon (AS 9200)
Pamela Smith Holleman (PH 4465)
1290 Avenue of the Americas
New York, NY 10104
Tel. 212-660-3000
Fax 212-660-3001

*-and-*

Laura Steinberg
Lesley M. Varghese
One Post Office Square
Boston, MA 02109
Tel. 617-338-2800
Fax 617-338-2880

*Counsel to Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WALTER BEINECKE, III, EAGLIS ALTERNATIVE INVESTMENTS I, LLC, GEOFFREY T. FREEMAN, GRAHAM GUND, HENRY A. JORDAN, JENNIFER C. McNEIL, J. STUART MOORE, and CARL NOVOTNY, TRUSTEE of the S&H NOMINEE TRUST, <br><br> Plaintiffs, <br><br> -against- <br><br> S&H MARKETING, INC. f/k/a S&H GREENPOINTS, INC., and THE SPERRY AND HUTCHINSON COMPANY, INC., <br><br> Defendants. | 08- Civ. 2483 (GBD) <br><br> **ELECTRONICALLY FILED** <br><br> **DECLARATION OF ANDREW T. SOLOMON IN SUPPORT OF PLAINTIFFS' MOTION FOR ABSTENTION AND REMAND** |

I, Andrew T. Solomon, Esq., hereby declare and state as follows:

1.    I am a partner with the law firm of Sullivan & Worcester LLP, attorneys for

Plaintiffs Walter Beinecke, III, Eaglis Alternative Investments I, LLC, Geoffrey T. Freeman,

Graham Gund, Henry A. Jordan, Jennifer C. McNeil, J. Stuart Moore, and Carl Novotny, Trustee

of the S&H Nominee Trust.  I submit this Declaration in support of Plaintiffs' Motion for

Abstention and Remand.  All of the facts set forth herein are known to me personally or upon

information and belief.

 2. Attached hereto as <u>Exhibit A</u> is a true and accurate copy of the Affidavit of

Service of the Complaint upon Perry Ashley, General Counsel of Defendant The Sperry and

Hutchinson Company, Inc. ("Sperry"), dated February 20, 2008, and served at Sperry's offices

located at 211 South Ridge Street, Rye Brook, New York 10573.

 3. Attached hereto as <u>Exhibit B</u> is a true and accurate copy of the Order Directing

Joint Administration of Debtors' Cases and Estates Pursuant to Bankruptcy Rule 1015(b), dated

December 17, 2007.

 4. Attached hereto as <u>Exhibit C</u> is a true and accurate copy of an excerpt of the

Transcript of January 17, 2008 Hearing before Judge Thomas Donovan, Case No. 2:07-bk-

20027-TD at 98-99, 104-105.

 4. Attached hereto as <u>Exhibit D</u> is a true and accurate copy of Plaintiffs' Statement

Pursuant to Federal Bankruptcy Rule 9027(e)(3), dated March 21, 2008.

 5. Attached hereto as <u>Exhibit E</u> is a true and accurate copy of the Declaration of

Kenneth L. Guernsey in Support of Debtors' Application for Order Authorizing Retention of

Cooley Godward Kronish LLP, as Special Counsel for the Debtors and Debtors in Possession,

dated January 7, 2008.

 6. Attached hereto as <u>Exhibit F</u> is a true and accurate copy of the Order Authorizing

Retention of Cooley Godward Kronish LLP, as Special Counsel for the Debtors and Debtors-in-

Possession, dated January 31, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: March 28, 2008

Respectfully Submitted,

By: /s/ Andrew T. Solomon
    Andrew T. Solomon, Esq.

# EXHIBIT A

# AFFIDAVIT OF SERVICE

State of New York                    County of New York                    Supreme Court

Index Number: 600503-08
Date Filed: 2/19/2008

Plaintiff:
**Walter Beinecke, III, Eaglis Alternative Investements I, LLC, Geoffrey T. Freeman, Graham Gund, Henry A Jordan, Jennifer c. McNeil, J. Stuart Moore, and Carl Novotny, Trustee of the S&H Nominee Trust**

vs.

Defendant:
**S&H Marketing, Inc. f/k/a S&H Greenpoints, Inc. and The sperry and Hutchinson Company, Inc.**

Received these papers to be served on **The Sperry And Hutchinson Co. Inc. Perry Ashley (sec'y & Gen Counsel), 211 South Ridge Street, Rye Brook, NY 10573.**

I, Gina Perriello, being duly sworn, depose and say that on the **20th day of February, 2008 at 4:20 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons and Complaint with Exhibits** upon **Perry Ashley as Secretary & General Counsel** for The Sperry And Hutchinson Co. Inc., at the address of **211 South Ridge Street, Rye Brook, NY 10573,** said individual stated that she/he was authorized to accept legal process.

Said documents were conformed with index number and date of filing endorsed thereon.

**Description** of Person Served:  Age: 55,  Sex: M,  Race/Skin Color: White,  Height: 5'7",  Weight: 165,  Hair: Black/Balding,  Glasses: N

State of New York, County of Westchester, ss: I certify that the above information is accurate and true.  I am not a party to the action, am over the age of 18 and reside in the State of New York.

_____
Gina Perriello

Sworn to before me on the 21st day of February, 2008

_____
NOTARY PUBLIC

ELLEN EAKLEY
Notary Public, State of New York
No. 01EA5085889
Qualified in Westchester County
Commission Expires Sept. 29, 2009

Our Job Serial Number: 2008001636

Service Fee: _____

Copyright © 1992-2006 Database Services, Inc. - Process Server's Toolbox V6.2c

# EXHIBIT B

ORIGINAL

1  HENNIGAN, BENNETT & DORMAN LLP
   BRUCE BENNETT (Cal. Bar No. 105430)
2  JAMES O. JOHNSTON (Cal. Bar No. 167330)
   LANCE MILLER (Cal. Bar No. 241905)
3  865 South Figueroa Street, Suite 2900
   Los Angeles, California 90017
4  Telephone: (213) 694-1200
   Fax: (213) 694-1234
5
   *Proposed Reorganization Counsel for*
6  *Debtors and Debtors in Possession*

7

FILED

DEC 17 2007

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY        Deputy Clerk

ENTERED

DEC 17 2007

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY        Deputy Clerk

8           UNITED STATES BANKRUPTCY COURT

9           CENTRAL DISTRICT OF CALIFORNIA

10                LOS ANGELES DIVISION

11 | *In re*                              | Case No. 2:07-20027-TD

12 | SOLIDUS NETWORKS, INC., d/b/a       | CHAPTER 11
   | PAY BY TOUCH, a/f/k/a PAY BY
13 | TOUCH SOLUTIONS, a Delaware          | [PROPOSED] ORDER DIRECTING JOINT
   | Corporation, et al.                  | ADMINISTRATION OF DEBTORS' CASES AND
14 |                                      | ESTATES PURSUANT TO BANKRUPTCY
   |         *Debtor.*                    | RULE 1015(b)
15

16 | *In re*                              | Case No. 1:07-21779-TD

17 | PAY BY TOUCH PAYMENT                 | CHAPTER 11
   | SOLUTIONS, L.L.C., a/f/k/a IPS
18 | SOLUTIONS, L.L.C., a/f/k/a IPAY,
   | a/f/k/a EPX, a/f/k/a PAYMENT
19 | ACQUISITION CORPORATION,
   | a/f/k/a INTERCEPT PAYMENT
20 | SOLUTIONS, L.L.C., a/f/k/a SPS
   | PAYMENTS, INC., a/f/k/a PAY BY
21 | TOUCH SOLUTIONS MERCHANT
   | SERVICES, a Delaware Corporation,
22 |
   |         *Debtor.*
23 | *In re*                              | Case No. 1:07-21778-TD

24 | PAY BY TOUCH PROCESSING, INC.        | CHAPTER 11
   | a/f/k/a CSSI ACQUISITION, a
25 | Delaware Corporation,
26 |
   |         *Debtor.*
27

28

1

647260.01

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

| | |
|---|---|
| *In re* | Case No. 1:07-21775-TD |
| PAY BY TOUCH CHECK CASHING, INC., a Delaware Corporation, | CHAPTER 11 |
| *Debtor.* | |

| | |
|---|---|
| *In re* | Case No. 1:07-21768-TD |
| CHECK ELECT, INC., a Wisconsin Corporation, | CHAPTER 11 |
| *Debtor.* | |

| | |
|---|---|
| *In re* | Case No. 1:07-21777-TD |
| SEVEN ACQUISITION SUB, L.L.C., a/f/k/a SEVEN STREET SOFTWARE, a Delaware Corporation, | CHAPTER 11 |
| *Debtor.* | |

| | |
|---|---|
| *In re* | Case No. 1:07-21773-TD |
| PAY BY TOUCH CHECKING RESOURCES, INC., a Delaware Corporation, | CHAPTER 11 |
| *Debtor.* | |

| | |
|---|---|
| *In re* | Case No. 1:07-21772-TD |
| INDIVOS CORPORATION, a/f/k/a SMART TOUCH, INC., a/f/k/a VERISTAR CORPORATION, a/f/k/a INDIVOS ACQUISITION CORPORATION, a Delaware Corporation, | CHAPTER 11 |
| *Debtor.* | |

| | |
|---|---|
| *In re* | Case No. 1:07-21780-TD |
| CARDSYSTEMS PAYMENT SOLUTIONS, L.L.C., a Delaware Corporation, | CHAPTER 11 |
| *Debtor.* | |

2

647260.01

1     *In re*                     )    Case No. 1:07-21782-TD

2     MAVERICK INTERNATIONAL     )    CHAPTER 11

      SERVICES, INC., an Arizona       )

3     Corporation,               )

                                     )

4              *Debtor.*          )

                                       )

5     *In re*                     )    Case No. 1:07-21783-TD

6     ATMD ACQUISITION         )    CHAPTER 11

      CORPORATION, a/f/k/a ATMD     )

7     DIRECT, a/f/k/a ATM ONLINE, INC.,    )

      a Delaware Corporation,        )

8                                  )

              Debtor.          )

9                                  )

10

11        This matter coming before the Court on the "*Ex Parte* Motion For Order Directing Joint

12 Administration Of Debtors' Cases And Estates Pursuant To Bankruptcy Rule 1015(b)" (the

13 "Motion") filed by Solidus Networks, Inc., d/b/a Pay By Touch, a/k/a Pay By Touch Solutions,

14 a/f/k/a BioPay, Pay By Touch Payment Solutions, LLC, a/f/k/a EPX, a/f/k/a Payment Acquisition

15 Corporation, a/f/k/a InterCept Payment Solutions, LLC, a/f/k/a SPS Payments, LLC, a/f/k/a IPS

16 Solutions, LLC, a/f/k/a iPay, a/f/k/a Pay By Touch Solidus Merchant Services, Pay By Touch

17 Processing, Inc., a/f/k/a CSSI Acquisition Corporation, a/f/k/a CardSystems Solutions, Inc., Pay By

18 Touch Check Cashing, Inc., Check Elect, Inc., Seven Acquisition Sub, LLC, a/f/k/a Seven Street

19 Software, Pay by Touch Checking Resources, Inc., Indivos Corporation, a/f/k/a Smart Touch, Inc.,

20 a/f./k/a Veristar Corporation, a/f/k/a Indivos Acquisition Corporation, Card Systems Payment

21 Solutions, LLC, Maverick International Services, Inc., and ATMD Acquisition Corporation, a/f/k/a

22 ATMD Direct, a/f/k/a/ ATM Online, Inc., the debtors and debtors in possession herein (collectively,

23 the "Debtors"); the Court having reviewed the Motion, the record in these cases and the Lumsden

24 Declaration (as that term is defined in the Motion), the Court hereby finds that (a) joint

25 administration of the Debtors' cases and estates pursuant to Rule 1015(b) of the Federal Rules of

26 Bankruptcy Procedure (the "Bankruptcy Rules"), as requested by the Debtors in the Motion, is in the

27 best interests of the Debtors and the Debtors' estates and, among other things, will promote the

28 interests and convenience of all parties and reduce the costs and expedite the administration of the

647260.01

1  Debtors' chapter 11 cases; (b) good cause appears for the relief requested in the Motion; and

2  (c) notice of the Motion was reasonable and appropriate under the circumstances.

3  **NOW, THEREFORE, IT HEREBY IS ORDERED THAT**:

4  1.    The Motion is GRANTED.

5  2.    The above-captioned chapter 11 cases and bankruptcy estates hereafter shall be

6  jointly administered pursuant to Bankruptcy Rule 1015(b).

7  3.    The Clerk of Court shall maintain a single docket for the Debtors' jointly-

8  administered chapter 11 cases under the case number assigned to Debtor Solidus Networks, Inc.,

9  d/b/a Pay By Touch, a/f/k/a Pay By Touch Solutions with a docket entry reflecting this Order to be

10  entered on the docket for each of the above-captioned cases.

11  4.    The caption for any pleading or paper filed with the Court with respect to any of the

12  above-captioned cases shall conform substantially to the form of caption attached hereto as

13  Exhibit 1.

14  5.    Nothing in this Order shall be deemed to be a substantive consolidation of the

15  Debtors' cases and estates, and all parties in interest reserve their rights to request or oppose such

16  substantive consolidation.

17

18  DATED: December 17, 2007

19

20

21                              _____

22                              HONORABLE THOMAS B. DONOVAN
                                UNITED STATES BANKRUPTCY JUDGE

23

24

25

26

27

28

4

647260.01

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| *In re* | Case No. 2:07-20027-TD |
| SOLIDUS NETWORKS, INC., d/b/a PAY BY TOUCH, a/f/k/a PAY BY TOUCH SOLUTIONS, a Delaware Corporation, et al., | CHAPTER 11 |
| | (Jointly Administered) |
| *Debtors.*[1] | |

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

[1] The Debtors include the following entities: Solidus Networks, Inc., d/b/a Pay By Touch, a/k/a Pay By Touch Solutions, a/f/k/a BioPay, Pay By Touch Payment Solutions, LLC, a/f/k/a EPX, a/f/k/a Payment Acquisition Corporation, a/f/k/a InterCept Payment Solutions, LLC, a/f/k/a SPS Payments, LLC, a/f/k/a IPS Solutions, LLC, a/f/k/a iPay, a/f/k/a Pay By Touch Solidus Merchant Services, Pay By Touch Processing, Inc., a/f/k/a CSSI Acquisition Corporation, a/f/k/a Card Systems Solutions, Inc., Pay By Touch Check Cashing, Inc., Check Elect, Inc., Seven Acquisition Sub, LLC, a/f/k/a Seven Street Software, Pay by Touch Checking Resources, Inc., Indivos Corporation, a/f/k/a Smart Touch, Inc., a/f./k/a Veristar Corporation, a/f/k/a Indivos Acquisition Corporation, CardSystems Payment Solutions, LLC, Maverick International Services, Inc., and ATMD Acquisition Corporation, a/f/k/a ATMD Direct, a/f/k/a ATM Online, Inc.

1

647260.01

**NOTE TO USERS OF THIS FORM:**
*Physically attach this form as the last page of the proposed Order or Judgment.*
*Do not file this form as a separate document.*

| In re          SOLIDUS NETWORKS, INC., d/b/a<br>PAY BY TOUCH, a/f/k/a PAY BY<br>TOUCH SOLUTIONS, et al.1 | CHAPTER 11 |
|---|---|
| Debtors. | CASE NUMBER 1:07-20027 |

# NOTICE OF ENTRY OF JUDGMENT OR ORDER
## AND CERTIFICATE OF MAILING

TO ALL PARTIES IN INTEREST ON THE ATTACHED SERVICE LIST:

1.      You are hereby notified, pursuant to Local Bankruptcy Rule 9021-1(1)(E), that a judgment or order entitled *(specify)*:

ORDER DIRECTING JOINT ADMINISTRATION OF DEBTORS' CASES AND ESTATES PURSUANT TO BANKRUPTCY RULE 1015(b)

was entered on *(specify date)*:  12/17/07

2.      I hereby certify that I mailed a copy of this notice and a true copy of the order or judgment to the persons and entities on the attached service list on (specify date):  12/17/07

Dated:  12/17/07

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By:  _____
**Deputy Clerk**

---

1    The Debtors include the following entities: Solidus Networks, Inc., d/b/a Pay By Touch, a/k/a Pay By Touch Solutions, a/f/k/a BioPay, Pay By Touch Payment Solutions, LLC, a/f/k/a EPX, a/f/k/a Payment Acquisition Corporation, a/f/k/a InterCept Payment Solutions, LLC, a/f/k/a SPS Payments, LLC, a/f/k/a IPS Solutions, LLC, a/f/k/a iPay, a/f/k/a Pay By Touch Solidus Merchant Services, Pay By Touch Processing, Inc., a/f/k/a CSSI Acquisition Corporation, a/f/k/a Card Systems Solutions, Inc., Pay By Touch Check Cashing, Inc., Check Elect, Inc., Seven Acquisition Sub, LLC, a/f/k/a Seven Street Software, Pay by Touch Checking Resources, Inc., Indivos Corporation, a/f/k/a Smart Touch, Inc., a/f./k/a Veristar Corporation, a/f/k/a Indivos Acquisition Corporation, CardSystems Payment Solutions, LLC, Maverick International Services, Inc., and ATMD Acquisition Corporation, a/f/k/a ATMD Direct, a/f/k/a ATM Online, Inc.

**MAILING LIST**

Office of the United States Trustee
725 South Figueroa Street, Suite 2600
Los Angeles, CA 90017

Bruce Bennett
James O. Johnston
Lance Miller
HENNIGAN, BENNETT & DORMAN, LLP
865 South Figueroa Street, Suite 2900
Los Angeles, CA 90017

# EXHIBIT C

1          UNITED STATES BANKRUPTCY COURT

2          CENTRAL DISTRICT OF CALIFORNIA

3                    --oOo--

4  In Re:                    )  Case No. LA07-20027-TD
                             )
5  SOLIDUS NETWORKS, INC.,   )  Los Angeles, California
                             )  Thursday, January 17, 2008
6          Debtor.           )  2:00 p.m.
                             )
7  ─────────────────────────)

8                              HRG RE DEBTOR'S MOTION FOR
                               ORDER AUTHORIZING REJECTION
9                              OF (A) LEASE OF 3883 TELEGRAPH
                               ROAD IN BLOOMFIELD HILLS,
10                             MICHIGAN; AND (B) SUBLEASE OF
                               560 MISSION STREET IN SAN
11                             FRANCISCO, CALIFORNIA
                               [JAMES O. JOHNSTON]

12                             HRG RE DEBTOR'S MOTION FOR
                               APPROVAL OF SHORT TERM
13                             TENANCY AGREEMENT AND
                               COMPROMISE OF CLAIMS RELATING
14                             TO LEASE OF 101 SECOND STREET
                               IN SAN FRANCISCO, CALIFORNIA
15                             PURSUANT TO 11 U.S.C. SECTION
                               105 AND RULE 9019 OF THE
16                             FEDERAL RULES OF BANKRUPTCY
                               PROCEDURE [JAMES O. JOHNSTON]

17

18

19

20

21

22

23

24
   Proceedings recorded by electronic sound recording;
25 transcript produced by transcription service.

*Briggs Reporting Company, Inc.*

ii

1                               FINAL HRG RE DEBTOR'S MOTION
                              FOR ORDER (I) AUTHORIZING

2                               DEBTORS TO OBTAIN POSTPETITION
                              FINANCING PURSUANT TO SECTIONS

3                               363 AND 364 OF THE BANKRUPTCY
                              CODE, (II) GRANTING LIENS AND

4                               SUPERPRIORITY CLAIMS TO POST-
                              PETITION LENDERS PURSUANT TO

5                               SECTION 364 OF BANKRUPTCY
                              CODE, (III) AUTHORIZING USE OF

6                               CASH COLLATERAL PURSUANT TO
                              SECTION 363 OF BANKRUPTCY

7                               CODE, (IV) PROVIDING ADEQUATE
                              PROTECTION TO PREPETITION

8                               LENDERS PURSUANT TO SECTIONS
                              361, 362, 363 AND 364 OF THE

9                               BANKRUPTCY CODE
                              [JAMES O. JOHNSTON]

10                               SET FR. 12-17-07

11                               HRG RE MOTION OF BIOMETRIC
                              PAYMENT SOLUTIONS FOR ORDER

12                               (i) DETERMINING THAT DEBTOR
                              LACKS BENEFICIAL INTEREST IN

13                               CERTAIN PATENT RIGHTS, (ii)
                              COMPELLING ABANDONMENT

14                               THEREOF, (iii) TO THE EXTENT
                              NECESSARY, AMENDING FINAL

15                               ORDER AUTHORIZING EMERGENCY
                              FINANCING, (iv) TO THE EXTENT

16                               NECESSARY, AMENDING THE
                              INTERIM ORDER AUTHORIZING

17                               EMERGENCY FINANCING IN THE
                              CHAPTER 11 PROCEEDING, AND (v)

18                               TO THE EXTENT NECESSARY,
                              OBJECTION TO THE FINAL ORDER

19                               AUTHORIZING EMERGENCY MOTION
                              IN THE CHAPTER 11 PROCEEDING

20                               [PAUL J. COUCHOT]

21

22                        TRANSCRIPT OF PROCEEDINGS

23               BEFORE THE HONORABLE THOMAS B. DONOVAN
                UNITED STATES BANKRUPTCY JUDGE

24

25

*Briggs Reporting Company, Inc.*

```
                                                                    iii
 1  APPEARANCES:

 2  For the Debtor:                JAMES JOHNSTON, ESQ.
                                   Hennigan, Bennett & Dorman
 3                                 865 South Figueroa
                                   Suite 2900
 4                                 Los Angeles, California 90017
                                   (213) 694-1200
 5

 6  For OZ Master Fund and         BEN LOGAN, ESQ.
       Denarius Touch:             KAREN RINEHART, ESQ.
 7                                 O'Melveny & Myers, LLP
                                   400 South Hope Street
 8                                 Los Angeles, California 90071
                                   (213) 430-6000
 9

10  For Plainfield:                MARK SHINDERMAN, ESQ.
                                   Munger, Tolles & Olson, LLP
11                                 355 South Grand Avenue
                                   Suite 3500
12                                 Los Angeles, California 90071
                                   (213) 683-9201
13

14  For Whorl, LLC:                LEE BOGDANOFF, ESQ.
                                   Klee, Tuchin, Bogdanoff &
15                                    Stern, LLP
                                   1999 Avenue of the Stars
16                                 Thirty-Ninth Floor
                                   Los Angeles, California 90067
17                                 (310) 407-4000

18  For the Official Committee     GARY KLAUSNER, ESQ.
       of Unsecured Creditors:     NATHAN SCHULTZ, ESQ.
19                                 Stutman, Triester & Glatt
                                   1901 Avenue of the Stars
20                                 Twelfth Floor
                                   Los Angeles, California 90067
21                                 (310) 228-5600

22  For S&H Noteholders:           THOMAS KRELLER, ESQ.
                                   JAMES E. TILL, ESQ.
23                                 Milbank, Tweed, Hadley &
                                     McCoy, LLP
24                                 601 South Figueroa Street
                                   Los Angeles, California 90017
25                                 (213) 892-4631
```

*Briggs Reporting Company, Inc.*

```
                                                                    iv
 1  APPEARANCES:   (cont'd.)

 2  For Highridge:            LUCAS MESSENGER, ESQ.
                              Stroock & Stroock & Lavan, LLP
 3                            2029 Century Park East
                              Eighteenth Floor
 4                            Los Angeles, California 90067
                              (310) 556-5993
 5

 6  For Creditor Biometric:   PAUL COUCHOT, ESQ.
                              Winthrop Couchot
 7                            660 Newport Center Drive
                              Fourth Floor
 8                            Newport Beach, California
                                92660
 9                            (949) 720-4115

10  Court Recorder:           Wanda Toliver
                              United States Bankruptcy Court
11                            Edward R. Roybal Federal
                                Building
12                            255 East Temple Street
                              Los Angeles, California 90012
13                            (213) 894-5011

14  Transcriber:              Briggs Reporting Company, Inc.
                              6336 Greenwich Drive, Suite B
15                            San Diego, California 92122
                              (310) 410-4151
16

17

18

19

20

21

22

23

24

25
```

*Briggs Reporting Company, Inc.*

98

1  fundamental is that in essence one can't ignore the fact

2  that this is short-term financing and that's got to mean

3  what it says or lenders are never going to make gap loans or

4  DIP loans.  You got to give them the basic rights that they

5  bargained for.

6        Finally, S and H, this ought to be fairly brief.

7  I often agree with Mr. Kreller, and on this particular

8  occasion I agree with his most fundamental premise.  These

9  are non-debtors.  We are not asking your Honor to grant

10 liens to put your imprimatur on guarantees from the S and H

11 entities.  That's a matter of state law.  And, accordingly,

12 we don't purport -- we don't have any ability to prime this

13 lien.  We're not asking you to prime these liens.  We're

14 also not asking you to establish a review process for the

15 validity of our debt vis-a-vis S and H.  That's a matter of

16 state law.  They're not before the Court.

17       But it's entirely appropriate for the DIP lenders

18 to insist that the Debtors caused their non-debtor

19 subsidiaries to guarantee this debt.  A substantial portion

20 of it will be downstream, but beyond that, these

21 subsidiaries get the benefit of the overhead and the overall

22 operations.  And remember also the prepetition pursuant to a

23 consent from the S and H noteholders, these entities

24 guaranteed the full $159,000,000 of SPA debt.  So it's

25 probably a drop in the bucket to add the $13.5 million of

99

1  DIP debt on top of that.  But the most important issue is I

2  just fundamentally agree with Mr. Kreller that none of that

3  is really before the Court.

4      If that's improper as a matter of state law,

5  that's our problem.  But we do insist as a matter of the DIP

6  facility that we at least be able to proceed in a consensual

7  arrangement with the S and H entities to have them provide

8  the same kind of guarantee they did for the SPA debt.

9  That's all I have.

10     If your Honor wrote a note or if you have any

11 questions, I'd be more than happy to deal with anything else

12 that caused particular concern or question.

13     THE COURT:  I have a whole bunch of questions but

14 not for you, Mr. Logan.

15     MR. LOGAN:  Very good.

16     THE COURT:  Mr. Johnston?

17     MR. JOHNSTON:  Thank you, your Honor.  I'm a

18 pretty linear thinker, and I kind of took notes in the order

19 that people spoke the first time.

20     In a nutshell, I think all the arguments you've

21 heard kind of neatly illustrate the difficulties of the

22 situation, the many different directions in which these

23 estates are being pulled, largely as a result of two

24 absolute forces that are bouncing against each other, the

25 demands of time and the need for money.

104

1          There was mention made by Mr. Klausner and again

2   by Mr. Bogdanoff about the IP sub, Pay By Touch Checking

3   Resources, does it have other unsecured creditors.   Who

4   knows, and there was a reference to the petition filed by

5   that entity.   I can say, and I looked at it -- Mr. Bogdanoff

6   shared his copy again with me -- the box that was checked on

7   the petition under penalty of perjury was the one to 20

8   creditors or one to 50.   I'm not sure what the option was.

9   It was the lowest possible number of creditors.   There is no

10  box for zero.

11          I will reiterate right now that the Debtors do not

12  believe other than the obligations incurred under the DIP

13  facility that there is unsecured debt out there at that sub.

14          And I will agree with Mr. Klausner and I touched

15  on this in our reply, that for adequate protection, the

16  adequate protection should be given consistent with the law.

17  The replacement liens and the 507(b) claims should be given

18  to the extent of diminution in value of the lender's

19  interest in collateral.   I think that's a non-controversial

20  legal proposition.   The order -- the interim order addressed

21  several -- three different categories of prepetition lender

22  claims and some of the language may have gotten bollixed up.

23  I'm sure we can fix that.

24          I don't have anything else to say with respect to

25  the S and H noteholders.   I think Mr. Logan said it

105

1  correctly, that non-bankruptcy rights are left unimpacted by

2  this order.  So that means -- that cuts both ways.  The S

3  and H noteholders can rely on those rights, but they also

4  can't seek some additional benefits from this order in the

5  form of marshaling or limiting of guarantees.  That's just

6  not an appropriate thing for this order to do one way or

7  another.

8           And Mr. Bogdanoff's comments, again, silence is

9  not a concession that the Debtor violated any terms of the

10 pledge agreement.  He indicated that will be a subject of

11 the separate action, and that will be sort out in the wash.

12 I think the issues with respect to the enforceability of the

13 consent and the inter-creditor agreement are interesting

14 ones, and they are ones that ultimately may be the subject

15 of litigation, and it may be that the Debtors get dragged

16 into that litigation.  It's not something that we can

17 address today.

18          Those were my remarks, your Honor, unless you had

19 as part of your laundry list of questions something that I

20 can answer.

21          THE COURT:  Okay.  Thank you, Mr. Johnston.

22          MR. JOHNSTON:  Okay.

23          MR. BOGDANOFF:  Thank you, your Honor.  I asked

24 Mr. Klausner if I could go out of turn, and he indicated

25 that that was fine just because I want to -- again, my

# EXHIBIT D

SULLIVAN & WORCESTER LLP
Andrew T. Solomon (AS 9200)
Pamela Smith Holleman (PH 4465)
1290 Avenue of the Americas
New York, NY 10104
Tel. 212-660-3000
Fax 212-660-3001

-and-

Laura Steinberg
Lesley M. Varghese
One Post Office Square
Boston, MA 02109
Tel. 617-338-2800
Fax 617-338-2880

*Counsel to Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| WALTER BEINECKE, III, EAGLIS ALTERNATIVE INVESTMENTS I, LLC, GEOFFREY T. FREEMAN, GRAHAM GUND, HENRY A. JORDAN, JENNIFER C. McNEIL, J. STUART MOORE, and CARL NOVOTNY, TRUSTEE of the S&H NOMINEE TRUST, | 08 Civ. 2483 (GBD) |
| | |
| Plaintiffs, | **ELECTRONICALLY FILED** |
| -against- | |
| S&H MARKETING, INC. f/k/a S&H GREENPOINTS, INC., and THE SPERRY AND HUTCHINSON COMPANY, INC., | |
| Defendants. | |

---

**Plaintiffs' Statement Pursuant to Federal Bankruptcy Rule 9027(e)(3)**

Walter Beinecke, et al., plaintiffs in the above-referenced action ("Plaintiffs"), by their attorneys, Sullivan & Worcester LLP, submit this statement pursuant to Rule 9027(e)(3) of the Federal Rules of Bankruptcy Procedure.

The underlying case is a non-core proceeding, between non-debtors, that is governed exclusively by state law. Due, *inter alia*, to the exclusively state law nature of the issues raised herein, Plaintiffs expect timely to object to the removal of this case from State Court and to seek by motion a remand back to the State Court. Plaintiffs therefore do not consent to entry of final orders or judgment by a bankruptcy judge.

This Statement is timely as it will be filed within ten days of the filing of the Notice of Removal. It is respectfully submitted in advance of Plaintiffs' anticipated motion for an order remanding this proceeding back to State Court.

Dated: New York, New York
      March 21, 2008

 

                                               _s/_ _____
                                               Andrew T. Solomon
                                               SULLIVAN & WORCESTER LLP
                                               1290 Avenue of the Americas, 29th Floor
                                               New York, New York 10104
                                               (212) 660-3000

                                               *Counsel to Plaintiffs*

*Of counsel*:

Laura Steinberg
Pamela S. Holleman
Lesley M. Varghese
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2800

# EXHIBIT E

COOLEY GODWARD KRONISH LLP
KENNETH L. GUERNSEY (83549)
J. MICHAEL KELLY (133657)
ROBERT L. EISENBACH III (124896)
GREGG S. KLEINER (141311)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222
Email: kellyjm@cooley.com; reisenbach@cooley.com; and
kleinergs@cooley.com

Proposed Special Counsel for Debtors
SOLIDUS NETWORKS, INC., et al.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| SOLIDUS NETWORKS, INC., dba PAY BY TOUCH (afka PAY BY TOUCH SOLUTIONS), a Delaware corporation, et al.[1], <br><br> Debtors. | Case No. 07-20027-TD <br> (Jointly Administered) <br><br> **DECLARATION OF KENNETH L. GUERNSEY IN SUPPORT OF DEBTORS' APPLICATION FOR ORDER AUTHORIZING RETENTION OF COOLEY GODWARD KRONISH LLP, AS SPECIAL COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION** |

I, Kenneth L. Guernsey, hereby declare:

1.      I am a partner of the law firm of Cooley Godward Kronish LLP ("Cooley"), which maintains an office for the practice of law at 101 California Street, 5th Floor, San Francisco, CA 94111-5800, among others, and I am an attorney in good standing to practice in the State of California.     I submit this declaration in support of the Debtors' Application For Order

---

[1]    The Debtors include the following entities: Solidus Networks, Inc., dba Pay By Touch, aka Pay By Touch Solutions, afka BioPay, Pay By Touch Payment Solutions, LLC, afka EPX, afka Payment Acquisition Corporation, afka InterCept Payment Solutions, LLC, afka SPS Payments, LLC, afka IPS Solutions, LLC, afka iPay, afka Pay By Touch Solidus Merchant Services, Pay By Touch Processing, Inc., afka CSSI Acquisition Corporation, afka Card Systems Solutions, Inc., Pay By Touch Check Cashing, Inc., Check Elect, Inc., Seven Acquisition Sub, LLC, afka Seven Street Software, Pay by Touch Checking Resources, Inc., Indivos Corporation, afka Smart Touch, Inc., afka Veristar Corporation, afka Indivos Acquisition Corporation, CardSystems Payment Solutions, LLC, Maverick International Services, Inc., and ATMD Acquisition Corporation, afka ATMD Direct, afka ATM Online, Inc.

1    Authorizing Retention of Cooley Godward Kronish LLP, as Special Counsel for the Debtors and

2    Debtors in Possession ("Application") with respect to the Debtors' proposed employment of

3    Applicant as special counsel to the Debtors in these cases.  Except as otherwise indicated, I have

4    personal knowledge of the matters set forth herein and, if called as a witness, would testify

5    competently with respect thereto.

6                                    COOLEY'S QUALIFICATIONS

7         2.      I am the partner at Cooley who is principally responsible for this engagement.

8    Cooley has represented Solidus since its formation in approximately April 2002.   Prior to

9    commencement of these Chapter 11 cases, the Debtors engaged Cooley to, among other things,

10   advise and assist the Debtors by providing substantive legal advice involving corporate,

11   securities, financing, intellectual property, employment, mergers and acquisitions, taxation, real

12   estate and related legal matters.   Cooley is extremely familiar with the Debtors and their

13   businesses and legal and financial affairs and, accordingly, I believe Cooley is well-suited to

14   represent the Debtors as special counsel on the matters described herein.

15        3.      Cooley is a large, full-service law firm comprised of approximately 639 attorneys

16   resident in nine different offices in six different states, with special expertise in a wide variety of

17   practice areas and in the types of matters for which the Debtors seek to employ Cooley as special

18   counsel.  Cooley has principal offices in San Francisco, Palo Alto, and San Diego, California;

19   Reston, Virginia; Broomfield, Colorado; Washington, D.C.; Boston, Massachusetts; and New

20   York, New York.  Cooley has nationally recognized expertise in the areas in which it is to be

21   employed and, as such, is competent and qualified to serve as special counsel to the Debtors with

22   respect to corporate, securities, financing, intellectual property, employment, mergers and

23   acquisitions, taxation, real estate and related legal matters.  A copy of Cooley's firm resume,

24   together with biographical information regarding and the respective 2007 billing rates of the

25   Cooley professionals expected to render a significant amount of services in these cases, is

26   attached collectively hereto as **Exhibit A.**

27   ///

28   ///

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1069826 v3/SF                    2.                    GUERNSEY DECL. ISO
                                                       COOLEY'S EMP. APP.
                                                       CASE NO. 07-20027-TD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### CLAIMS OF COOLEY

4.    As a result of its representation of the Debtors prior to these bankruptcies, Cooley has certain claims against Debtor Solidus for unpaid legal services.  I am informed and believe Cooley's total unsecured claim for the pre-involuntary period through October 31, 2007 (the "Pre-Involuntary Claim) is in the amount of $651,301.78.  Cooley also has a claim for unpaid legal services rendered between the involuntary filing and the Consent Date (the "Gap Claim").  I am informed and believe that Cooley's Gap Claim totals $210,288.99.  Cooley intends to file proofs of claims with regard to the Pre-Involuntary Claim and the Gap Claim.  While I understand that the Debtors reserve all of their rights regarding these claims, I have no reason to believe there will be any significant issues or disputes relating to them, and in any event, Cooley will not be involved in representing the Debtors with respect to such claims issues.

### COMPENSATION STATEMENT PURSUANT TO 11 U.S.C. SECTION 329(a)

5.    During the pre-bankruptcy period from October 31, 2006 to December 14, 2007, which includes the one year period prior to the involuntary filing plus the "gap" period up to the Consent Date, Cooley received certain payments for professional fees and expenses rendered to Debtor Solidus, in the aggregate amount of $1,157,756.29.  I am informed and believe that the source of these payments were the assets of Solidus.  The specific payments are set forth in the table below.  However, hardly any of this amount was in compensation for services rendered directly in contemplation of, or in connection with, this bankruptcy proceeding.  Except for these payments, Cooley has not received any other payment from the Debtors since October 31, 2006, and Cooley has not received any lien or other interest in the property of the Debtors or a third party to secure payment of its fees.

| Date of Payment | Amount of Payment |
|---|---|
| 12/04/2006 | $    184,234.32 |
| 12/05/2006 | $    137,739.33 |
| 12/08/2006 | $    300,503.34 |
| 12/14/2006 | $    226,273.35 |
| 03/08/2007 | $    184,005.95 |
| 12/03/2007 | $    100,000.00 |
| 12/13/2007 | $     25,000.00 |
| **Total:** | **$  1,157,756.29** |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1069826 v3/SF

3.

GUERNSEY DECL. ISO
COOLEY'S EMP. APP.
CASE NO. 07-20027-TD

1

<u>**COOLEY'S PROPOSED ENGAGEMENT**</u>

2     **6.**     I believe the Debtors require the services of special counsel for corporate,

3 securities, financings, intellectual property, employment, mergers and acquisitions, taxation, real

4 estate and related legal matters to execute faithfully their duties as debtors in possession.

5 Effective as of the Consent Date, subject to this Court's approval of the Application, the Debtors

6 have requested that Cooley render various services to the Debtors including, without being

7 exhaustive, the following:

8

9     **(a)**     advise the Debtors with respect to general corporate and securities law; financing issues; intellectual property law; taxation law, real estate law and other legal matters related to the foregoing;

10

11     **(b)**     assist the Debtors and their other professionals with respect to the negotiation, documentation, and closing of asset sales or other transactions, including the "milestone" transactions established in the Debtors' debtor in possession financing facility, as is necessary or appropriate;

12

13     **(c)**     advise the Debtors and assist with the Debtors' filing of all necessary reports required under federal securities laws and regulations and corporate laws and regulations of Delaware and other applicable jurisdictions;

14

15     **(d)**     advise and assist the Debtors with respect to employment law matters and issues relating to their relationship with their employees;

16

17     **(e)**     appear before this Court and any appellate courts, and in discussions with the U.S. Trustee, to protect the interests of the Debtors' estates on matters relating to Cooley's special representation as described herein; and

18

19     **(f)**     perform certain tasks required of professionals under the Bankruptcy Code and Bankruptcy Rules, applicable Local Rules and U.S. Trustee Guidelines, including in connection with the employment application and the fee application processes.

20     **7.**     As compensation, the Debtors have agreed to pay Cooley a reasonable fee for

21 services rendered and to be rendered, calculated with reference to Cooley's hourly rates, and to

22 reimburse Cooley for all reasonable costs and expenses charged to the Debtors' account. Cooley's

23 2007 rates ranged from $250 to $875 per hour for attorneys and from $90 to $300 per hour for

24 paralegals, professionals, librarians, clerks, and other professionals. The specific 2007 rates for

25 those members and employees of Cooley who currently are expected to perform substantial work

26 for the Debtors are included with the biographical summaries attached hereto as **Exhibit A.**[2]

27

28     [2]    This list, of course, is not exclusive. Cooley may staff this engagement with additional or different professionals and paraprofessionals as necessary or appropriate under the changing circumstances of the cases.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1069826 v3/SF      4.

**GUERNSEY DECL. ISO
COOLEY'S EMP. APP.
CASE NO. 07-20027-TD**

1    Cooley's rates are adjusted periodically, typically on January 1 of each year.  While Cooley's

2    2008 rates have yet to be determined, Cooley has informed the Debtors that it expects to adjust

3    the above-noted rates effective as of January 1, 2008.

4        **8.**    Cooley has informed the Debtors that should it become appropriate and cost-

5    effective to do so, Cooley also may utilize "temporary" attorneys, paralegals, and clerks who are

6    provided to Cooley on a contract basis from outside services and for whom Cooley will charge a

7    reasonable hourly rate intended to compensate Cooley for the costs and overhead associated with

8    such personnel.

9        **9.**    Finally, Cooley will invoice the Debtors for the reasonable costs and expenses that

10    it incurs in connection with this engagement. Such costs and expenses typically include, among

11    others, charges for messenger services, air couriers, photocopying, postage, long distance

12    telephone, computerized legal research facilities (including the time billed for such legal

13    research), investigative searches, computerized document management services (including

14    scanning and coding), and other charges customarily invoiced by law firms in addition to fees for

15    legal services, such as court fees and travel expenses.

16        **10.**    Cooley recognizes that all compensation for services rendered from and after the

17    Consent Date is subject to approval of the Bankruptcy Code and otherwise governed by the

18    provisions of the Bankruptcy Code.

19        **DISCLOSURES OF MATERIAL INTERESTS, CLAIMS AND CONNECTIONS**
**PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(a)**

20

21        **11.**    As described above, Cooley has represented Solidus since its formation in

22    approximately April 2002, and represented Solidus prior to these bankruptcies in the legal areas

23    on which it now seeks to be employed from and after the Consent Date.

24        **12.**    On January 3, 2008, Cooley received certain correspondence from the attorney for

25    an investor in Debtor Solidus, making certain allegations against Cooley and Solidus in

26    connection with the investor's $250,000 investment in a 2007 private placement of Debtor

27    Solidus's Series C Preferred stock. Cooley believes the allegations against it are entirely without

28    merit, and in any event, currently this is an informal dispute unrelated to the matters on which

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1069826 v3/SF      5.

GUERNSEY DECL. ISO
COOLEY'S EMP. APP.
CASE NO. 07-20027-TD

1   Cooley would be employed herein. If Cooley is employed herein and subsequently a formal

2   claim is made or litigation is initiated against Cooley, and/or if any potential conflict of interest

3   arises between the Debtors, and/or its current or former officers and directors, and Cooley with

4   regard to this matter, Cooley will submit a supplemental declaration so advising the Court and the

5   U.S. Trustee, to allow the opportunity for further inquiries and/or objections relating to Cooley's

6   future continued employment under such circumstances.

7        13.    In the course of Cooley's pre-bankruptcy corporate representation of the Debtors,

8   Cooley has issued opinions to certain target companies and selling stockholders in connection

9   with certain mergers and acquisitions, to various secured and unsecured lenders in connection

10  with certain debt financings and to many of Solidus' stockholders in connection with certain

11  equity financings. Some or all of these parties are interested parties herein and/or may have

12  claims against and/or interests in one or more of the Debtors. For example, Cooley has issued

13  such opinions to certain of the Interested Parties listed on Exhibit B to the Guernsey Declaration,

14  including without limitation the following pre-petition secured lenders of the Debtors: Denarius

15  Touch, L.L.C.; OZ Master Fund, Ltd.; Highbridge International LLC; Plainfield Direct LLC;

16  Plainfield Special Situations Master Fund Limited; and Plainfield West Investments LLP.

17       14.    To check and clear potential conflicts of interest in this case, and based upon

18  information known on or near the date of the Application, Cooley researched its client database to

19  determine whether it had any relationships with any of the following entities (collectively, the

20  "Interested Parties"):

21            a.    The Debtors and their non-debtor affiliates and certain former affiliates

22       (including all known former corporate and trade names of the Debtors and their affiliates);

23            b.    The Debtors' and their non-debtor affiliates' respective current officers and

24       directors;

25            c.    The Debtors' secured lenders and other known holders of secured and

26       unsecured debt;

27            d.    Shareholders of any of the Debtors holding, directly or indirectly, 10% or

28       more of the different classes of outstanding shares of the Debtors;

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1069826 v3/SF                     6.                     GUERNSEY DECL. ISO
                                                         COOLEY'S EMP. APP.
                                                         CASE NO. 07-20027-TD

e.    The creditors holding the one hundred largest unsecured claims against the Debtors (determined on a consolidated basis);

f.    Certain professionals and other interested parties that the Debtors and/or Cooley have identified as possibly being involved in these chapter 11 cases; and

g.    The alleged creditors who filed the involuntary petition with respect to Solidus.

The identities of the Interested Parties were obtained from the Debtors, from a review of certain documents governing the Debtors' indebtedness, and pleadings already filed in the bankruptcy case with respect to Solidus, and are set forth on **Exhibit B** hereto.

15.    To the best of my knowledge after reasonable inquiry, <u>except as disclosed and summarized below</u>, Cooley does not have any connections with an Interested Party, and Cooley has not represented and does not and will not represent any Interested Party with respect to matters related to the Debtors' chapter 11 cases.

16.    Cooley <u>currently</u> represents the following Interested Parties (or presumed affiliated entities) in matters unrelated to the Debtors or these cases:  AT&T Venture Funds (presumably affiliated with Interested Party AT&T Mobility); American Express Bank, American Express Company, and American Express Bank International Employees (presumably all affiliated with Interested Party American Express Travel Related Services Co.); CA, Inc.;  KPMP LLP;  and Salesforce.com.

17.    To the best of my knowledge after reasonable inquiry, all of the above-noted current representations are unrelated to Cooley's representation of the Debtors in connection with these bankruptcy cases and that, to the extent required by applicable law and rules of professional responsibility, the Debtors have consented to Cooley's ongoing representation of the entities disclosed above in any and all such unrelated matters.

18.    Cooley briefly and <u>formerly</u> represented two current or former officers or directors of the Debtors, John Rogers and Brian Miller, in addition to Debtor Solidus, in certain litigation involving Excel Innovation.  Cooley also briefly and <u>formerly</u> represented John Rogers individually, in addition to Debtor Solidus, in connection with a certain secured financing of

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1069826 v3/SF

7.

GUERNSEY DECL. ISO
COOLEY'S EMP. APP.
CASE NO. 07-20027-TD

1     Debtor Solidus of which Mr. Rogers is guarantor.

2     **19.**    Cooley was appointed as an Independent Consultant (a monitor) by the SEC and

3 Interested Party The Bank of New York ("BONY") to supervise BONY's obligations in a

4 settlement of a cease-and-desist proceeding initiated by the SEC. Cooley has not had an attorney-

5 client relationship with BONY as a result of its role as a monitor. Cooley's role as Independent

6 Consultant concluded in late 2007.

7     **20.**    Cooley formerly represented, within the past five years, the following Interested

8 Parties (or presumed affiliates): Maxim Systems, Inc. (affiliated with Interested Party Accenture

9 LLP); AT&T Corporation (presumably affiliated with Interested Party AT&T Mobility);

10 CardSystems Payment Solutions, LLC; MCI, Inc.; Howard, Rice, Nemerovsky, Canady Falk &

11 Rabkin; J.P. Morgan Securities, Inc. (presumably affiliated with Interested Party J.P. Morgan

12 Ventures Corporation); Oracle Corporation (also the spouse of a Cooley partner is Vice President

13 and Chief Counsel of Oracle's Financing Division); Oracle USA Inc.; Taos; U.S. Bank, N.A.;

14 Transaction Network Services, Inc.; Vignette Corporation; XperEx; and Xoriant.

15     **21.**    Cooley has vendor relationships with the following Interested Parties: Arrow

16 Electronics; Citrix Systems, Inc.; Dell Computer Corporation; EPV Systems, Inc.; Microsoft

17 (presumably affiliated with Interested Party Microsoft Licensing GP); Staples; and US Bank.

18     **22.**    In order to be employed only as special counsel, I understand that so long as

19 Cooley satisfies the requirements of Section 327(e) of the Bankruptcy Code, Cooley is not

20 required to satisfy all aspects of the "disinterested person" definition set forth in Section 101(14).

21 While Cooley satisfies most aspects of this definition, as disclosed in paragraph 4 above, Cooley

22 is a creditor of the Debtors by virtue of its Pre-Involuntary Claim and its Gap Claim. However,

23 Cooley will not be representing the Debtors with regard to any such claims issues or litigation

24     **23.**    Also, while Cooley is not an equity security holder of the Debtors, a fund of

25 GC&H Investments, LLC, an investment fund in which many Cooley partners and employees

26 participate, holds a *de minimis* (substantially less than one percent) passive equity investment in

27 Debtor Solidus. The GC&H fund holds 83,333 shares of Series B preferred stock in Solidus,

28 which represents .016% (less than two-tenths of one percent) of the Solidus shares outstanding on

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1069826 v3/SF       8.       **GUERNSEY DECL. ISO
COOLEY'S EMP. APP.
CASE NO. 07-20027-TD**

1    a fully diluted basis.

2        **24.**    As to the other aspects of the "disinterested person" definition, to the best of my

3    knowledge after reasonable inquiry, Cooley and all of the attorneys and professionals comprising

4    or employed by Cooley

5                **(a)**    are not and have not been an insider of the Debtor;

6                **(b)**    are not and have not been a director, officer or employee of the Debtors;

7    and

8                **(c)**    except as otherwise disclosed herein, have no interest materially adverse to

9    the interest of the estates or any class of creditors or equity security holders, by reason of any

10    direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other

11    reason.

12        **25.**    Finally, to the best of my knowledge after reasonable inquiry, no attorney at

13    Cooley is related to any United States District Judge or United Status Bankruptcy Judge for the

14    Central District of California or to the United States Trustee for such district or to any known

15    person employed in office thereof.

16

17

18        I declare under penalty of perjury under the laws of the United States of America that the

19    foregoing is true and correct, and that this Declaration was executed in San Francisco, California on

20    January 7, 2008.

21                                    /s/  Kenneth L. Guernsey
                                    Kenneth L. Guernsey
22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1069826 v3/SF                    9.                    GUERNSEY DECL. ISO
                                                    COOLEY'S EMP. APP.
                                                    CASE NO. 07-20027-TD

# EXHIBIT F

1  COOLEY GODWARD KRONISH LLP
   KENNETH L. GUERNSEY (83549)
2  J. MICHAEL KELLY (133657)
   ROBERT L. EISENBACH III (124896)
3  101 California Street, 5th Floor
   San Francisco, CA 94111-5800
4  Telephone:    (415) 693-2000
   Facsimile:    (415) 693-2222
5  Email: kellyjm@cooley.com; reisenbach@cooley.com; and
   kleinergs@cooley.com
6
   Proposed Special Counsel for Debtors
7  SOLIDUS NETWORKS, INC., et al.

```
FILED & ENTERED

    JAN 31 2008

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY penning   DEPUTY CLERK
```

8              UNITED STATES BANKRUPTCY COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                   LOS ANGELES DIVISION

11

12  In re                              Chapter 11

13  SOLIDUS NETWORKS, INC., dba PAY BY   Case No. 07-20027-TD
    TOUCH (afka PAY BY TOUCH            (Jointly Administered)
14  SOLUTIONS), a Delaware corporation, et al.[1],
                                        **ORDER AUTHORIZING RETENTION OF**
15           Debtors.                   **COOLEY GODWARD KRONISH LLP, AS**
                                        **SPECIAL COUNSEL FOR THE DEBTORS AND**
16                                      **DEBTORS-IN-POSSESSION**

17

18        This matter coming before the Court on the "Notice of Application and Application for

19  Order Authorizing Retention of Cooley Godward Kronish LLP as Special Counsel for the

20  Debtors and Debtors in Possession" (the "Application"), filed by Solidus Networks, Inc., dba Pay

21  By Touch, afka Pay By Touch Solutions, et al., the debtors and debtors-in-possession herein (the

22  "Debtors"); the Court having reviewed the Application, the record in these cases, the Lumsden

23  Declaration, and the Guernsey Declaration (as those terms are defined in the Application); the

24  Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

25  _____
    [1]   The Debtors include the following entities: Solidus Networks, Inc., dba Pay By Touch, aka Pay By Touch Solutions, afka BioPay, Pay By
26        Touch Payment Solutions, LLC, afka EPX, afka Payment Acquisition Corporation, afka InterCept Payment Solutions, LLC, afka SPS
          Payments, LLC, afka IPS Solutions, LLC, afka iPay, afka Pay By Touch Solidus Merchant Services, Pay By Touch Processing, Inc., afka
27        CSSI Acquisition Corporation, afka Card Systems Solutions, Inc., Pay By Touch Check Cashing, Inc., Check Elect, Inc., Seven Acquisition
          Sub, LLC, afka Seven Street Software, Pay by Touch Checking Resources, Inc., Indivos Corporation, afka Smart Touch, Inc., afka Veristar
          Corporation, afka Indivos Acquisition Corporation, CardSystems Payment Solutions, LLC, Maverick International Services, Inc., and
28        ATMD Acquisition Corporation, afka ATMD Direct, afka ATM Online, Inc.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1068448 v2/SF                              1.                    **ORDER APPROVING RETENTION OF**
                                                                **COOLEY GODWARD KRONISH LLP**
                                                                **CASE NO. 07-20027-TD**

1    1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) notice of the

2    Application was reasonable and appropriate under the circumstances; and the Court having

3    determined that the legal and factual bases set forth in the Application establish just cause for the

4    relief granted herein;

5        **IT IS HEREBY ORDERED THAT:**

6        1.    The Application is GRANTED.

7        2.    The Debtors are authorized, pursuant to section 327(e) of the Bankruptcy Code, to

8    employ the firm of Cooley Godward Kronish LLP ("Cooley") as their special counsel, effective

9    from and after December 14, 2007, on substantially the terms and conditions set forth in the

10   Application, with compensation to be at the expense of the estates in such amount as the Court

11   may hereafter allow.

12   ###

26   DATED: January 31, 2008

_United States Bankruptcy Judge_

Cooley Godward Kronish LLP
Attorneys At Law
San Francisco

1068448 v2/SF

2.

ORDER APPROVING RETENTION OF
COOLEY GODWARD KRONISH LLP
CASE No. 07-20027-TD

1

## SERVICE LIST

2

**Served Electronically:**
*U.S. Trustee*
United States Trustee
725 South Figueroa Street, 26th Floor
Los Angeles, CA 90017
Email: ustpregion16.la.ecf@usdoj.gov

*Debtor's Counsel*
Bruce Bennett, Esq.
James O. Johnston, Esq.
Joshua M. Mester, Esq.
Hennigan Bennett & Dorman LLP
865 South Figueroa Street, Suite 2900
Los Angeles, CA 90017
Email: bennettb@hbdlawyers.com,
johnstonj@hbdlawyers.com, and
mesterj@hbdlawyers.com

*Proposed Special Counsel to Debtor*
J. Michael Kelly, Esq.
Gregg S. Kleiner, Esq.
Cooley Godward Kronish LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Email: kleinergs@cooley.com

Creditors Committee Counsel
Gary E. Klausner, Esq.
Jeffrey C. Krause, Esq.
Nathan A. Schultz, Esq.
Stutman, Treister & Glatt, P.C.
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Email: nschultz@stutman.com

*Counsel to St. Cloud Capital Partners, L.P.*
Tina M. Pivonka
Mulvaney, Kahan & Barry
401 West "A" Street, 17th Floor
San Diego, CA 92101-7994
Email: tpivonka@mkblaw.com and
senniss@mkblaw.com

*Counsel to Mayer Brown LLP*
Kimberly S. Winick
Mayer Brown LLP
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Email: kwinick@mayerbrownrowe.com

**Served by U.S. Mail:**
*Debtor*
Solidus Networks, Inc.
d/b/a/ Pay By Touch
101 Second Street, Suite 1100
San Francisco, CA 94105

*Official Committee of Unsecured Creditors Member*
eTouch Systems Corp.
Lance Burrow, Esq.
96 North Third Street, Suite 500
San Jose, CA 95112

*Official Committee of Unsecured Creditors Member*
Lynn Tillotson & Pinker, LLP
Michael Lynn
750 N. St. Paul Street, Suite 1400
Dallas, TX 75201

*Official Committee of Unsecured Creditors Member*
Whorl, LLC
Timothy Robinson, Managing Member
12145 Chancery Station Circle
Reston, VA 20190

*Counsel to Biometric Payment Solutions*
Steve Jensen
Knobbe Martens Olsen & Bear LLP
2040 Main Street, 14th Floor
Irvine, CA 92614-3641

*Bankruptcy Coordinator for International Business Machines Corporation*
IBM Corporation
Attn: Vicky Namken
13800 Diplomat Drive
Dallas, TX 75234

*Counsel to Federal Express Corporation*
Charles J. Filardi, Jr.
Filardi Law Offices LLC
65 Trumbull Street, Second Floor
New Haven, CT 06510

*Counsel to Biopay, LLC*
Cohen Mohr LLP
Attention: Daniel H. DuVal, Esq.
1420 Beverly Road, Suite 380
McLean, VA 22101

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1068448 v2/SF

3.

ORDER APPROVING RETENTION OF
COOLEY GODWARD KRONISH LLP
CASE NO. 07-20027-TD

1  **Served Electronically (cont'd):**
   *Counsel to American Express Travel Related Svcs. Co.*
2  Gilbert B. Weisman
   Becket and Lee LLP
3  P.O. Box 3001
   Malvern, PA 19355-0701
4  Email: notices@becket-lee.com

5  *Counsel to Whorl, LLC*
   Martin R. Barash, Esq.
6  Courtney E. Pozmantier, Esq.
   Klee, Tuchin, Bogdanoff & Stern LLP
7  1999 Avenue of the Stars, 39th Floor
   Los Angeles, CA 90067-6049
8  Email: mbarash@ktbslaw.com and
   cpozmantier@ktbslaw.com
9
   *Counsel to PKV Racing, LLC*
10 Greg M. Ficks, Esq.
   Coblentz, Patch, Duffy & Bass LLP
11 One Ferry Building, Suite 200
   San Francisco, CA 94111-4213
12 Email: gficks@coblentzlaw.com

13 *Co-Counsel to Merrick Bank*
   Peter J. Gurfein
14 Akin Gump Strauss Hauer & Feld LLP
   2020 Century Park East, Suite 2400
15 Los Angeles, CA 90067-3012
   Email: pgurfein@akingump.com
16
   *Counsel to Transaction Network Services, Inc.*
17 Michael S. Cryan, Esq.
   Arent Fox LLP
18 555 West Fifth Street, 48th Floor
   Los Angeles, CA 90013
19 Email: cryan.michael@arentfox.com

20 *Counsel to Transaction Network Services, Inc.*
   Arent Fox LLP
21 1050 Connecticut Avenue, N.W.
   Washington, D.C. 20036-5339
22 Attn: Christopher J. Giaimo, Esq.
   Email: Giaimo.christopher@arentfox.com
23
   *Co-Counsel to Plainfield Special Situations Master*
24 *Fund Ltd. & Plainfield West Investments LLP*
   Mark Shinderman
25 Seth Goldman
   Mark Epstein
26 Munger, Tolles & Olsen LLP
   355 South Grand Ave., 35th Floor
27 Los Angeles, CA 90071-1560
   Email: seth.goldman@mto.com and
28 mark.shinderman@mto.com

**Served by U.S. Mail (cont'd):**
*Bankruptcy Counsel to John Patrick Rogers*
Todd B. Becker
Law Offices of Todd B. Becker
3750 E. Anaheim Street, Suite 100
Long Beach, CA 90804

*Counsel to Merrick Bank Corporation*
Daniel D. Gurfein
Timothy T. Brock
Satterlee Stephens Burke & Burke LLP
230 Park Avenue, 11th Floor
New York, NY 10169

*Counsel to Gilbarco, Inc.*
Nelson Mullins Riley & Scarborough, L.L.P.
George B. Cauthen
1320 Main Street, 17th Floor
Post Office Box 11070 (29211)
Columbia, SC 29201

*Counsel to Bernadette Robertson, Creditor*
Chris D. Kuhner, Esq.
Kornfield, Paul & Nyberg, P.C.
1999 Harrison Street, Suite 2675
Oakland, CA 94612

*Counsel to Creditor Cogent Systems, Inc.*
G. Larry Engel, Esq.
Vincent J. Novak, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482

*Counsel to Creditor Cogent Systems, Inc.*
Scott M. Stanton, Esq.
Jacob V. Handy, Esq.
Morrison & Foerster LLP
12531 High Bluff Drive, Suite 100
San Diego, CA 92130

*Counsel to OZ Master Fund, Ltd. and*
*Denarius Touch, LLC*
Martin Bienenstock
Judy G.Z. Liu
Dewey LeBoeuf
1301 Avenue of the Americas
New York, NY 10019

*Counsel to Accenture LLP*
Aaron L. Hammer, Esq.
Suzanne M. Rose, Esq.
Freeborn & Peters LLP
311 South Wacker Drive, Suite 3000
Chicago, IL 60606

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1068448 v2/SF

4.

ORDER APPROVING RETENTION OF
COOLEY GODWARD KRONISH LLP
CASE NO. 07-20027-TD

| | |
|---|---|
| 1 | **Served Electronically (cont'd):** |
| | CardSystems Solutions Ch 7 Trustee |
| 2 | c/o Trudy A. Nowak |
| | Anderson & Nowak, PLC |
| 3 | 2211 E. Highland Avenue, Suite 211 |
| | Phoenix, AZ 85016 |
| 4 | Email: tan@anlawfirm.com |

1 **Served Electronically (cont'd):**
CardSystems Solutions Ch 7 Trustee
2 c/o Trudy A. Nowak
Anderson & Nowak, PLC
3 2211 E. Highland Avenue, Suite 211
Phoenix, AZ 85016
4 Email: tan@anlawfirm.com

5 *Counsel to The Getty Family Trusts*
Richard A. Chesley, Esq.
6 Gregory S. Otsuka, Esq.
Paul, Hastings, Janofsky & Walker, LLC
7 191 N. Wacker Drive, 30th Floor
Chicago, IL 60606
8 Email: gregoryotsuka@paulhastings.com

9 *Counsel to Biometric Payment Solutions*
Matthew W. Grimshaw
10 Rutan & Tucker, LLP
611 Anton Boulevard, Suite 1400
11 Costa Mesa, CA 92626-1931
Email: mgrimshaw@rutan.com

12
*Counsel to Party in Interest Biometric*
13 *Payment Solutions*
Paul J. Couchot
14 Winthrop Couchot Professional Corporation
660 Newport Center Drive, 4th Floor
15 Newport Beach, CA 92660
Email: jmartinez@winthropcouchot.com
16
*Counsel to OZ Master Fund, Ltd. and*
17 *Denarius Touch, LLC*
Ben H. Logan
18 Karent Rinehart
O'Melveny & Myers LLP
19 400 South Hope Street
Los Angeles, CA 90071-2899
20 Email: krinehart@omm.com

21 *Counsel for S&H Noteholders*
Thomas R. Kreller, Esq.
22 James E. Till, Esq.
Milbank, Tweed, Hadley & McCloy LLP
23 601 South Figueroa Street, 30th Floor
Los Angeles, CA 90017
24 Email: jtill@milbank.com

25 *Counsel to DataProse, Inc.*
William E. Winfield
26 Nordman Cormany Hair & Compton LLP
1000 Town Center Drive, 6th Floor
27 Oxnard, CA 93036
Email: wwinfield@nchc.com

28

**Served by U.S. Mail (cont'd):**
*Counsel for Special Situations Master Fund*
*Limited and Plainfield West Investments LLP*
Bruce Silverstein, Martin S. Lessner
Michael R. Nestor, Joseph M. Barry
Young Conaway Stargatt & Taylor, LLP
The Brandywine Bldg.
1000 W Street, 17th Flr.
Wilmington, DE 19801

Dianela Del Carmen Nunez Silva
9805 Arbor Oaks Lane, Apt. 302
Boca Raton, FL 33428-2219

Timothy A. Bortz
UC Tax Agent/Bankruptcy Representative
Commonwealth of Pennsylvania
Dept. of Labor & Industry
Reading Bankruptcy & Compliance Unit
625 Cherry Street, Room 203
Reading, PA 19602-1184

Cherie Koster
1900 Sunset Harbour Drive, #1009
Miami Beach, FL 33139

*Counsel to Jefferies & Co.*
Michael Wiles
Maureen Cronin
Rachel Mauceri
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022

Petroleum Wholesale LP
PO Box 4456
Houston, TX 77210

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1068448 v2/SF

ORDER APPROVING RETENTION OF
COOLEY GODWARD KRONISH LLP
CASE NO. 07-20027-TD

1 **Served Electronically (cont'd):**
CardSystems Solutions Ch 7 Trustee
2 c/o Trudy A. Nowak
Anderson & Nowak, PLC
3 2211 E. Highland Avenue, Suite 211
Phoenix, AZ 85016
4 Email: tan@anlawfirm.com

5 *Counsel to The Getty Family Trusts*
Richard A. Chesley, Esq.
6 Gregory S. Otsuka, Esq.
Paul, Hastings, Janofsky & Walker, LLC
7 191 N. Wacker Drive, 30th Floor
Chicago, IL 60606
8 Email: gregoryotsuka@paulhastings.com

9 *Counsel to Biometric Payment Solutions*
Matthew W. Grimshaw
10 Rutan & Tucker, LLP
611 Anton Boulevard, Suite 1400
11 Costa Mesa, CA 92626-1931
Email: mgrimshaw@rutan.com

12
*Counsel to Party in Interest Biometric*
13 *Payment Solutions*
Paul J. Couchot
14 Winthrop Couchot Professional Corporation
660 Newport Center Drive, 4th Floor
15 Newport Beach, CA 92660
Email: jmartinez@winthropcouchot.com
16
*Counsel to OZ Master Fund, Ltd. and*
17 *Denarius Touch, LLC*
Ben H. Logan
18 Karent Rinehart
O'Melveny & Myers LLP
19 400 South Hope Street
Los Angeles, CA 90071-2899
20 Email: krinehart@omm.com

21 *Counsel for S&H Noteholders*
Thomas R. Kreller, Esq.
22 James E. Till, Esq.
Milbank, Tweed, Hadley & McCloy LLP
23 601 South Figueroa Street, 30th Floor
Los Angeles, CA 90017
24 Email: jtill@milbank.com

25 *Counsel to DataProse, Inc.*
William E. Winfield
26 Nordman Cormany Hair & Compton LLP
1000 Town Center Drive, 6th Floor
27 Oxnard, CA 93036
Email: wwinfield@nchc.com

28

**Served by U.S. Mail (cont'd):**
*Counsel for Special Situations Master Fund*
*Limited and Plainfield West Investments LLP*
Bruce Silverstein, Martin S. Lessner
Michael R. Nestor, Joseph M. Barry
Young Conaway Stargatt & Taylor, LLP
The Brandywine Bldg.
1000 W Street, 17th Flr.
Wilmington, DE 19801

Dianela Del Carmen Nunez Silva
9805 Arbor Oaks Lane, Apt. 302
Boca Raton, FL 33428-2219

Timothy A. Bortz
UC Tax Agent/Bankruptcy Representative
Commonwealth of Pennsylvania
Dept. of Labor & Industry
Reading Bankruptcy & Compliance Unit
625 Cherry Street, Room 203
Reading, PA 19602-1184

Cherie Koster
1900 Sunset Harbour Drive, #1009
Miami Beach, FL 33139

*Counsel to Jefferies & Co.*
Michael Wiles
Maureen Cronin
Rachel Mauceri
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022

Petroleum Wholesale LP
PO Box 4456
Houston, TX 77210

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1068448 v2/SF

ORDER APPROVING RETENTION OF
COOLEY GODWARD KRONISH LLP
CASE NO. 07-20027-TD

1

**Served Electronically (cont'd):**
Robert M Yaspan

2

Law Offices of Yaspan & Thau
21700 Oxnard Street Ste 1750

3

Woodland Hills, CA 91367
Email: tmenachian@yaspanthau.com and

4

rmyaspanlaw@aol.com

5

*Counsel to Highbridge Capital Management*
Alan Z. Yudkowsky

6

Stroock & Stroock & Lavan LLP
2029 Century Park East, Suite 1800

7

Los Angeles, CA  90067-3086
Email:  ayudkowsky@stroock.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Cooley Godward
Kronish LLP
Attorneys At Law
San Francisco

1068448 v2/SF

6.

Order Approving Retention of
Cooley Godward Kronish LLP
Case No. 07-20027-TD