**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| WALTER BEINECKE, III, EAGLIS ALTERNATIVE INVESTMENTS I, LLC, GEOFFREY T. FREEMAN, GRAHAM GUND, HENRY A. JORDAN, JENNIFER C. McNEIL, J. STUART MOORE, and CARL NOVOTNY, TRUSTEE of the S&H NOMINEE TRUST, | ) ) ) ) ) ) ) ) |

08- Civ. 2483 (GBD)

**ELECTRONICALLY FILED**

Plaintiffs,

-against-

S&H MARKETING, INC. f/k/a S&H GREENPOINTS, INC. and THE SPERRY AND HUTCHINSON COMPANY, INC.,

Defendants.

---

## <u>PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA</u>

SULLIVAN & WORCESTER LLP
Andrew T. Solomon (AS 9200)
Pamela Smith Holleman (PH 4465)
1290 Avenue of the Americas
New York, NY 10104
Tel. 212-660-3000
Fax 212-660-3001

*-and-*

Laura Steinberg
Lesley M. Varghese
One Post Office Square
Boston, MA 02109
Tel. 617-338-2800
Fax 617-338-2880
*Counsel to Plaintiffs*

## TABLE OF CONTENTS

**PAGE**

INTRODUCTION                                                              2

SUMMARY OF PERTINENT FACTS                                               4

ARGUMENT                                                                  5

I.    Defendants Are Estopped from Seeking to Transfer This Case to the Central
      District of California                                             5

II.   Defendants Have Not Met Their Burden of Establishing That a Venue
      Transfer Is Warranted                                              8

      A.    This Case Could Not Have Been Brought in the Proposed Transferee      9
            Court

      B.    Convenience and Fairness Favor Keeping This Litigation in New York    10

      C.    The Locus of the Operative Facts and the Location of the Relevant     13
            Evidence Both Point to a New York Forum

      D.    The Remaining Factors All Militate Against a Transfer                 14

CONCLUSION                                                               15

SULLIVAN & WORCESTER LLP
Andrew T. Solomon (AS 9200)
Pamela Smith Holleman (PH 4465)
1290 Avenue of the Americas
New York, NY  10104
Tel. 212-660-3000
Fax 212-660-3001

*-and-*

Laura Steinberg
Lesley M. Varghese
One Post Office Square
Boston, MA  02109
Tel. 617-338-2800
Fax 617-338-2880
*Counsel to Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WALTER BEINECKE, III, EAGLIS ALTERNATIVE INVESTMENTS I, LLC, GEOFFREY T. FREEMAN, GRAHAM GUND, HENRY A. JORDAN, JENNIFER C. McNEIL, J. STUART MOORE, and CARL NOVOTNY, TRUSTEE of the S&H NOMINEE TRUST,<br><br>Plaintiffs,<br><br>-against-<br><br>S&H MARKETING, INC. f/k/a S&H GREENPOINTS, INC. and THE SPERRY AND HUTCHINSON COMPANY, INC.,<br><br>Defendants. | 08- Civ. 2483 (GBD)<br><br>**ELECTRONICALLY FILED** |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA

Plaintiffs Walter Beinecke, III, Eaglis Alternative Investments I, LLC, Geoffrey T.

Freeman, Graham Gund, Henry A. Jordan, Jennifer C. McNeil, J. Stuart Moore, and Carl

1

Novotny, Trustee of the S&H Nominee Trust ("Plaintiffs"), by their attorneys, Sullivan &

Worcester LLP, respectfully submit this opposition to the Motion to Transfer Venue to the

Central District of California ("Motion to Transfer") filed by defendant S&H Marketing, Inc.

("S&H") and defendant The Sperry and Hutchinson Company ("Sperry," together with S&H, the

"Defendants"). In support hereof, Plaintiffs state as follows:

## INTRODUCTION

The Motion to Transfer is Defendants' latest maneuver in a jurisdictional shell game

designed to frustrate and delay adjudication of Plaintiffs' state law claims. This Court should

deny outright the Defendants' Motion to Transfer for the reasons set forth below.

First, as discussed fully in the memorandum supporting Plaintiffs' Motion for Mandatory

Abstention or Equitable Remand ("Motion for Remand"), this litigation should be remanded to

New York state court and the Motion to Transfer denied as moot. The Motion for Remand has

been contemporaneously filed and is incorporated herein by reference. Plaintiffs respectfully

suggest that it should be addressed before the Court turns to the Motion to Transfer.[1]

Second, pursuant to Section 10.5 of the DIP Guaranty Agreement and Section 17 of the

Subordination Agreement[2] that governs the creditor-debtor relationship between the parties,

Defendants have unconditionally and irrevocably agreed to a forum selection clause that

expressly authorizes jurisdiction and venue in New York state court or the United States District

Court for the Southern District of New York.[3] This forum selection clause, discussed *infra*,

---

[1] "[C]ourts faced with pending cross-motions for remand and for change of venue have considered the remand motion first before turning to the venue motion." Renaissance Cosmetics, Inc. v. Oleg Cassini, Inc., 2000 WL 890191 at *2 (S.D.N.Y. July 5, 2000).

[2] Capitalized terms not otherwise defined herein have the meanings set forth in the memorandum supporting Plaintiffs' Motion to Remand (the "Remand Memo").

[3] See Declaration of Ronald R. Sussman in support of Defendants' Motion to Transfer Venue to the Central District of California ("Sussman Decl.") Ex. I (DIP Guaranty Agreement).

strictly prohibits any challenge to the jurisdiction or convenience of such forums. Defendants'
arguments to the contrary are misplaced.

Third, Defendants are estopped from seeking to transfer this litigation to the Bankruptcy
Court in particular, due to having heretofore prevented that very court from adjudicating
Plaintiffs' claims.

Finally, Plaintiffs' choice of venue is entitled to deference as a matter of law. The
controlling forum selection clause renders Defendants' analysis of convenience irrelevant.
Moreover, Plaintiffs could not have brought this action in the proposed transferee court. Should
this Court nonetheless decide to examine convenience factors, the balance of the circumstances
still dictates Plaintiffs' choice of venue. None of the parties to this litigation is resident in or
even maintains an office in California.[4] The potential non-party witnesses are likewise widely
scattered, rather than concentrated in Defendants' proposed forum. Some of the parties to this
litigation will invariably bear the burden and inconvenience of litigating away from their
preferred forum. Defendants' application amounts to nothing more than a request for this Court
to shift that burden to Plaintiffs.

In contrast, Plaintiffs' choice of forum was selected with due consideration of Defendants'
undeniable presence in New York. The summons was successfully served upon Perry Ashley,
General Counsel for Sperry, at Sperry's Rye, New York office.[5] No significant efficiency will
be gained by uprooting this litigation and transplanting it to California. No party to this case has
even cognizable connections to California. Moreover, Plaintiffs have not consented to the entry

_____

[4] See Declaration of Joel R. Carpenter in Support of Plaintiffs' Opposition to Defendants' Motion to
Transfer Venue to the Central District of California ("Carpenter Decl.") filed herewith.

[5] Relevant documents not previously submitted by Defendants accompany the Declaration of Andrew T.
Solomon in support of Plaintiffs' Motion For Abstention and Remand ("Solomon Decl.") filed herewith. Solomon
Decl. Ex. A (Affidavit of Service).

of orders in this case by a bankruptcy judge.[6] For the foregoing reasons, and those set forth

below, the Court should deny the Motion to Transfer.

**SUMMARY OF PERTINENT FACTS**

Solidus is the parent company and, directly or indirectly, the controlling shareholder of

defendant S&H which, in turn, owns the stock of defendant Sperry. Defendants have provided

guarantees as credit support for Solidus' debt to its Senior Lenders. Solidus or its Senior

Lenders have directed the Defendants' fraudulent conveyance of at least two such upstream

guarantees.

In connection with the December 5, 2006 merger of S&H into Solidus, Plaintiffs entered

into a Subordination Agreement, dated as of December 5, 2006, with both Defendants and

Solidus (the "Subordination Agreement").[7] This agreement, which governs the debtor-credit

relationship between the present parties, specifies a New York choice of law and forum selection

provision, which all parties unconditionally accepted.

Between the time of the Solidus - - S&H merger and Solidus' October 31, 2007 bankruptcy

petition, Defendants purportedly executed the first of the two guarantees. The second guarantee

was executed in connection with debtor-in-possession financing obtained for Solidus in its

bankruptcy proceedings in the Central District of California Bankruptcy Court (the "California

Bankruptcy Court"). Notably, although Solidus placed the vast majority of its subsidiaries into

bankruptcy, enabling joint administration of their cases, it deliberately elected *not* to place the

Defendants in bankruptcy. The highly questionable circumstances surrounding Defendants'

purported delivery of both guarantees are detailed in the Remand Memo. The second guarantee

---

[6] Solomon Decl. Ex. D (9027 Statement).

[7] Sussman Decl. Ex. C (Subordination Agreement).

(the "DIP Guaranty Agreement") also contains, in its § 10.15, a forum selection clause and a waiver of all forum non conveniens objections to a New York court's hearing all matters arising thereunder or concerning credit obligations of any party thereto.

In the Solidus bankruptcy proceedings, Plaintiffs filed a Limited Objection dated January 11, 2008, objecting to, *inter alia*, Defendants' furnishing their DIP Guaranty without receipt of fair consideration or reasonably equivalent value.[8]  Plaintiffs also presented their objections orally, at the January 17, 2008 hearing before the California Bankruptcy Court.  In response, Solidus and the Senior Lenders jointly requested that Plaintiffs' claim be disregarded by the California Bankruptcy Court as matters of "state law" between "non-debtors" to be adjudicated elsewhere.[9]

Accordingly, Plaintiffs filed this action in the Supreme Court of New York for New York County on February 19, 2008.  Defendants responded by filing first a Notice of Removal and next their Motion to Transfer Venue to the Central District of California.  In response to the removal petition, Plaintiffs duly filed a Federal Rules of Bankruptcy Procedure 9027(e)(3) statement that they do not consent to the entry of orders for relief of judgment by a bankruptcy judge and followed that with their Motion to Remand.[10]

## ARGUMENT

I.   **<u>Defendants Are Estopped from Seeking to Transfer This Case to the Central District of California</u>**.

A.   <u>Defendants are Judicially Estopped from Seeking a Transfer of Venue</u>.

---

[8] Sussman Decl. Ex. K (Limited Objection of the S&H Noteholders).

[9] Solomon Decl. Ex. C (1/17/08 Hearing Transcript at 98-99; 105-105).

[10] Solomon Decl. Ex. D (9027 Statement).

The principle of judicial estoppel "precludes a party from taking a position in one legal proceeding which is contrary to that which he or she took in a prior proceeding, simply because his or her interests have changed." Festinger v. Edrich, 820 N.Y.S. 2d 302 (App. Div. 2d 2006). On January 17, 2008, Solidus and its Senior Lenders convinced the California Bankruptcy Court that it should <u>NOT</u> adjudicate Plaintiffs' state law claims concerning the DIP Guaranty.[11] During this hearing, Solidus and its Senior Lenders went so far as to assure the California Bankruptcy Court that Plaintiffs' non-bankruptcy rights would remain "<u>unimpacted</u>" by an order approving the DIP Loan. Solidus and the Senior Lenders further acknowledged that challenges to the validity or priority of the S&H entities' obligations to the Senior Lenders <u>might yet be pursued under state law</u>, presumably in another forum. Accordingly, the California Bankruptcy Court did not reach state law questions concerning the validity and enforceability of the underlying guarantees, and the DIP Loan was duly approved without review of Plaintiffs' state law claims concerning the DIP Guaranty Agreement.

Defendants should be bound by the conduct of its parent and the substance of Solidus' statements at the January 17, 2008 hearing. Solidus is in complete control of its wholly-owned subsidiary; its long-time counsel is even representing Defendants here. This Court is entitled to infer that Solidus is directing the defense of its wholly owned subsidiaries. The Lumsden Declaration confirms as much. Further, Solidus' interests remain aligned with that of Defendants in the bankruptcy proceedings.

A party may be judicially estopped by the acts of its privies. Colonial Refrigerated Transp., Inc. v. Mitchell, 403 F.2d 541, 550 (5th Cir. 1968). Defendants are obviously privies of their parent company and, as such, are estopped from denying arguments previously made on

---

[11] Solomon Decl. Ex. G (1/17/08 Hearing Transcript at 98-99; 104-105).

their behalf. Solidus had every opportunity to consider the benefits of having Plaintiffs' claims against its wholly-owned subsidiaries adjudicated before the California Bankruptcy Court and elected to argue against any exercise of such jurisdiction.

B.    <u>Defendants Are Contractually Estopped from Seeking a Change of Venue</u>.

Defendants' removal petition relies heavily on the Subordination Agreement and the DIP Guaranty Agreement. But both those documents contain detailed New York forum selection clauses. With full knowledge of Solidus' ongoing bankruptcy proceedings, Defendants assented to a forum selection clause in the DIP Guaranty Agreement that allowed Plaintiffs to choose the jurisdiction and venue of <u>either</u> the Bankruptcy Court, a New York state court, or the United States District Court for the Southern District of New York for claims arising under that agreement or affecting any of Defendants' monetary obligations.

Moreover, Section 10.15 of the DIP Guaranty Agreement contains a waiver of all forum non conveniens objections to a New York court's hearing matters arising thereunder. Section 10.15 provides in pertinent part that:

> 10.15   CONSENT TO JURISDICTION.  ALL JUDICIAL PROCEEDINGS BROUGHT AGAINST ANY CREDIT PARTY ARISING OUT OF OR RELATING HERETO OR ANY OTHER CREDIT DOCUMENT, OR ANY OF THE OBLIGATIONS, **SHALL BE BROUGHT IN EITHER (I) THE BANKRUPCTY COURT, OR (II) THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK OR, IF THAT COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION, IN ANY STATE COURT LOCATED IN THE CITY OF NEW YORK.** BY EXECUTING AND DELIVERING THIS AGREEMENT, EACH CREDIT PARTY, FOR ITSELF AND IN CONNECTION WITH ITS PROPERTIES, **IRREVOCABLY (A) ACCEPTS GENERALLY AND UNCONDITIONALLY THE JURISDICTION AND VENUE OF SUCH COURTS; (B) WAIVES ANY DEFENSE OF FORUM NON CONVENIENS; . . . .** [Emphasis added.] [12]

---

[12] Sussman Decl. Ex. I (DIP Guaranty Agreement).

Section 17 of the Subordination Agreement contains a similar forum selection clause that includes an irrevocable waiver of Defendants' right to contest jurisdiction and venue in New York courts on the basis of, among other things, "inconvenience," as follows:

Section 17. GOVERNING LAW; JURISDICTION AND VENUE.

(a)    THIS AGREEMENT AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES HEREUNDER SHALL BE CONSTRUED IN ACCORDANCE WITH AND BE GOVERNED BY THE LAW OF THE STATE OF NEW YORK. ANY LEGAL ACTION OR PROCEEDING WITH RESPECT TO THIS AGREEMENT **MAY BE BROUGHT IN THE COURTS OF THE STATE OF NEW YORK OR OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK, AND, BY EXECUTION AND DELIVERY OF THIS AGREEMENT, EACH PARTY HERETO HEREBY IRREVOCABLY ACCEPTS FOR ITSELF AND IN RESPECT OF ITS PROPERTY, GENERALLY AND UNCONDITIONALLY, THE JURISDICTION OF THE AFORESAID COURTS.....**

(b)    **EACH PARTY HERETO HEREBY IRREVOCABLY WAIVES ANY OBJECTION THAT IT MAY NOW OR HEREAFTER HAVE TO THE LAYING OF VENUE OF ANY OF THE AFORESAID ACTIONS OR PROCEEDINGS ARISING OUT OF OR IN CONNECTION WITH THIS AGREEMENT BROUGHT IN THE COURTS REFERRED TO IN CLAUSE (a) ABOVE AND HEREBY FURTHER IRREVOCABLY WAIVES AND AGREES NOT TO PLEAD OR CLAIM IN ANY SUCH COURT THAT ANY SUCH ACTION OR PROCEEDING BROUGHT IN ANY SUCH COURT HAS BEEN BROUGHT IN AN INCONVENIENT FORUM.** [Emphasis added.][13]

The twin forum selection provisions of these agreements leave no room for the Motion to Transfer.

## II.    Defendants Have Not Met Their Burden of Establishing That a Venue Transfer Is Warranted.

Even if Defendants were not estopped from pursuing their Motion to Transfer, they have failed to demonstrate its merits. As a threshold matter, "the defendant who requests a transfer has the burden of establishing that the change in venue is warranted." IDT Worldwide, Inc. v.

---

[13] Sussman Decl. Ex. C (Subordination Agreement).

Supreme Int'l Corp., No. 95 Civ. 4821, 1995 WL 702359, at *1 (S.D.N.Y. Nov. 28, 1995) ("[p]laintiff's choice of forum will be respected when a transfer would merely shift the inconvenience from one party to another").[14] Here, Defendants have not shouldered this heavy burden on their motion to transfer. They merely propose to shift their own alleged inconvenience onto Plaintiffs and nonparty witnesses.

A.    This Case Could Not Have Been Brought in the Proposed Transferee Court.

The district court's inquiry on a motion to transfer is generally two-fold. 28 U.S.C. § 1404(a).[15] First, the court must determine whether the case could have been brought in the district court to which transfer is being sought. Luciano v. Maggio, 139 B.R. 572, 576 (Bankr. E.D.N.Y. 1992) (denying motion to transfer venue to district where debtor's bankruptcy proceedings were pending). Where, as here, an action could not have been brought in the transferee court, the district court should deny outright the motion to transfer venue. See, e.g. Williams v. O'Brien et al., No. 85-Civ-974, 1985 WL 1412 (S.D.N.Y. May 23, 1985).

Plaintiffs could not have brought their case in the California Bankruptcy Court, the proposed transferee court. Claims that are merely "related to" a bankruptcy, without being core claims, may be brought in the district court in the district in which the bankruptcy is pending, 28 U.S.C. § 1409(a), but not in the bankruptcy court. 28 U.S.C. § 157(b)(1). Placing this case in a California federal district court is precluded by the DIP Guaranty Agreement forum selection

---

[14] Defendants corrupt the holding in Northwest Airlines Corp. v. City of Los Angeles, Nos. 05-17930, 07 Civ. 2677, 2008 WL 515667 at *7 (S.D.N.Y. Feb. 27, 2008). In Northwest, the court granted venue transfer because *defendants* met their "significant burden of making a clear and convincing showing that [the] matter should be transferred." Id. at *7. Defendants have turned this holding on its head by citing Northwest for the proposition that Plaintiffs bear an evidentiary burden to demonstrate that a case should not be transferred. The Northwest court unambiguously states that it is the party *seeking* venue transfer that has a "significant burden" of proof.

[15] Second Circuit courts have generally found that § 1412 applies solely to "core" proceedings, and does not apply to "related to" proceedings. Nemsa Establishment, S.A. v. Viral Testing Systems Corp., No. 95-Civ- 0277 1995 WL 489711, at *10 (S.D.N.Y. August 15, 1995).

9

clause, which exclusively authorizes "Bankruptcy Court" or New York (state or federal) courts as permissible venues. As discussed *supra*, just two months ago, Solidus and its Senior Lenders persuaded the California Bankruptcy Court not to hear Plaintiffs' "state law" claims. Hence Plaintiffs could not have brought their clearly non-core claims in the California Bankruptcy Court nor, for that matter, in any bankruptcy court.

      B.     <u>Convenience and Fairness Favor Keeping This Litigation in New York</u>.

      Should the Court determine that this case could have been brought in the proposed transferee court, the Court must next determine whether transfer is appropriate. <u>Orb Factory, Ltd. v. Design Sci. Toys, Ltd.</u>, 6 F. Supp. 2d 203, 208 (S.D.N.Y. 1998). To make that determination, a district court will generally analyze the following: (1) convenience of the witnesses and parties; (2) the locus of operative facts in the case; (3) the location of relevant documents and access to proof; (4) the forum's familiarity with the governing law; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the weight accorded to a plaintiff's choice of forum; and (7) trial efficiency and the interest of justice generally. <u>See Colour & Design v. U.S. Vinyl Mfg. Corp.</u>, No. 04-CIV-8332-MBM 2005 WL 1337864, at *3 (S.D.N.Y. Jun 03, 2005) ; <u>see also</u> 28 U.S.C. § 1404(a); <u>Orb Factory,</u> 6 F. Supp. 2d at 208; <u>Lewis v. C.R.I., Inc.</u>, No. 03 Civ. 651, 2003 WL 1900859, at *2 (S.D.N.Y. Apr 17, 2003) (considering the same factors in a slightly different arrangement).

      A plaintiff's forum selection is given deference. "[A] court should not disturb a plaintiff's choice of forum 'unless the defendants make a clear and convincing showing that the balance of convenience favors defendants' choice.'" <u>Orb Factory,</u> 6 F.Supp. 2d at 208 (citation omitted). After Solidus and its Senior Lenders rebuffed their foray into the California Bankruptcy Court, Plaintiffs resorted to the New York forum dictated by the agreements at issue.

To supplant that choice, Defendants would have to show that the remaining factors weigh heavily in favor of the Central District of California. They have neither bothered nor are able to do so.

After Plaintiffs' choice of forum, the convenience of the parties and non-party witnesses is generally considered the next most important factor in a motion to transfer venue. See, e.g., Telebrands Corp. v. Wilton Indus., Inc., 983 F. Supp. 471, 477 (S.D.N.Y. 1997) (convenience of parties and witnesses and interests of justice did not require transfer of litigation). Here, the convenience of the potential witnesses and parties does not warrant the requested transfer. In order to demonstrate that a transfer is warranted for the convenience of the witnesses, "the motion of the party seeking transfer must specifically list the evidence and witnesses on which the party intends to rely in the transferee district, along with a general statement of the topics of each witness' testimony." See Colour & Design, 2005 WL 1337864, at *4 (quoting Editorial Musical Latino Americana, S.A. v. MAR Int'l Records , Inc. 829 F. Supp. at 62, 66-67) (S.D.N.Y. 1993). Absent such a showing, venue transfer is to be denied. Id. Defendants' conclusory allegations as to the location of witnesses and evidence do not satisfy this requirement. See Motion to Transfer, *passim*.

In their casual discussion of witness convenience, Defendants pay no heed to the convenience of witnesses who are certain. For example, every Plaintiff is either a Massachusetts or Pennsylvania resident. Adjudicating these claims across the country in California is undoubtedly inconvenient from their perspective. Sperry has a significant New York office, where one of its key officers, Perry Ashley, is located. Upon information and belief, Ronald Pederson, President of both S&H and Sperry, resides in Florida. In fact, every relevant

11

individual currently known to the parties is located on the East Coast. There is no viable argument here for California jurisdiction.[16]

Furthermore, no matter which forum hosts this litigation, there will be some witnesses beyond the reach of the court's subpoena power. Because this fact will always be true, it does not affect the venue analysis.[17] Since this potential obstacle exists in both the Central District of California and the Southern District of New York, there is no justification for overturning Plaintiffs' venue preference. See Duncan v. Int'l Bus. Machs., No. 95 Civ. 1785, 1996 WL 720106, at *4 (S.D.N.Y. Dec. 13, 1996) (denying motion to transfer, in part, because key witnesses were located both in New York and in Texas).

"The convenience of the parties does not weigh in favor of transfer where such transfer would merely shift the inconvenience of litigating in a particular forum from one party to the other." Virgin Enters. Ltd. v. Am. Longevity, No. 99 Civ. 9854, 2001 WL 34142402 at *9 (S.D.N.Y. Mar. 1, 2001); see also Colour & Design, 2005 WL 1337864, at *5. When plaintiffs and defendants are scattered geographically, one side or another will inevitably experience inconvenience during depositions and at the time of trial. See Linzer v. EMI Blackwood Music, Inc. 904 F. Supp. 207, 216 (S.D.N.Y. 1995) (where parties were spread between California, New York, Tennessee and parts of New England, transfer to California was not warranted);

---

[16] The fact that Solidus' other subsidiaries and its Senior Lenders are currently embroiled in California bankruptcy litigation is of no moment; none of those entities is a party to this action. Defendants' argument that the convenience of speculative non-party witnesses should prevail over the convenience of the actual parties is just rubbish.

[17] Witnesses will likely come from Massachusetts, Pennsylvania, New York (where Defendant Sperry's Vice-President, Secretary and General Counsel are located), Delaware (where the beneficiaries of the transfer are located), and possibly elsewhere. Thus, this factor does not favor transfer from this District to the Central District of California. Duncan, 1996 WL 720106, at *5 (noting that "any inconvenience to these witnesses would arise only in the event that they are compelled to testify in person. Each party has witnesses who may not be amenable to compulsory trial process and who will not come to testify live in the absence of such process. Witnesses who live outside the boundaries of the court's subpoena power will not be obliged to attend and therefore will not be inconvenienced.").

Telebrands, 983 F. Supp. at 477 ("costs and burdens should not merely be shifted from one party to the other.").

In actuality, it is not at all clear why California is more convenient to Defendants, as opposed to their California parent. Neither of the fraudulent transfers at issue will be scrutinized under bankruptcy law or California state law, and neither will require any special expertise that only the California federal court could provide.

C.    The Locus of the Operative Facts and the Location of the Relevant Evidence Both Point to a New York Forum.

In determining the locus of operative facts, a court must look to the site of events from which the claims arise. There is more than one site for the events relevant to this case. While some of those events took place outside of this jurisdiction, there is not a strong California nexus. The majority of the pertinent actors are located in the eastern United States. This factor therefore cannot be determined in the Defendants' favor.

Due to technological advances, the location of documentary evidence is no longer regarded as significant. See Aerotel, Ltd. v. Sprint Corp., 100 F. Supp. 2d 189, 197 (S.D.N.Y. 2000) ("The location of documents factor is neutral '[i]n today's era of photocopying, fax machines and Federal Express.'") (citation omitted); Distefano v. Carozzi N. Am., Inc., No. 98 CV 7137(SJ), 2002 WL 31640476, at *4 (E.D.N.Y. Nov. 16, 2002) ("modern photocopying technology deprives this issue of practical or legal weight"); Duncan, 1996 WL 720106, at *6 (denying motion to transfer). Defendants have not shown that retaining the litigation in this District would hinder or burden their access to evidence.

To the extent that the physical location of documents remains of any import, the party seeking transfer must make a detailed showing of the burden to be incurred absent transfer. See, e.g., IDT Worldwide, 1995 WL 702359, at *3 (deeming unavailing an argument for transfer

13

based on defendant's bare assertions that its documents were located at its own facility). Accordingly, to the extent that this factor is still relevant in this age of electronic discovery, it weighs against transfer because Defendants have failed to specify any adverse aspects of a New York forum in the documentary context. See Colour & Design, 2005 WL 1337864, at *4. In truth, the question of Defendants' insolvency will be central to discovery in this case. With both Defendants located on the eastern seaboard, the people, documents, and data relevant to this question are likely to be found in that region, and not in California. Defendants cannot show otherwise.

  D. The Remaining Factors All Militate Against a Transfer.

  As previously noted, all parties consented to New York law to govern disputes regarding the relevant agreements and to a New York forum to resolve such disputes. Given the availability of nationwide depositions, limitations on subpoena power are immaterial. In any event, Defendants have not suggested that any potential witnesses might refuse to testify or appear in this case. See, e.g., Colour & Design, 2005 WL 1337864, at *4, citing GPA, Inc. v. Liggett Group, Inc., No. 94 Civ. 5735, 1994 WL 537017, at *2 (S.D.N.Y. Oct. 4, 1994) (declining to find availability of process to compel unwilling witnesses as a factor in favor of transfer where defendant failed to offer evidence that witnesses would be unwilling to travel).

  Finally, there is no evidence that judicial efficiency or the overall interests of justice would be served by granting the requested transfer.

14

## CONCLUSION

If their Motion to Transfer is not deemed moot, Defendants have failed to meet their legally mandated burden of clearly demonstrating that transfer to the Central District of California is warranted under 28 U.S.C. § 1404(a). For the reasons set forth above, Plaintiffs respectfully submit that Defendants' Motion to Transfer Venue to the Central District of California should be denied.


Dated: New York, New York
      March 28, 2007

SULLIVAN & WORCESTER LLP


By: /s/_____
     Andrew T. Solomon (AS 9200)
     1290 Avenue of the Americas, 29th Floor
     New York, NY 10104
     (212) 660-3000

     *Attorneys for Plaintiffs*


*Of counsel*:

Laura Steinberg
Pamela S. Holleman
Lesley M. Varghese
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2800

# TABLE OF AUTHORITIES

## FEDERAL CASES

Aerotel, Ltd. v. Sprint Corp., 100 F. Supp. 2d 189 (S.D.N.Y. 2000) ...........................13

Colonial Refrigerated Transport, Inc. v. Mitchell, 403 F.2d 541 (5th Cir. 1968) ..........................6

Colour & Design v. U.S. Vinyl Manufacturing Corp.,
    2005 WL 1337864 (S.D.N.Y. Jun 03, 2005) .......................................10, 11, 12, 14

Distefano v. Carozzi North America, Inc.,
    2002 WL 31640476 (E.D.N.Y. Nov. 16, 2002)...........................................13

Duncan v. International Business Machines,
    1996 WL 720106 (S.D.N.Y. Dec. 13, 1996) ......................................12, 13

Editorial Musical Latino Americana, S.A. v. Mar International Records, Inc.,
    829 F. Supp. 62 (S.D.N.Y. 1993) ..............................................................11

GPA, Inc. v. Liggett Group, Inc.,
    1994 WL 537017 (S.D.N.Y. Oct. 4, 1994) ...............................................14

IDT Worldwide, Inc. v. Supreme International Corp.,
    1995 WL 702359 (S.D.N.Y. Nov. 28, 1995)..........................................8, 13

Lewis v. C.R.I., Inc., 2003 WL 1900859 (S.D.N.Y. Apr 17, 2003) .............................................10

Linzer v. EMI Blackwood Music, Inc., 904 F. Supp. 207 (S.D.N.Y. 1995) .................................12

Luciano v. Maggio, 139 B.R. 572 (Bankr. E.D.N.Y. 1992) ......................................................9

Nemsa Establishment, S.A. v. Viral Testing Systems Corp.,
    1995 WL 489711 (S.D.N.Y. Aug 15, 1995)..........................................................9

Northwest Airlines Corp. v. City of Los Angeles,
    2008 WL 515667 (S.D.N.Y. Feb. 27, 2008).........................................................9

Orb Factory, Ltd. v. Design Science Toys, Ltd.,
    6 F. Supp. 2d 203 (S.D.N.Y. 1998) .............................................................10

Renaissance Cosmetics, Inc. v. Oleg Cassini, Inc.,
    2000 WL 890191 (S.D.N.Y. July 5, 2000) .............................................................2

Telebrands Corp. v. Wilton Industrial, Inc.,
    983 F. Supp. 471 (S.D.N.Y. 1997) ..........................................................................11, 13

Virgin Enterprises Ltd. v. American Longevity,
    2001 WL 34142402 (S.D.N.Y. Mar. 1, 2001) ....................................................................12

Williams v. O'Brien et al., 1985 WL 1412 (S.D.N.Y. May 23, 1985) ...........................................9

## STATE CASES

Festinger v. Edrich, 820 N.Y.S.2d 302 (App. Div. 2d 2006) ........................................................6

## FEDERAL STATUTES

28 U.S.C. § 1404(a) ..............................................................................................9, 10, 15

28 U.S.C. § 1409(a) .........................................................................................................9

28 U.S.C. § 157(b)(1) ......................................................................................................9