SULLIVAN & WORCESTER LLP
Andrew T. Solomon (AS 9200)
Pamela Smith Holleman (PH 4465)
1290 Avenue of the Americas
New York, NY 10104
Tel. 212-660-3000
Fax 212-660-3001

-and-

Laura Steinberg
Lesley M. Varghese
One Post Office Square
Boston, MA 02109
Tel. 617-338-2800
Fax 617-338-2880
*Counsel to Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WALTER BEINECKE, III, EAGLIS ALTERNATIVE INVESTMENTS I, LLC, GEOFFREY T. FREEMAN, GRAHAM GUND, HENRY A. JORDAN, JENNIFER C. McNEIL, J. STUART MOORE, and CARL NOVOTNY, TRUSTEE of the S&H NOMINEE TRUST,<br><br>    Plaintiffs,<br><br>  -against-<br><br>S&H MARKETING, INC. F/K/A S&H GREENPOINTS, INC. and THE SPERRY AND HUTCHINSON COMPANY, INC.,<br>    Defendants. | 08- Civ. 2483 (GBD)<br><br>**ELECTRONICALLY FILED**<br><br>**DECLARATION OF JOEL R. CARPENTER IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA** |

## DECLARATION OF JOEL R. CARPENTER

  I, Joel R. Carpenter, hereby declare and state as follows:

{B0738055; 2}

1. I am a partner with the law firm of Sullivan & Worcester LLP, attorneys for Plaintiffs Walter Beinecke, III, Eaglis Alternative Investments I, LLC, Geoffrey T. Freeman, Graham Gund, Henry A. Jordan, Jennifer C. McNeil, J. Stuart Moore, and Carl Novotny, Trustee of the S&H Nominee Trust. I submit this Affidavit in opposition to the motion of defendants S&H Marketing, Inc. and The Sperry and Hutchinson Company, Inc. to transfer this action to the United States District Court for the Central District of California. All of the facts set forth herein are known to me either personally or upon information and belief.

2. All of the Plaintiffs in this action are concentrated in the northeastern portion of the United States. Plaintiffs Walter Beinecke, III, J. Stuart Moore, Graham Gund, and Carl Novotny are residents of The Commonwealth of Massachusetts. Plaintiffs Geoffrey T. Freeman, Henry A. Jordan, and Jennifer C. McNeil are residents of The Commonwealth of Pennsylvania. Plaintiff Eaglis Alternative Investments I, LLC is a limited liability company formed in the State of Delaware.

3. Attached is a true and correct copy of the Amended and Restated Certificate of Incorporation certified by the Delaware Secretary of State, as of March 26, 2008, stating that defendant S&H Marketing, Inc., f/k/a S&H Greenpoints, Inc. is a Delaware corporation. On information and belief, S&H has a principal place of business in Delray Beach, Florida.

4. Attached is a true and correct copy of a Certificate of Good Standing, dated March 26, 2008, stating that defendant The Sperry and Hutchinson Company, Inc. is a New Jersey corporation. On information and belief, Sperry has a principal place of business in Delray Beach, Florida and maintains an office in Westchester County, New York.

{B0738055; 2}

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 28, 2008.

Joel R. Carpenter

...

# Delaware

PAGE   1

### The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED ARE TRUE AND CORRECT COPIES OF ALL DOCUMENTS FILED FROM AND INCLUDING THE RESTATED CERTIFICATE OR A MERGER WITH A RESTATED CERTIFICATE ATTACHED OF "S&H MARKETING, INC." AS RECEIVED AND FILED IN THIS OFFICE.

THE FOLLOWING DOCUMENTS HAVE BEEN CERTIFIED:

RESTATED CERTIFICATE, FILED THE FIFTH DAY OF DECEMBER, A.D. 2006, AT 4:42 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE EFFECTIVE DATE OF THE AFORESAID RESTATED CERTIFICATE IS THE FIFTH DAY OF DECEMBER, A.D. 2006, AT 5 O'CLOCK P.M.

3131677   8100X

080358518

You may verify this certificate online
at corp.delaware.gov/authver.shtml

*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State
AUTHENTICATION: 6478388

DATE: 03-26-08

State of Delaware
Secretary of State
Division of Corporations
Delivered 04:42 PM 12/05/2006
FILED 04:42 PM 12/05/2006
SRV 061109700 - 3131677 FILE

# AMENDED AND RESTATED CERTIFICATE OF INCORPORATION
# OF
# S&H GREENPOINTS, INC.

The undersigned, Ron Pedersen, hereby certifies that:

1. He is the duly elected and acting President of S&H Greenpoints, Inc., a Delaware corporation (the "*Company*").

2. The Certificate of Incorporation of this corporation was originally filed with the Secretary of State of Delaware on November 24, 1999 under the name S&H Greenpoints.com, Inc.

3. The Certificate of Incorporation of this corporation shall be amended and restated to read, effective at 5 p.m. Eastern Standard Time on December 5 2006, in full as follows:

### I.

The name of this corporation is S&H Marketing, Inc.

### II.

The address of the registered office of the corporation in the State of Delaware is 1209 Orange Street, City of Wilmington, County of New Castle, State of Delaware 19801, and the name of the registered agent of the corporation in the State of Delaware at such address is The Corporation Trust Company.

### III.

The purpose of this corporation is to engage in any lawful act or activity for which a corporation may be organized under the Delaware General Corporation Law ("*DGCL*").

### IV.

A. This corporation is authorized to issue only one class of stock, to be designated Common Stock. The total number of shares of Common Stock presently authorized is One Thousand (1,000), each having a par value of one-hundredth of one cent ($0.0001).

### V.

A. The management of the business and the conduct of the affairs of the corporation shall be vested in its board of directors (the "*Board of Directors*"). The number of directors which shall constitute the whole Board of Directors shall be fixed by the Board of Directors in the manner provided in the Bylaws.

B. The Board of Directors is expressly empowered to adopt, amend or repeal the Bylaws of the corporation. The stockholders shall also have power to adopt, amend or repeal the

Bylaws of the corporation; provided, however, that, in addition to any vote of the holders of any class or series of stock of the corporation required by law or by this Amended and Restated Certificate of Incorporation, the affirmative vote of the holders of at least a majority of the voting power of all of the then-outstanding shares of the capital stock of the corporation entitled to vote generally in the election of directors, voting together as a single class, shall be required to adopt, amend or repeal any provision of the Bylaws of the corporation.

## VI.

**A.** The liability of the directors for monetary damages shall be eliminated to the fullest extent under applicable law. If the DGCL is amended to authorize corporate action further eliminating or limiting the personal liability of directors, then the liability of a director of the corporation shall be eliminated or limited to the fullest extent permitted by the DGCL, as so amended.

**B.** Any repeal or modification of this Article VI shall be prospective and shall not affect the rights under this Article VI in effect at the time of the alleged occurrence of any act or omission to act giving rise to liability or indemnification.

## VII.

The corporation reserves the right to amend, alter, change or repeal any provision contained in this Amended and Restated Certificate of Incorporation, in the manner now or hereafter prescribed by statute, and all rights conferred upon the stockholders herein are granted subject to this reservation.

## VIII.

The name and the mailing address of the corporation is as follows:

S&H Marketing, Inc.

101 Second Street, Suite 1500

San Francisco, CA 94105

## IX.

**A.** The Company shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative (other than an action by or in the right of the Company) by reason of the fact that he is or was a director, trustee, officer, employee or agent of the Company, or is or was serving at the request of the Company as a director, trustee, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, against expenses (including attorney's fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by him in connection with such action, suit or proceeding if he acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of the Company, and, with respect to any criminal action or proceeding, had no

reasonable cause to believe his conduct was unlawful. The termination of any action, suit or proceeding by judgment, order, settlement, conviction or upon a plea of <u>nolo contendere</u> or its equivalent, shall not, of itself, create a presumption that the person did not act in good faith and in a manner which he reasonably believed to be in or not opposed to the best interest of the Company, and, with respect to any criminal action or proceeding, had reasonable cause to believe that his conduct was unlawful.

      **B.**    The Company shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action or suit by or in the right of the Company to procure a judgment in its favor by reason of the fact that he is or was a director, trustee, officer, employee or agent of the Company, or is or was serving at the request of the Company as a director, trustee, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise against expenses (including attorneys' fees) actually and reasonably incurred by him in connection with the defense or settlement of such action or suit if he acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of the Company and except that no indemnification shall be made in respect of any claim, issue or matter as to which such person shall have been adjudged to be liable to the Company unless and only to the extent that the Court of Chancery of the State of Delaware or the court in which such action or suit was brought shall determine upon application that, despite the adjudication of liability but in view of all the circumstances of the case, such person is fairly and reasonably entitled to indemnity for such expenses with the Court of Chancery of the State of Delaware or such other court shall deem proper.

      **C.**    To the extent that any person referred to in Paragraphs (A) and (B) of this Article IX has been successful on the merits or otherwise in defense of any action, suit or proceeding referred to therein, or in defense of any claim, issue or matter therein, he shall be indemnified against expenses (including attorneys' fees) actually and reasonably incurred by him in connection therewith.

      **D.**    Any indemnification under paragraphs (A) and (B) of this Article IX (unless ordered by a court) shall be made by the Company only as authorized in the specific case upon a determination that indemnification of the director, trustee, officer, employee or agent is proper in the circumstances because he has met the applicable standard of conduct set forth in such paragraphs (A) and (B) of this Article IX. Such determination shall be made (1) by the Board of Directors by a majority vote of a quorum consisting of directors who were not parties to such action, suit or proceeding, or (2) if such a quorum is not obtainable, or, even if obtainable, if a quorum of disinterested directors so directs, by independent legal counsel in written opinion, or (3) by the stockholders.

      **E.**    Expenses (including attorneys' fees) incurred by an office or director in defending any civil, criminal, administrative or investigative action, suit or proceeding shall be paid by the Company in advance of the final disposition of such action, suit or proceeding upon receipt of any undertaking by or on behalf of such director or officer to repay such amount if it shall ultimately be determined that the is not entitled to be indemnified by the Company as authorized in this Article IX. Such expenses (including attorneys' fees) incurred by other employees and agents of the Company may be so paid upon such terms and conditions, if any, as the Board of Directors deems appropriate.

  **F.** The indemnification and advancement of expenses provided by, or granted pursuant to, the other Paragraphs of this Article IX shall not be deemed exclusive of any other rights to which those seeking indemnification or advancement or expenses may be entitled under any statute, by-law, agreement, vote of stockholders or disinterested directors or otherwise, both as to action in his official capacity and as to action in another capacity while holding such office.

  **G.** The Company shall have the power to purchase and maintain insurance on behalf of any person who is or was a director, trustee, officer, employee or agent of the Company, or is or was serving at the request of the Company as a director, trustee, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise against any liability asserted against him and incurred by him in any such capacity, or arising out of his status as such, whether or not the Company would have the power to indemnify him against such liability under the provisions of this Article IX.

  **H.** For purposes of this Article IX, references to "the Company" include, in addition to the resulting Company, any constituent corporation (including any constituent of a constituent) absorbed in a consolidation or merger which, if its separate existence had continued would have had power and authority to indemnify its directors, officers and employees or agents so that any person who is or was a director, trustee, office, employee or agent of such constituent corporation, or is or was serving at the request of such constituent corporation a director, trustee, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, shall stand in the same position under the provisions of this Article IX with respect to the resulting or surviving corporation as he would have with respect to such constituent corporation if its separate existence had continued.

  **I.** For purposes of this Article IX, references to "other enterprises" shall include employee benefit plans; references to "fines" shall include any excise taxes assessed on a person with respect to an employee benefit plan; and references to "serving at the request of the Company" shall include any service as a director, trustee, officer, employee or agent of the Company which imposes duties on, or involves services by, such director, trustee, officer, employee or agent with respect to an employee benefit plan, its participants, or beneficiaries; and a person who acted in good faith and in a manner he reasonably believed to be in the interest of the participants and beneficiaries of an employee benefit plan shall be deemed to have acted in a manner "not opposed to he best interest of the Company" as referred to in this Article IX.

  **J.** The indemnification and advancement of expenses provided by, or granted pursuant to, this Article IX shall, unless otherwise provided when authorized or ratified, continue as to a person who has ceased to be a director, officer, employee or agent and shall inure to the benefit of the heirs, executors and administrators of such a person.

* * *

  The foregoing Amended and Restated Certificate of Incorporation has been duly adopted by this corporation's Board of Directors and stockholders in accordance with the applicable provisions of Sections 228, 242 and 245 of the Delaware General Corporation Law.

IN WITNESS WHEREOF, S&H Greenpoints, Inc. has caused this Amended and Restated Certificate of Incorporation to be signed by its President this 5th day of December, 2006.

**S&H GREENPOINTS, INC.**

By: /s/ Ron Pedersen
Name: Ron Pedersen
Title: President

STATE OF NEW JERSEY
DEPARTMENT OF TREASURY
SHORT FORM STANDING

THE SPERRY AND HUTCHINSON COMPANY, INC.

0100146870

With the Previous or Alternate Name

S & H PROMOTIONAL SERVICES, INC. (Previous Name)
THE SPERRY AND HUTCHINSON COMPANY, INC. (Previous Name)
S&H GREEN STAMPS, INC. (Previous Name)

I, the Treasurer of the State of New Jersey, do hereby certify that the above-named New Jersey Domestic Profit Corporation was registered by this office on August 11, 1981.

As of the date of this certificate, said business continues as an active business in good standing in the State of New Jersey, and its Annual Reports are current.

I further certify that the registered agent and registered office are:

The Corporation Trust Company
820 Bear Tavern Road
West Trenton, NJ 08628



Certification# 111734801

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal at Trenton, this 26th day of March, 2008

R. David Rousseau
Acting State Treasurer

Verify this certificate at
https://www1.state.nj.us/TYTR_StandingCert/JSP/Verify_Cert.jsp