UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WALTER BEINECKE, III, EAGLIS ALTERNATIVE INVESTMENTS I, LLC, GEOFFREY T. FREEMAN, GRAHAM GUND, HENRY A. JORDAN, JENNIFER C. McNEIL, J. STUART MOORE, and CARL NOVOTNY, TRUSTEE of the S&H NOMINEE TRUST,

        Plaintiffs,

-against-

S&H MARKETING, INC. f/k/a S&H GREENPOINTS, INC., and THE SPERRY AND HUTCHINSON COMPANY, INC.,

        Defendants.

08 Civ. 2483 (GBD)

**ELECTRONICALLY FILED**

---

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS' MOTION
TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA**

Gary Svirsky
Peter Herrick
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: 212-326-2000
Facsimile: 212-326-2061
gsvirsky@omm.com
pherrick@omm.com

*Attorneys for Defendants S&H Marketing, Inc. f/k/a S&H Greenpoints, Inc., and The Sperry and Hutchinson Company, Inc.*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT ...................................................................................................................... 2

    POINT I    PLAINTIFFS' ESTOPPEL ARGUMENT HAS NO FOUNDATION IN LAW, THE RECORD, OR IN THE CONTRACTS ON WHICH THEY RELY .............................. 2

        A.    In any event, Defendants cannot be judicially estopped because they have not taken any inconsistent position. ........................ 2

        B.    Plaintiffs may not enforce forum selection clauses from contracts to which they are not parties. ........................................ 4

    POINT II    IN ADDITION TO FUNDAMENTALLY MISUNDERSTANDING THE VENUE STATUTES, PLAINTIFFS DO NOT DISPUTE ANY OF THE FACTS THAT WEIGH HEAVILY IN FAVOR OF TRANSFERRING THE ACTION .............................. 5

CONCLUSION .................................................................................................................... 9

i

## TABLE OF AUTHORITIES

Page

### CASES

*Anadigics, Inc. v. Raytheon Co.*,
   903 F. Supp. 615 (S.D.N.Y. 1995) .................................................................................. 8

*Certain Underwriters at Lloyd's, London v. ABB Lummus Global, Inc.*, 03 Civ. 7248(JGK),
   2004 WL 224505 (S.D.N.Y. Feb. 5, 2004) ..................................................................... 6

*Colonial Refrigerated Transp., Inc. v. Mitchell*,
   403 F.2d 541 (5th Cir. 1968) ........................................................................................... 2

*ComJet Aviation Mgmt. LLC v. Aviation Investors Holdings Ltd.*,
   303 A.D.2d 272, 758 N.Y.S.2d 607 (1st Dep't 2003) ..................................................... 4

*Dayhoff Inc. v. H.J. Heinz Co.*,
   86 F.3d 1287 (3d Cir. 1996) ............................................................................................ 4

*Dunmore v. United States*,
   358 F.3d 1107 (9th Cir. 2004) ......................................................................................... 6

*Empire Volkswagen, Inc. v. World-Wide Volkswagen Corp.*,
   627 F. Supp. 1202 (S.D.N.Y. 1986) ................................................................................ 4

*Enron Corp. v. Arora (In re Enron Corp.)*,
   317 B.R. 629 (Bankr. S.D.N.Y. 2004) ......................................................................... 4, 6

*Festinger v. Edrich*,
   820 N.Y.S. 2d 302, 32 A.D.3d 412 (2d Dep't) ................................................................ 2

*Gates v. Wilkinson*, No. 01 Civ. 3145(GBD),
   2003 U.S. Dist. LEXIS 9417 (S.D.N.Y. June 4, 2003) ................................................... 8

*Gulf States Exploration Co. v. Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.)*,
   896 F.2d 1384 (2d Cir. 1990) .......................................................................................... 6

*In re Eden Associates*,
   13 B.R. 578 (Bankr. S.D.N.Y. 1981) .............................................................................. 4

*In re Gulf Oil/Cities Serv. Tender Offer Litig.*,
   725 F. Supp. 712 (S.D.N.Y. 1989) .................................................................................. 5

*In re Lloyd's Am. Trust Fund Litig.*,
   954 F. Supp. 656 (S.D.N.Y. 1997) .................................................................................. 4

*In re WorldCom, Inc. Sec. Litig.*,
   308 F. Supp. 2d 236 (S.D.N.Y. 2004) .......................................................................... 3, 4

*McCarthy v. Azure*,
   22 F.3d 351 (1st Cir. 1994) ............................................................................................. 4

*McCrory Corp. v. 99¢ Only Stores*,
   160 B.R. 502 (S.D.N.Y. 1993) ........................................................................................ 7

*New Hampshire v. Maine*,
    532 U.S. 742 (2001) .................................................................................................. 3
*Publicker Indus. Inc. v. United States (In re Cuyahoga Equip. Corp.)*,
    980 F.2d 110 (2d Cir. 1992) ...................................................................................... 6
*Transamerica Leasing, Inc. v. Inst. of London Underwriters*,
    430 F.3d 1326 (11th Cir. 2005) ................................................................................. 2
*Uzdavines v. Weeks Marine, Inc.*,
    418 F.3d 138 (2d Cir. 2005) ...................................................................................... 3

## PRELIMINARY STATEMENT

California is at the center of the allegations in this Action because Plaintiffs' claims are directly related to Solidus's bankruptcy proceedings there. Indeed, Plaintiffs do not dispute the following long list of dispositive facts:

- Solidus is currently in chapter 11 bankruptcy proceedings before the Central District of California Bankruptcy Court.[1]

- One of the two guarantees that Plaintiffs challenge in this Action was made in support of Solidus's DIP financing.

- The Bankruptcy Court approved that DIP financing, while reserving judgment on Plaintiffs' objections, which raise the exact same issues as the complaint here.

- Plaintiffs have appeared in the Bankruptcy Court and are also listed as creditors in Solidus's bankruptcy.

- Not a single Plaintiff resides in New York, and Plaintiffs have not alleged a single violation of New York law.

- Defendants' headquarters are in Florida, and Solidus's headquarters are in California.

- Every other relevant non-party is currently embroiled in the Solidus bankruptcy in California.

Given these *uncontested* facts, there is no doubt that the Bankruptcy Court, which has been dealing with these issues for half a year, is best positioned to adjudicate Plaintiffs' claims justly and efficiently. This Court can dispose in short order of Plaintiffs' attempts to obscure that transferring the Action to California is the only rational outcome. First, Plaintiffs' contention that a third-party's arguments can estop another party in a different legal proceeding has absolutely no basis in law. Second, Plaintiffs may not—to suit their own venue choice—enforce forum-selection provisions contained in contracts to which they are not parties.

---

[1] Unless otherwise indicated, all defined terms have the same meaning as in the Memorandum of Law in Support of Defendants' Motion to Transfer Venue to the Central District of California, dated March 13, 2008 (Docket No. 4) [hereinafter Opening Brief].

# ARGUMENT

## POINT I

### PLAINTIFFS' ESTOPPEL ARGUMENT HAS NO FOUNDATION IN LAW, THE RECORD, OR IN THE CONTRACTS ON WHICH THEY RELY.

Plaintiffs contend that the Senior Creditors' or Solidus's arguments in the Bankruptcy Court somehow bind Defendants and estop them from making this motion. Remarkably, while leading with this so-called estoppel argument, Plaintiffs cite absolutely no relevant case law. Rather, Plaintiffs refer *only* to a forty-year-old Fifth Circuit decision in which the court *refused* to judicially estop anyone and a New York Second Department case where the court estopped a party that had *lied* in a prior proceeding and later—that same party—took a directly contrary position.[2] These two cases plainly do not support Plaintiffs' estoppel argument and therefore have no bearing on this motion.

### A. In any event, Defendants cannot be judicially estopped because they have not taken any inconsistent position.

Even if the Senior Creditors' or Solidus's arguments somehow bound Defendants, Plaintiffs cannot—and do not even try to—meet the Second Circuit's three-factor judicial estoppel test, which requires a court to consider whether a party (i) has taken a position that is clearly inconsistent with an earlier position; (ii) has persuaded a court to accept its earlier position so that judicial acceptance of an inconsistent position in a later proceeding would create

---

[2] Plaintiffs' Opposition to Defendants' Motion to Transfer Venue to the Central District of California, at 6 [hereinafter Plaintiffs' Opposition]; *see Colonial Refrigerated Transp., Inc. v. Mitchell*, 403 F.2d 541, 550 (5th Cir. 1968); *Festinger v. Edrich*, 820 N.Y.S.2d 302, 32 A.D.3d 412 (2d Dep't) ; *see also Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 430 F.3d 1326, 1336 n.8 (11th Cir. 2005) (refusing to apply doctrine of judicial estoppel because, among other things, it "only applies to a party that actually made a prior inconsistent statement" and some defendants were not parties to prior litigation).

the perception that either the first or the second court was misled; and (iii) would derive an unfair advantage if not estopped.[3]

*First*, the Senior Creditors and Solidus did not take any position in the Bankruptcy Court that is inconsistent with transferring this Action.[4] Both the Senior Creditors and Solidus made clear that they were "not asking the Court to rule that the guarantees given by [S&H and Sperry] are valid . . . [or] asking the Court to do anything with respect to those [guarantees]."[5] They likewise stated that the Bankruptcy Court should not rule on the guarantees because they were "not before the court."[6] And Plaintiffs' counsel also agreed that the validity of Defendants' guarantees for the DIP financing was a "question of fact" and that there was nothing that would "preclude [the Bankruptcy Court] from determining that down the road."[7] That is exactly what the Action seeks to determine now.

Ultimately, the Bankruptcy Court did not adjudicate the validity of these guarantees one way or the other. But neither Solidus nor the Senior Lenders ever took the position that it would be inappropriate for the Bankruptcy Court to resolve these issues if Plaintiffs challenged them; rather, as of January 2008, these issues had not been challenged and were thus not ripe for adjudication. Since no one has yet asked the Bankruptcy Court to rule on the DIP financing guarantees, Defendants are not advancing an inconsistent position now by seeking to have the

---

[3] *Uzdavines v. Weeks Marine, Inc.*, 418 F.3d 138, 147 (2d Cir. 2005) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001)).

[4] *See In re WorldCom, Inc. Sec. Litig.*, 308 F. Supp. 2d 236, 248 (S.D.N.Y. 2004) ("There must be a true inconsistency between the statements in the two proceedings. If the statements can be reconciled there is no occasion to apply an estoppel.") (citation omitted).

[5] Herrick Decl. Ex. A (Jan. 25, 2008, Hr'g Tr.), at 95:9-13; *see also* Solomon Decl. Ex. C (Jan. 17, 2008, Hr'g Tr.), at 105:1-2 ("[N]on-bankruptcy rights are left unimpacted by this [DIP financing] order.").

[6] Solomon Decl. Ex. C (Jan. 17, 2008, Hr'g Tr.), at 98:16, 104:25-105:2.

[7] Herrick Decl. Ex. A (Jan. 25, 2008, Hr'g Tr.), at iii:18-21 (identifying Plaintiffs' counsel), 94:8-10.

Bankruptcy Court address Plaintiffs' state-law claims.[8] Indeed, bankruptcy courts routinely decide state-law issues.[9]

***Second***, inconsistent results are impossible here because the DIP financing order did not adjudicate Plaintiffs' state-law rights, about which the Bankruptcy Court expressly reserved judgment. And ***third***, Defendants would not gain any unfair strategic advantage by having the Bankruptcy Court—which is familiar with many of the relevant facts and is sensitive to the bankruptcy estate's administration—rule on an issue that would properly be before it.

Of course, Plaintiffs do not even claim that anyone made any arguments in connection with the SPA guarantees that could estop Defendants from making this motion.

### B. Plaintiffs may not enforce forum selection clauses from contracts to which they are not parties.

Plaintiffs also assert that Defendants should be "contractually estopped" from transferring the Action because two contracts to which Plaintiffs are ***not*** parties contain clauses selecting New York courts. But that completely ignores the black-letter rule that a contract may be enforced ***only*** by parties to that contract, absent unique exceptions not present here.[10] This rule applies specifically to forum selection clauses.[11]

---

[8] Even if Solidus made an argument at odds with Defendants' position here, courts in this district limit judicial estoppel's application to inconsistent *factual* assertions, rather than inconsistent legal arguments. *WorldCom*, 308 F. Supp. 2d at 248 (rejecting plaintiffs' attempted use of judicial estoppel because, among other things, defendants' prior statements were legal arguments, not "factual assertion[s]").

[9] *See, e.g., Enron Corp. v. Arora (In re Enron Corp.)*, 317 B.R. 629, 645 (Bankr. S.D.N.Y. 2004) (noting that although Texas law would likely govern issues relating to fraudulent transfer claims, "federal courts routinely apply the law of other jurisdictions"); *In re Eden Associates*, 13 B.R. 578, 582 n.5 (Bankr. S.D.N.Y. 1981) (where there are no federal law concerns, the bankruptcy court must "apply the law to which the forum state . . . would have turned had the suit been filed in state court") (citations omitted).

[10] *Empire Volkswagen, Inc. v. World-Wide Volkswagen Corp.*, 627 F. Supp. 1202, 1212 (S.D.N.Y. 1986) (claim for breach of contract can be brought only by party to contract); *see also McCarthy v. Azure*, 22 F.3d 351, 362 (1st Cir. 1994) ("a contract does not grant enforceable rights to nonsignatories").

[11] *In re Lloyd's Am. Trust Fund Litig.*, 954 F. Supp. 656, 670-72 (S.D.N.Y. 1997) (refusing to permit non-party to enforce forum selection clause); *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1296 (3d Cir. 1996) (forum selection clause can be enforced only by parties to contract); *accord ComJet Aviation Mgmt. LLC v. Aviation Investors Holdings Ltd.*, 303 A.D.2d 272, 272-73, 758 N.Y.S.2d 607, 608 (1st Dep't 2003) (refusing to permit non-party plaintiff to enforce forum selection clause).

Not only the law but also the DIP Guarantee Agreement and the Subordination Agreement on which Plaintiffs rely undermine their estoppel claims. ***First***, the forum selection clause in the DIP Guarantee Agreement expressly provides that it has no third-party beneficiaries: "Nothing in this Agreement, expressed or implied, shall be construed to confer upon any Person (other than the parties hereto . . . ) any legal or equitable right, remedy or claim under or by reason of this Agreement."[12] Because Plaintiffs are not parties to the DIP Guarantee Agreement, they cannot avail themselves of its forum selection clause.[13] ***Second***, the Subordination Agreement's forum selection clause explicitly states that it applies only to disputes "with respect to" that agreement.[14] Because Plaintiffs have brought no claim "with respect to" the Subordination Agreement, that agreement's forum selection clause is a red herring, and therefore has no force, effect, or relevance in this Action.

## POINT II

### IN ADDITION TO FUNDAMENTALLY MISUNDERSTANDING THE VENUE STATUTES, PLAINTIFFS DO NOT DISPUTE ANY OF THE FACTS THAT WEIGH HEAVILY IN FAVOR OF TRANSFERRING THE ACTION.

While Plaintiffs agree that under 28 U.S.C. §1409(a) venue is proper in the district court where a "related to" bankruptcy proceeding is pending, they claim that 28 U.S.C. §157 bars them

---

[12] Sussman Decl. Ex. I (DIP Credit Agreement), at §10.6; *see In re Gulf Oil/Cities Serv. Tender Offer Litig.*, 725 F. Supp. 712, 733 (S.D.N.Y. 1989) ("New York law requires that the parties' intent to benefit a third party must be shown on the face of the agreement. Absent such intent, the third party is merely an incidental beneficiary with no right to enforce the contract.") (internal citations omitted).

[13] Notwithstanding their preference for New York, Plaintiffs concede that the DIP guarantee's forum selection clause would permit them to bring their claims in the Bankruptcy Court. *See* Sussman Decl. Ex. I (DIP Credit Agreement), at §10.15. Plaintiffs nonetheless make a tortuous argument that the DIP guarantee precludes the Central District of California district court from deciding this case. *See* Plaintiffs' Opposition, at 9-10.

[14] Section 17 of the Subordination Agreement provides, in relevant part: ANY LEGAL ACTION OR PROCEEDING *WITH RESPECT TO THIS AGREEMENT* MAY BE BROUGHT IN THE COURTS OF THE STATE OF NEW YORK OR OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK. Sussman Decl. Ex. C (Subordination Agreement), at §17 (emphasis added).

from bringing the Action in California because "related to" claims cannot be "brought" in bankruptcy court.[15] In fact, Section 157 says just the opposite:

> A bankruptcy judge **may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11**. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge . . . .[16]

Not surprisingly, the Second Circuit has interpreted Section 157 to mean exactly what it says.[17] Plaintiffs do not—and cannot—cite any authority to the contrary. As for the factors establishing that the Action is "related to" Solidus's bankruptcy, the facts here easily satisfy the Second Circuit's "any conceivable effect" test.[18] As the Opening Brief explains, Plaintiffs' lawsuit directly affects "the handling and the administration of the bankrupt estate" because it implicates the rights and obligations of Solidus, Defendants, Solidus's senior lenders, and Plaintiffs with respect to the SPA debt and the DIP financing.[19]

Defendants also demonstrate in the Opening Brief that all eight factors that courts consider in deciding change of venue motions—under 28 U.S.C. §§1412 and 1404—weigh heavily in favor of transferring the Action to the California Bankruptcy Court.[20] Tellingly, Plaintiffs do not dispute *any* of the relevant facts.

***Plaintiffs do not dispute that*** (i) one of the two guarantees they challenge was given in support of Solidus's DIP financing; (ii) the Bankruptcy Court is familiar with—and has even

---

[15] Plaintiffs' Opposition, at 9; *see also, e.g., Enron*, 317 B.R. at 637.
[16] 28 U.S.C. §157(c)(1) (emphasis added).
[17] *Gulf States Exploration Co. v. Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.)*, 896 F.2d 1384, 1389 (2d Cir. 1990) (bankruptcy court may hear non-core proceedings); *accord Dunmore v. United States*, 358 F.3d 1107, 1114 (9th Cir. 2004) (same).
[18] *Publicker Indus. Inc. v. United States (In re Cuyahoga Equip. Corp.)*, 980 F.2d 110, 114 (2d Cir. 1992). See generally Opening Brief, at 6-8. Defendants incorporate herein their forthcoming Memorandum of Law in Opposition to Plaintiffs' Motion for Abstention and Remand.
[19] *See Certain Underwriters at Lloyd's, London v. ABB Lummus Global, Inc.*, 03 Civ. 7248(JGK), 2004 WL 224505, at *4 (S.D.N.Y. Feb. 5, 2004) (because state-law claims could result in "string of unfortunate consequences" for bankrupt estate, case belonged in bankruptcy court).
[20] *See* Opening Brief, at 10-14.

considered—many substantive issues in the Action, including the Subordination Agreement between Plaintiffs and Defendants and Solidus's DIP financing, which Defendants guaranteed in exchange for money (from that DIP loan); and (iii) the Bankruptcy Court approved that DIP financing, while reserving judgment on Plaintiffs' objections, which are the exact same issues that the complaint here raises. These are the very facts that lie at the heart of the interests of justice, efficiencies, and operative facts analyses (factors 1, 7 and 8), and they overwhelmingly militate in favor of transfer.[21]

*Plaintiffs do not dispute that* (i) the guarantees' signatories—Thomas Lumsden, Solidus's Chief Restructuring Officer, and Steve Zelinger—are in California; (ii) every other relevant non-party is involved in Solidus's California bankruptcy;[22] and (iii) the relevant Solidus documents are in California. If any testimony should be necessary, Mr. Lumsden (who was authorized by the Delaware Chancery Court to "take possession and control of Solidus Networks, Inc. and its subsidiaries") is familiar with Defendants' operations, the DIP financing, the obligations owed to Solidus's senior lenders, and Defendants' guarantees, while Mr. Zelinger signed the SPA guarantee.[23] These facts confirm that witness convenience, ease of access to sources of proof, and availability of process to compel attendance (factors 3, 4 and 5) point to California.

*Plaintiffs do not dispute that* (i) not one of them resides in New York; (ii) they have not alleged a single violation of New York law; and (iii) Defendants are headquartered in Florida.

---

[21] The eight factors are (1) the place where the operative facts occurred; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the relative ease of access to sources of proof; (5) the availability of process to compel attendance of unwilling witnesses; (6) the plaintiff's choice of forum; (7) a forum's familiarity with the governing law; and (8) trial efficiency and the interests of justice. *McCrory Corp. v. 99¢ Only Stores*, 160 B.R. 502, 507-08 (S.D.N.Y. 1993).

[22] *See, e.g.*, Herrick Decl. Ex. A (Jan. 25, 2008, Hr'g Tr.), at iii:1-iv:18; Solomon Decl. Ex. C (Jan. 17, 2008, Hr'g Tr.), at iii:6-iv:9.

[23] *See* Herrick Decl. Ex. C (Delaware Chancery Court Order), at ¶1; Lumsden Decl. ¶¶5-9; Sussman Decl. Ex. E (Supplement No. 2), at 3.

When all of the relevant parties—particularly Plaintiffs here—are outside New York, it is "not unduly burdensome for the parties to travel" to another district (factor 2).[24] Moreover, Plaintiffs have participated extensively in the Solidus bankruptcy by appearing in Judge Donovan's court, filing objections to the DIP financing order, arguing before the Bankruptcy Court and listing themselves among the estate's creditors.[25] Because the Action is brought by out-of-state Plaintiffs alleging violations of Massachusetts law, this Court should assign no importance to Plaintiffs' choice of forum (factor 6).[26]

In short, Plaintiffs concede the facts establishing that this Action's outcome will directly impact the relationships and relative rights of Solidus's senior creditors, S&H, Sperry, and Plaintiffs. While determining those rights appears to be the complaint's purpose, Plaintiffs insist on pursuing the Action in New York, to which the issues and parties have little or no connection. It is unclear why Plaintiffs are doing so, other than to get as far away as they can from the Bankruptcy Court. This Court should not countenance such brazen forum-shopping.

* * *

Judge Donovan is also familiar with the most recent developments in the bankruptcy, including the March 31, 2008, Asset Sale and Purchase Agreement, under which (i) Solidus's senior lenders assigned nearly all of their senior secured debt to YT Acquisition Corporation ("YT"); (ii) YT acquired nearly all of the Debtors' assets; and (iii) YT released many of its senior secured claims against the Debtors, but not against Defendants.[27] As a result of this transaction, YT owns S&H—which owns Sperry—and S&H and Sperry remain guarantors of

---

[24] *Gates v. Wilkinson*, No. 01 Civ. 3145(GBD), 2003 U.S. Dist. LEXIS 9417, at **14-15 (S.D.N.Y. June 4, 2003).

[25] *See* Herrick Decl. Ex. A (Jan. 25, 2008, Hr'g Tr.), at iii:18-20, 2:2-4, 97:5-10, 97:19-21; Solomon Decl. Ex. C (Jan. 17, 2008, Hr'g Tr.), at iii:22-25; Sussman Decl. Exs. H (List of Solidus bankruptcy creditors), K (S&H Noteholders' Limited Objections to Final DIP Order).

[26] *See, e.g., Anadigics, Inc. v. Raytheon Co.*, 903 F. Supp. 615, 617 (S.D.N.Y. 1995); *see* Compl. ¶¶20, 25, 28, 33, 38, 41.

[27] *See* Herrick Decl. Ex. B (APA), at 1 (Recitals), §8.5.5(d) (Purchaser Release).

the SPA obligations and the Bankruptcy Court-approved DIP financing. Knowledge of this complex agreement will obviously make it more efficient for Judge Donovan—rather than a new judge in New York—to adjudicate Plaintiffs' guarantee-related claims.

## CONCLUSION

In light of the many uncontested facts that support venue in the Central District of California, S&H and Sperry respectfully request that the Court grant this motion.

Dated: New York, New York
       April 14, 2008

O'MELVENY & MYERS LLP

By: _____
   Gary Svirsky
   Peter Herrick
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: 212-326-2000
Facsimile: 212-326-2061
gsvirsky@omm.com
pherrick@omm.com

*Attorneys for Defendants S&H Marketing, Inc. f/k/a S&H Greenpoints, Inc., and The Sperry and Hutchinson Company, Inc.*